UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDWARD PITRE,                                          Civ No: 18-5950

                   Plaintiff,

                                    **COMPLAINT**

     -against-
                                  Plaintiff Demands A
                                  Trial By Jury

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually,
JOHN FIORENTINO individually, and
JOSEPH M. MASTROPIETRO, individually,

                  Defendants.
-----------------------------------------------------------------------X

Plaintiff, EDWARD PITRE (hereinafter referred to as "PITRE" and/or "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY"), Defendant FIRE DEPARTMENT OF THE CITY OF NEW YORK (hereinafter referred to as "FDNY"), Defendant JAN BORODO (hereinafter referred to as "BORODO"), Defendant JOHN FIORENTINO (hereinafter referred to as "FIORENTINO"), and Defendant JOSEPH M. MASTROPIETRO (hereinafter referred to as "MASTROPIETRO"), (hereinafter collectively referred to as "Defendants") upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, The Family and Medical Leave Act of 1993, as amended, ("FMLA"), New York State Human Rights Law Executive Law § 296 et seq. (the "NYSHRL"), the Administrative Code of the City of New York § 8-107 (the "NYCHRL"), as amended by the Restoration Act of 2005, New York Labor Law

1

("NYLL"), Article 6, §§ 190 et seq., and Article 19 of NYLL, and the supporting New York State Department of Labor Regulations and based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, violation of due process rights under the Fourteenth Amendment, violation of the Equal Protection Clause, race and disability discrimination, together with retaliation, hostile work environment, and unlawful termination by his employer.

## JURISDICTION AND VENUE

2.   Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FMLA, 42 U.S.C. §1981, 42 U.S.C. §1983.   The Court also has jurisdiction pursuant to 42 U.S.C. §12101, *et seq.*, 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3.   Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted herein.

4.   Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

5.   Plaintiff is an individual man who is a resident of the State of New York, County of Queens.

6.   At all times material, Defendant CITY was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7.   At all times material, Defendant FDNY was and is a municipal and government and/or

2

mayoral agency, department, bureau or otherwise affiliated with and a subsidiary of CITY and is an employer of the Plaintiff as defined by Section 8-102 of the Administrative Code of the City of New York as well as the Executive Law of the State of New York.

8.   At all times material, Defendant BORODO was and is an employee of CITY and/or FDNY and had supervisory authority over Plaintiff with regard to his employment.

9.   At all times material, Defendant FIORENTINO was an employee of CITY and/or FDNY and had supervisory authority over Plaintiff with regard to his employment.

10.   At all times material, Defendant MASTROPIETRO was an employee of CITY and/or FDNY and had supervisory authority over Plaintiff with regard to his employment.

11.   At all times material, Miguel Correa was an employee of CITY and/or FDNY and was Plaintiff's direct supervisor.

## MATERIAL FACTS

12.   At all times material, Plaintiff was a Communication Electrician for Defendants located at 240 E. 111th Street New York, New York 10029.

13.   Plaintiff started working for Defendants as a Communication Electrician around October 30, 2000.

14.   In or around December 2011, Plaintiff filed a lawsuit (hereinafter referred to as "2011 LAWSUIT") against Defendants CITY, FDNY and FIORENTINO, for discriminating against Plaintiff on the basis of race.   Gregory Seabrook, et al. v. The City of New York, et al., No. 1:11-cv-06174 (E.D.N.Y. filed Dec. 20, 2011).

15.   In or around October 2014, the 2011 LAWSUIT settled and Plaintiff continued to work for Defendants as a Communication Electrician.

16.  Subsequent to the 2011 LAWSUIT, Defendant FIORENTINO called Plaintiff's

3

supervisor every day that Plaintiff was scheduled to work, at 7:01 am to check if Plaintiff arrived to work on time.

17. Prior to the 2011 LAWSUIT, Defendant FIORENTINO did not call Plaintiff's supervisor every day that Plaintiff was scheduled to work to check if Plaintiff started work on time.

18. Defendant FIORENTINO has not and does not call other Communication Electricians supervisors to check if they are arriving on time for work.

19. In or around December 2014, Plaintiff registered for a fifteen (15) week mandatory training with Defendant, FDNY.   Defendant FIORENTINO rearranged the training schedule so that Plaintiff and Defendant FIORENTINO attended training on the same dates.

20. Defendant FIORENTINO subjected Plaintiff to retaliation and a hostile work environment by purposefully positioning his chair during the training to face Plaintiff to keep an eye on Plaintiff and FIOENTINO forced the instructor to mark Plaintiff as "Absent without Leave" when Plaintiff was in fact present.

21. Defendant FIORENTINO did not force the instructor to mark other employees that left a day of the training early as "Absent without Leave."

22. Defendant FIORENTINO discriminated against Plaintiff on the basis of race and retaliated against Plaintiff for filing the 2011 LAWSUIT against Defendants.

23. In or around January 2015, Defendant FIORENTINO indefinitely and unreasonably removed Plaintiff's commuter vehicle privileges.

24. Defendant FIORENTINO had never indefinitely removed driving privileges from any other Communication Electrician before and/or after Plaintiff.

25. Defendant FIORENTINO discriminated against Plaintiff on the basis of race and

4

retaliated against Plaintiff for filing the 2011 LAWSUIT against Defendants.

26. Defendants subjected Plaintiff to a hostile work environment.

27. On or about February 27, 2015, while working for Defendants, Plaintiff fell off the side of a FDNY truck, sustaining multiple injuries to his hand and shoulder.

28. In addition to discriminating against Plaintiff on the basis of his race, Defendants discriminated against Plaintiff on the basis of his disability from the injuries he sustained on February 27, 2015.

29. Defendants also subjected Plaintiff to a hostile work environment on the basis of his disability and refused to provide Plaintiff with a reasonable accommodation.

30. Defendants refused to compensate Plaintiff for time off due to injuries sustained from the February 27, 2015, on the job accident.

31. Defendants denied Plaintiff's discretionary grant request from the CITY after he exhausted his sick and vacation time from the February 27, 2015 accident. Defendants have awarded at least three Caucasian employees a discretionary grant within the past five years.

32. Defendants discriminated against Plaintiff on the basis of his race and disability from the injuries he sustained on February 27, 2015. Defendants also subjected Plaintiff to a hostile work environment on the basis of his disability.

33. In or around April 2015, Defendant FIORENTINO unwarrantedly removed Plaintiff's seniority status without warning or notice. Defendant FIORENTINO told Plaintiff that he didn't have any seniority because everyone hates him.

34. At all times material, Plaintiff had more than twenty years of experience, making him the most senior Communication Electrician of his group of seven FDNY Communication Electricians.

5

35. Defendant FIORENTINO retaliated against Plaintiff for filing the 2011 LAWSUIT against Defendants and discriminated against Plaintiff on the basis of his race and disability.

36. Defendant subjected Plaintiff to a hostile work environment.

37. On or about May 19, 2015, Defendants failed to provide Plaintiff with a reasonable accommodation by denying Plaintiff's request for a transfer to be closer to his doctor for physical therapy treatment. Meanwhile, another employee without a disability was transferred around the same time Plaintiff submitted his request.

38. Defendants discriminated against Plaintiff on the basis of his race and disability and retaliated against Plaintiff for the 2011 LAWSUIT.

39. Furthermore, when Plaintiff attempted to have an interactive dialogue with Defendant FIORENTINO regarding Plaintiff's reasonable accommodation request, Defendant FIORENTINO told Plaintiff "**YOU'RE DISABLED, WHAT DOES IT MATTER**?"

40. Defendants discriminated against Plaintiff on the basis of his race and disability and retaliated against Plaintiff for the 2011 LAWSUIT and for requesting a reasonable accommodation.

41. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

42. On or about May 27, 2015, Defendants unjustifiably gave Plaintiff a series of write–ups. Defendants denied Plaintiff's requests for a union representative to assist with addressing these inaccurate write-ups, forcing Plaintiff to sign the write-ups.

43. Defendants discriminated against Plaintiff on the basis of his race and disability and retaliated against Plaintiff for the 2011 LAWSUIT and for requesting a reasonable

accommodation.

44. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

45. On or about July 31, 2015, Plaintiff's immediate supervisor, Miguel Correa gave Plaintiff an accurate performance evaluation that contradicted Defendants' write-ups against Plaintiff.   Defendants reprimanded Miguel Correa for giving Plaintiff an accurate and good performance evaluation that contradicted Defendants write-ups.

46. On or about August 3, 2015, Defendant FIORENTINO, unjustifiably instructed Plaintiff's direct supervisor, Miguel Correa, in an email, copying Defendants MASTROPIETRO and BORODO, that Plaintiff was not to leave his Borough for any reason during work hours.

47.  Defendants discriminated against Plaintiff on the basis of race and disability.

48. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability

49.  Defendants and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability.

50. At that same time, Defendants removed/deleted Plaintiff's accrued vacation time. Plaintiff's supervisor and management were unable to explain to Plaintiff why his accrued vacation time was removed/deleted.

51. Defendants did not remove any other Communication Electrician's accrued vacation time.

52.  Defendants discriminated against Plaintiff on the basis of race and disability.

53.  subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability.

54.  On or about August 31, 2015 Plaintiff provided Defendants with a doctor's note stating Plaintiff was to undergo shoulder surgery on September 11, 2015 for the multiple injuries he sustained while working for Defendants.

55.  Defendants failed to inform Plaintiff of his rights and eligibility to take Family and Medical Leave ("FMLA").

Upon information and belief, Plaintiff was eligible to take medical leave in accordance with the FMLA.

56.  On or about September 14, 2015, Defendants unjustifiably terminated Plaintiff's medical insurance benefits and prevented the worker's compensation board from issuing payments to Plaintiff for the injuries he sustained while working for Defendants.

57.  Defendants discriminated against Plaintiff on the basis of race and disability, subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability.

58.  In or around November, 2015, Defendants denied Plaintiff's request to return to work on light duty.   Defendants have granted similarly situated employees with light duty positions.

59.  Defendants again refused to provide Plaintiff with a reasonable accommodation and failed to inform Plaintiff of his rights and eligibility to take FMLA.

60.  Upon information and belief, Plaintiff was eligible to take medical leave in accordance with the FMLA.

61.  Defendants discriminated against Plaintiff on the basis of race and disability, subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability.

62.  Due to Defendants refusal to provide Plaintiff with a reasonable accommodation, on or

8

about February 29, 2016, Plaintiff was forced to apply for early disability retirement.

63. On or about October 7, 2016 Defendants wrongfully terminated Plaintiff for his absences and inability to the duties of his position for a one period; however this was merely pretextual because they never gave him the opportunity to work after his September 11, 2015 surgery with a reasonable accommodation or gave him the opportunity to take FMLA.

64. Defendants blatantly discriminated against Plaintiff on the basis of his disability.

65. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

66. Defendants blatantly retaliated against Plaintiff on the basis of his disability and 2011 LAWSUIT.

67. Defendants subjected Plaintiff to an adverse employment action on the basis of his disability.

68. As a result of Defendants' actions, Plaintiff felt extremely degraded, victimized, and emotionally distressed.

69. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continue to suffer severe emotional distress and physical ailments.

70. As a result of the acts and conduct complained of herein, Plaintiff suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.   Plaintiff also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

71. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

72.  Plaintiff seeks reinstatement to his position with Defendants CITY and FDNY.

73.  The above are just some of the examples of the pattern and practice of unlawful,

discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATIONS OF THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
## (AGAINST ALL DEFENDANTS)

74.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Amended Complaint as if set forth more fully herein.

75.  §2612 of the Family Medical Leave Act states in pertinent part:

(a) In general

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

76.  Defendants violated Plaintiff's FMLA rights by failing to provide him with appropriate

leave thereunder.

77.  At all times material and as evidenced herein, LENNON was Plaintiff's employer.

78.  Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the FMLA.

79.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION AND INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
## (AGAINST ALL DEFENDANTS)

80.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

81.  § 2615 of the FMLA states as follows:

Prohibited acts

(a) Interference with rights

    (1) Exercise of rights
        It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this   subchapter.

    (2) Discrimination
        It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice       made unlawful by this subchapter.

82.  Defendants unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise his rights under the above section.

83.  At all times material and as evidenced herein, FDNY was Plaintiff's employer.

84.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER

## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

86. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

87. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his disability and race.

88. At all times material and as evidenced herein, FDNY was Plaintiff's employer.

89. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

92. New York State Executive Law § 296 (7) provides that it shall be an unlawful

discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article".

93. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

94. At all times material and as evidenced herein, FDNY was Plaintiff's employer.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

97. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

98. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

99. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

100. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth more fully herein.

101. The Administrative Code of City of NY § 8-107 [1] provides that:

"It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

102. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's race and disability.

103. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

104. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

106. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because

14

such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter. The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, housing or a public accommodation or in a materially adverse change in the terms and conditions of employment, housing, or a public accommodation, provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

107. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

108. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<u>**AS A SEVENTH CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**THE NEW YORK CITY ADMINISTRATIVE CODE**</u>
<u>**(AGAINST ALL DEFENDANTS)**</u>

109. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth more fully herein.

110. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be

unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

111. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

112. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

113. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

114. The New York City Administrative Code Title 8, § 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

115. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINETH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

116. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth more fully herein.

117. The New York City Administrative Code Title 8, § 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

118. Defendants CITY and FDNY are liable for the discriminatory conduct of FIORENTINO, MASTROPIETRO, and BORODO.

119. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<u>**AS A TENTH CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER FEDERAL LAW 42 U.S.C. §1983 FOR**</u>
<u>**(AGAINST ALL DEFENDANTS)**</u>

120. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

121. Plaintiff claims Defendants violated 42 U.S.C. § 1983, which states in pertinent part:

122. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

123. The Fourteenth Amendment of the United States Constitution states in relevant part that "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

124. Defendants denied Plaintiff equal protection of the laws by discriminating against him on the basis of her disability.

## AS AN ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER FEDERAL LAW 42 U.S.C. §1981 (AGAINST ALL DEFENDANTS)

125. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

126. Plaintiff claims Defendants violated 42 U.S.C. § 1981, which states in relevant part:

18

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

127. Plaintiff, as a member of the hispanic race, was discriminated against by Defendants because of his race as provided under 42 U.S.C. § 1981 and has suffered damages as set forth herein.   Plaintiff also claims unlawful retaliation under 42 U.S.C. § 1981 for his opposition to Defendants' unlawful employment practices.

## AS A TWELVTH CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES WHEN DUE,
## N.Y. LAB. L. § 195

128. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

129. Defendants failed to pay Plaintiff all wages and overtime wages, for the hours worked for Defendants. The NYLL requires that wages be paid on an employee's regular payday for all hours worked.

130. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## AS A THIRTEENTH CAUSE OF ACTION
## FOR VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

131. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

132. Defendants failed to keep employee-specific records documenting, inter alia, actual hours worked in each week, in violation of New York Labor Laws §§195 and 661; 12

NYCRR 142-2.6.

133. Defendants failed to furnish statements with pay and hour information to Plaintiff, in violation of 12 NYCRR 142-2.7.

134. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

**AS A FOURTEENTH CAUSE OF ACTION**
**FOR OVERTIME WAGES**
**UNDER NEW YORK LABOR LAW**

135. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

136. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Wage Regulations, specifically NYCRR Labor Section 138 et seq., in addition to New York Labor Law §§ 2 and 651.

137. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week at a wage rate of one and half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of N.Y.C.R.R. 137-1.3.

138. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

139. Defendants also failed to pay Plaintiff an additional amount for hours worked in excess of 10 hours per day.

140. Due to Defendants New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, including interest in accordance with NY Labor Law §1981(1-a).

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and reinstatement to his position, and for such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury trial on all issues to be tried.

Dated:   June 29, 2018
         New York, New York

                    DEREK SMITH LAW GROUP, PLLC
                    *Attorneys for Plaintiff*

      By:       /s/ Melissa Mendoza
                    Melissa Mendoza, Esq.
                    One Pennsylvania Plaza, Ste 4905
                    New York, New York 10119
                    (212) 587-0760

## CERTIFICATE OF SERVICE

I, Melissa Mendoza, hereby certify that on June 29, 2018 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Melissa Mendoza*
_____

MELISSA MENDOZA