

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2021

**T**HE **C**ITY OF **N**EW **Y**ORK
**GEORGIA M. PESTANA**            **LAW DEPARTMENT**                    **NICHOLAS GREEN**
*Corporation Counsel*              100 CHURCH STREET              Assistant Corporation Counsel
                                   NEW YORK, NY 10007            Labor & Employment Law Division
                                                                        Phone: (212) 356-2445

August 25, 2021

**By Email to: ChambersNYSDMarrero@nysd.uscourts.gov**
Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 1040
New York, New York 10007

        Re: <u>Pitre v. City of New York, et al.</u>
            18-CV-5950(VM)(DCF)

Dear Judge Marrero:

      I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, and attorney for Defendants in the above-referenced action. I write to respectfully request a 30 day extension of Defendants' time to file a motion for summary judgment from September 6, 2021 to October 6, 2021. This is Defendants' first request for an extension of this deadline.

      This extension is necessary as the thirty--day period required by F.R.C.P. 30(e)(1) to allow Defendant deponents to review their deposition transcripts has not expired, and additional time is required for this review and to incorporate any errata in Defendants' motion. Additionally, as of the writing of this letter Plaintiff has not completed review of the transcript of his deposition, without the final version of which Defendants cannot complete their motion. Plaintiff has refused to consent to this extension, arguing in essence that he believes Defendants' motion is frivolous, should be resolved by stipulation and that Defendants have acted to delay the progression of this matter.

      Defendants have not sought to delay this matter, and would not be seeking this extension had Plaintiff not delayed the scheduling of the parties' depositions. Defendants sought to schedule Plaintiff's deposition at least as early as February 4, 2021, at which time there were no outstanding discovery requests from Plaintiff. Defendants asked that Plaintiff provide dates for Plaintiff's availability, to which counsel for Plaintiff failed to respond. When Plaintiff did respond, on or about May 4, 2021, Plaintiff's counsel refused to schedule Plaintiff's deposition until alleged deficiencies were resolved with respect to Plaintiff's March 2021 discovery requests

made in the interim. Defendants sought to resolve these alleged deficiencies, providing additional documents and a written proposal for resolution of Plaintiff's objections as early as May 7, 2021. Plaintiff continued to delay. After the stay of discovery had been lifted, on July 6th, 9th, and 19th 2021 Defendant sent Plaintiff's counsel emails seeking Plaintiff's availability for deposition, and ultimately noticing Plaintiff's deposition for July 29, 2021. In each of these emails Defendants also requested Plaintiff provide dates for Defendants' depositions, noting this Court's order denying any further extensions of discovery. After numerous follow up emails Plaintiff's counsel finally responded on July 22, 2021 indicating he would attempt to confirm Plaintiff's availability. Plaintiff provided proposed dates for Defendants' depositions on July 29, 2021, seven days before the close of discovery. Defendants also rescheduled Plaintiff's deposition twice for Plaintiff's convenience, first to July 30th and then to August 3, 2021. Defendants did everything they could both to accommodate Plaintiff and to ensure the smooth and orderly progression of this matter through discovery, including consenting to an extension of Plaintiff's time to respond to Defendants' discovery requests which amounted to far longer than thirty days. Plaintiff's representations regarding Defendants' delay are disingenuous at best.

Defendants intend to move for summary judgment on all of Plaintiff's claims, which Defendants made clear in conversation with Plaintiff's counsel. Plaintiff's counsel did not indicate there were any specific claims which Plaintiff intended or would consent to withdraw, and clearly indicated it was Plaintiff's position that Plaintiff's claims would survive. It is therefore both unclear what Plaintiff proposes to stipulate to, and unclear how a stipulation could resolve Defendants' motion. Further, Plaintiff's baseless contention that a contemplated motion would be futile ignores clear evidence with respect to each of Plaintiff's claims. By way of example, Plaintiff asserts claims that he was denied benefits and retaliated under the Family Medical Leave Act. Yet Plaintiff admitted at deposition he was told by Defendant Jan Borodo through Plaintiff's direct supervisor Miguel Correa that Plaintiff should make a request under the FMLA when Plaintiff planned to take leave for surgery. Further, Plaintiff admits he never made an FMLA request and laughed at the suggestion that he take FMLA leave, describing it as "incompetence." This is just one of the egregious instances where Plaintiff's baseless claims fall apart upon a closer examination of the evidence. Defendants will outline every instance in their motion. Defendants believe it would be more efficient to simply brief the motion, as Plaintiff's claims will not survive summary judgment. However, to do so Defendants require the complete version of all deposition transcripts, and therefore request a brief extension of time.

Plaintiff's position with respect to Defendants' request is listed in the paragraph below:

Plaintiff declines to consent to this extension as it is unavoidably clear that there are numerous disputed material facts in this litigation, thus Defendants' contemplated motion for summary judgment will not be dispositive of this lawsuit and is frivolous and undertaken solely for the sake of engaging in unnecessary motion practice, which constitutes an impermissible waste of litigation and judicial resources. Plaintiff has made a good-faith offer to discuss stipulating to dismissing any potential claims or individual defendant which/who Defendants believe may be particularly vulnerable to dismissal on a motion for summary judgement, in order to avoid the unnecessary delay and litigation resources that will be wasted on Defendant's contemplated doomed, unnecessary and frivolous motion practice. Defendant has declined to engage in any such discussions regarding potential stipulations to expeditiously move this matter

forward, and has expressed a dogged determination to engage in motion practice simply for the sake of doing so.  The delays in this case have been attributable solely to the rotating cast of defense counsel during the litigation of this matter, thus further delay related to Defendants' contemplated frivolous motion will unduly prejudice Plaintiff. Accordingly, Plaintiff cannot consent to Defendant's request.  Plaintiff requests a pre-motion conference with Your Honor in advance a ruling on this application.

        Defendants thank the Court for its consideration of this request.

/s/ Nicholas Green
Nicholas Green
Assistant Corporation Counsel

cc:  Seamus P. Barrett, Esq. (By Electronic Mail)
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, NY 10119
Seamus@dereksmithlaw.com

---

Request **DENIED**. Defendants' request for an extension is denied, pending the exchange of premotion letters pursuant to Rule II.A of the Court's individual rules of practice, and the Court's review of them.

**SO ORDERED.**

August 27, 2021

Victor Marrero
U.S.D.J.

3