

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAUREN F. SILVER**
Assistant Corporation Counsel
Phone: (212) 356-2507
E-mail: lasilver@law.nyc.gov
*E-mail and Fax Not For Service*

August 30, 2023

**By ECF**
Honorable Denny Chin
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:  <u>Pitre v. City of New York, et al.</u>, 18-CV-5950 (DC)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. I write respectfully to inform the Court that Defendants' could not file a joint request to charge, *voir* dire, and verdict sheet due to Plaintiff's failure to meaningfully participate in the creation of these documents. Accordingly, Defendants have filed their own proposed requests to charge, *voir* dire, and verdict sheet.

Trial in this matter is scheduled to begin on September 25, 2023. The Honorable Victor Marrero's individual rules of practice requires parties to file, 30 days prior to a trial date, a joint pretrial order ("JPTO"), joint request to charge, joint *voir* dire, and a joint verdict sheet.

On August 11, 2023, Counsel for Defendants were made aware that Defendant Fiorentino had passed away on August 10, 2023, and immediately filed a suggestion of death to the docket. (Dkt. No. 82). The undersigned emailed Plaintiff's Counsel, Mr. Seamus Barrett, and both parties spoke on the telephone on August 16, 2023. Mr. Barrett informed the undersigned that he was on bereavement leave. The undersigned told Plaintiff's Counsel that the Defendants would consent to an adjournment based on Defendant Florentino's death and Mr. Barrett's bereavement leave. Mr. Barrett stated that he wished to proceed with trial on September 25, 2023. Accordingly, on August 18, 2023, the undersigned emailed Mr. Barrett a proposed JPTO, jury instructions, and verdict sheet. The proposed *voir* dire questions were sent to Mr. Barrett on December 19, 2022.

On August 21, 2023, the undersigned emailed Mr. Barrett to confirm that the trial would begin on September 25, 2023, and that Plaintiff would be dismissing the action with respect to Defendant Fiorentino. Mr. Barrett answered in the affirmative and asked the undersigned to submit a joint letter to Judge Marrero. The undersigned drafted the letter and sent the letter to Mr. Barrett for review. That letter was filed on August 22, 2023. (Dkt. 86).

On August 23, 2023, the undersigned emailed Mr. Barrett to ask when Defendants would receive edits to the proposed JPTO, jury instructions, and verdict sheet. The undersigned did not hear back from Mr. Barrett. On August 25, 2023, the undersigned emailed Mr. Barrett again and stated that Defendants had not heard back from Mr. Barrett and, since the documents were due that day, that Defendants intended to file the documents with the Court. Mr. Barrett responded that he needed an extension until Wednesday, August 30, 2023, which the undersigned consented to.

On August 29, 2023, Mr. Barrett told the undersigned that he would send his edits to the proposed documents by the end of the day. The undersigned did not receive the edits. On that same date, at approximately 6:30 p.m., Mr. Barrett emailed the undersigned and stated he would send the edits the next morning. In response, the undersigned asked Mr. Barrett to send edits by noon today. The undersigned did not receive any edits to the documents by noon today. Accordingly, today, at approximately 1:00 p.m., the undersigned emailed Mr. Barrett and stated that the undersigned planned to file the documents by 2:00 p.m. Mr. Barrett responded by saying that he objected to the undesigned filing the documents by the 2:00 p.m. deadline given by the undersigned. In response, the undesigned gave Mr. Barrett until 3:00 p.m. to send edits to the proposed pretrial documents. At approximately 2:30 p.m., Mr. Barrett sent the undersigned edits to the JPTO. However, Defendants have not received any edits to the proposed jury instructions, *voir* dire, or verdict sheet.

Given Plaintiff's failure to meaningfully participate in the crafting of the pretrial documents, Defendants were left with no choice but to file their own proposed pretrial documents in order to comply with the due date for these documents.

We thank the Court for its attention in this matter.

Respectfully Submitted,

*s/ Lauren F. Silver*

Lauren F. Silver
Assistant Corporation Counsel

cc:     Counsel of Record (By ECF)