18 CV 5950(DC)(DCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD PITRE,

Plaintiff,

-against-

THE CITY OF NEW YORK, FIRE
DEPARTMENT OF THE CITY OF NEW
YORK, JAN BORODO, individually, JOHN
FIORENTINO, individually, and JOSEPH M.
MASTROPIETRO, individually,

Defendants.

## DEFENDANTS' PRE-TRIAL
## MEMORANDUM OF LAW

# HON. SILVIA O. HINDS-RADIX

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-176
New York, N.Y.  10007-2601

Of Counsel: Stephen Suhovsky
Tel: (212) 356-1177
E-mail: ssuhovsk@law.nyc.gov

Of Counsel: Lauren Silver
Tel: (212) 356-2507
E-mail: lasilver@law.nyc.gov

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ ii

A.   Defendants' Objection to Proceeding to Trial on All Claims.................................... 1

B.   Issues to Be Tried .................................................................................................... 5

      1.   Plaintiff's FMLA Interference Claim ................................................ 5

      2.   Plaintiff's FMLA Retaliation Claim.................................................. 7

      3.   Plaintiff's Disability and Race Discrimination Claims Under the NYCHRL and NYSHRL .............................................. 8

      4.   Plaintiff's Failure to Accommodate Claims Under the NYCHRL and NYSHRL ................................................................ 9

      5.   Plaintiff's Hostile Work Environment Claims Under the NYCHRL ........................................................................................ 11

      6.   Plaintiff's NYCHRL and NYSHRL Retaliation Claims .............................. 11

      7.   Plaintiff's Employer Liability Claims Under the NYCHRL ........................................................................................ 12

      8.   Plaintiff's Aiding and Abetting Claims Under the NYSHRL and NYCHRL ............................................................. 12

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                          <u>Pages</u>

<u>Bivens v. Inst. for Community Living</u>,
    2016 U.S. Dist. LEXIS 13538
    (S.D.N.Y. Feb. 3, 2016)..........................................................................................9

<u>Brown v. City of New York</u>,
    622 F. App'x 19 (2d. Cir. 2015) ...........................................................................3-4

<u>Brown v. New York City Dep't of Educ.</u>,
    2022 U.S. Dist. LEXIS 171884
    (S.D.N.Y. Sept. 1, 2022)......................................................................................10

<u>Clark County Sch. Dist. v. Breeden</u>,
    532 U.S. 268 (2001)............................................................................................3, 4

<u>Cunningham v. Consolidated Edison, Inc.</u>,
    2006 U.S. Dist. LEXIS 22482
    (E.D.N.Y. 2006)......................................................................................................3

<u>Davis v. Power of Auth. of New York</u>,
    19-CV-792 (KMK), 2022 U.S. Dist. LEXIS 20126
    (S.D.N.Y. Feb. 2, 2022)..........................................................................................7

<u>Di Giovanna v. Beth Israel Med. Ctr.</u>,
    651 F. Supp. 2d 193 (S.D.N.Y. 2009)..................................................................7-8

<u>Forrester v. Corizon Health, Inc.</u>,
    752 F. App'x 64 (2d Cir. 2018) ............................................................................12

<u>Harper v. Brooklyn Children's Ctr.</u>,
    12-CV-4545 (SJF) (GRB), 2014 U.S. Dist. LEXIS 37649
    (E.D.N.Y. Mar. 20, 2014)........................................................................................4

<u>Hollander v. American Cyanamid Co.</u>,
    895 F.2d 80 (2d Cir. 1990)......................................................................................3

<u>Kim v. Columbia Univ.</u>,
    460 F. App'x 23 (2d Cir. 2012) ..............................................................................4

<u>Kim v. Goldberg</u>,
    862 F. Supp. 2d 311 (S.D.N.Y. 2012).....................................................................7

<u>Kwan v. Andalex Group, L.L.C.</u>,
    737 F.3d 834 (2d Cir. 2013)..................................................................................11

**Cases**                                                                                          **Pages**

Lazzari v New York City Dep't of Parks & Rec.,
    751 F. App'x 100 (2d Cir. 2018) ...............................................................................10

Marcus v. Leviton Mfg. Co.,
    661 F. App'x 29 (2d Cir. 2016) ..................................................................................9

Mejia v. City of New York,
    17-CV-2696 (NGG) (JO), 2020 U.S. Dist. LEXIS 95659
    (E.D.N.Y. May 30, 2020) ...........................................................................................8

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013)........................................................................................9

Millea v. Metro-North R.R.,
    658 F.3d 154 (2d Cir. 2011)........................................................................................8

Murray v. Visiting Nurse Servs. of New York,
    528 F. Supp. 2d 257 (S.D.N.Y. 2007)........................................................................4

Nazario v. Promed Personnel Servs. New York, Inc.,
    2017 U.S. Dist. LEXIS 94877
    (S.D.N.Y. June 19, 2017)......................................................................................9, 10

Olabopo v. Gomes,
    2016 U.S. Dist. LEXIS 134521
    (E.D.N.Y. Sept. 28, 2016)...........................................................................................2

Pattanayak v. Mastercard Inc.,
    2022 U.S. Dist. LEXIS 100858
    (S.D.N.Y. June 6, 2022)............................................................................................11

Petway v. City of New York,
    02 Civ. 2715 (NGG) (LB), 2005 U.S. Dist. LEXIS 37783,
    2005 WL 2137805 (E.D.N.Y. Sept. 2, 2005) ...........................................................3

Pierre v. City of New York,
    17-CV-5782 (JGK), 2020 U.S. Dist. LEXIS 11543
    (S.D.N.Y. Jan. 21, 2020).....................................................................................11, 13

Porter v. New York Univ. Sch. of Law,
    392 F.3d 530 (2d Cir. 2004).......................................................................................6

Rivera v. Crowell & Moring L.L.P.,
    14-CV-2774 (KBF), 2016 U.S. Dist. LEXIS 21622
    (S.D.N.Y. Feb. 18, 2016) ...........................................................................................6

**<u>Cases</u>**                                                                                    **<u>Pages</u>**

<u>Russell v. Aid to Developmentally Disabled, Inc</u>.,
    17-3417, 2018 U.S. App. LEXIS 29293
    (2d Cir. Oct. 18, 2018) ................................................................................8

<u>Sams v. New York City Hous. Auth</u>.,
    2012 N.Y. Slip Op. 30387(U)
    (Sup. Ct. New York Cty. 2012) ...................................................................3

<u>Sass v. MTA Bus Co</u>.,
    6 F. Supp. 3d 238 (E.D.N.Y. 2014) ..........................................................12

<u>United States v. City of New York</u>,
    683 F. Supp. 2d 225 (E.D.N.Y. 2010) .........................................................2

<u>Vance v. Ball State Univ</u>.,
    570 U.S. 421 (2013) ....................................................................................11

<u>Vangas v. Montefiore Med. Ctr</u>.,
    823 F.3d 174 (2d Cir. 2016) .....................................................................9, 10

<u>Warheit v. City of New York</u>,
    02 Civ. 7345 (PAC), 2006 U.S. Dist. LEXIS 58167,
    2006 WL 2381871 (S.D.N.Y. Aug. 15, 2006) .........................................2, 3

<u>Watkins v. New York City Tr. Auth</u>.,
    2020 U.S. Dist. LEXIS 67911
    (S.D.N.Y. Apr. 16, 2020) ....................................................................9, 11, 12

<u>Woods v. START Treatment & Recovery Ctrs., Inc</u>.,
    864 F.3d 158 (2d Cir. 2017) .........................................................................8

<u>Woolf v. Bloomberg L.P</u>.,
    16-CV-6953 (PKC), 2019 U.S. Dist. LEXIS 35082
    (S.D.N.Y. Mar. 5, 2019) ..............................................................................7

<u>Young v. Town of Islip</u>,
    13-CV-4713 (ADS) (ARL), 2017 U.S. Dist. LEXIS 188115
    (E.D.N.Y. Nov. 13, 2017) .............................................................................9

**<u>Statutes</u>**

29 C.F.R. § 825.303 ...........................................................................................6, 8

29 U.S.C. § 2611(2)(A) ......................................................................................5, 7

29 U.S.C. § 2611(11) ..........................................................................................5, 7

**<u>Statutes</u>**                                                                 **<u>Pages</u>**

29 U.S.C. § 2611(e)(1)......................................................................................6, 8

29 U.S.C. § 2612(a)(1)......................................................................................5, 7

29 U.S.C. § 2612(c)..........................................................................................6

29 U.S.C. § 2617(c)..........................................................................................6

42 U.S.C. § 1981.............................................................................................2

42 U.S.C. § 1983.............................................................................................2

Fed. R. Civ. P. 17(b)(3)....................................................................................3

N.Y.C. Admin. Code § 8-102.............................................................................10

N.Y.C. Admin. Code § 8-102(18).......................................................................10

N.Y.C. Admin. Code § 8-107(13)(b)....................................................................12

N.Y.C. Charter § 396........................................................................................3

N.Y. Exec. Law § 292(21)(a).............................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

EDWARD PITRE,

           Plaintiff,

     -against-         18 CV 5950(DC)(DCF)

THE CITY OF NEW YORK, FIRE DEPARTMENT OF
THE CITY OF NEW YORK, JAN BORODO,
individually, JOHN FIORENTINO, individually, and
JOSEPH M. MASTROPIETRO, individually,

           Defendants.

-------------------------------------------------------------------- x

## DEFENDANTS' PRE-TRIAL MEMORANDUM

    Defendants in this action submit this memorandum of law, as directed under the Court's Trial Procedures.

**A. Defendants' Objection to Proceeding to Trial on All Claims**

    At the outset, Defendants maintain that judgment should be granted as a matter of law with respect to Plaintiff's FMLA, Retaliation and Race Discrimination Claims and incorporate by reference Defendants' September 3, 2021 Pre-Motion Letter.  See ECF DKT No. 64.  In particular, Plaintiff has presented no evidence of retaliation under the FMLA, or other evidence supporting a willful violation of the FMLA that would make Plaintiff's claims subject to a three-year statute of limitations and therefore timely.  Plaintiff received a letter to file for failing to comply with the FDNY policy requiring a one-hour notice be given prior to taking sick leave, but the FMLA explicitly requires Plaintiff to comply with employer policy regarding notice for leave, and in no way proscribes Defendants from enforcing this policy.  Plaintiff's race discrimination claims must also fail, as there are no facts tying the denial of a discretionary grant or denial of light duty to Plaintiff's race, or establishing that Plaintiff was docked pay where a white employee was

not.  Both email communications and Plaintiff's testimony establishes that Plaintiff's request for discretionary leave was denied as a result of the untimely submission of his medical documentation.  Although Plaintiff alleges this documentation was untimely submitted as a result of his direct supervisor Miguel Correa's illness, these facts in no way suggest this denial was in any way related to Plaintiff's race.  See Excerpts of August 3, 2021 Deposition of Edward Pitre ("Mr. Pitre's Deposition"), annexed to the August 30, 2023 Declaration of Lauren F. Silver ("Silver's Decl.") as Exhibit "A," 118-120.  Plaintiff contends that a number of other employees received light duty as an accommodation, but there is no evidence establishing either these grants were limited to a particular race, or that Plaintiff's race was the reason for the denial of light duty. The Amended Complaint's contention that Plaintiff was docked pay where Paul Halverson's pay was not docked was unsupported by Plaintiff's testimony, as Plaintiff admitted he did not know whether he actually was docked pay or not on that occasion, and that he did not know the circumstances of Paul Halverson's absence from work.  See Silver's Decl.,  Exhibit "A," pp. 71-74.  Accordingly, judgment should be granted as a matter of law with respect to Plaintiff's race discrimination claims.

Defendants also note that Plaintiff asserts no claims under § 1981 or § 1983 in his amended complaint and should not be allowed to bring additional claims after the close of discovery and as trial approaches.  See generally Am. Compl., Dkt. No. 36.

Moreover, the Fire Department of the City of New York, as an agency of the City of New York, is not a suable entity. See Olabopo v. Gomes, 2016 U.S. Dist. LEXIS 134521, at *9 (E.D.N.Y. September 28, 2016) (dismissing claims against FDNY because it is a non-suable entity; United States v. City of New York, 683 F.Supp.2d 225, 243 (E.D.N.Y.2010) (citing Warheit v. City of New York, No. 02 Civ. 7345 (PAC), 2006 U.S. Dist. LEXIS 58167, 2006 WL

2381871, at 13 (S.D.N.Y. Aug. 15, 2006)) (dismissing all claims against FDNY because FDNY is not suable).  Pursuant to F.R.C.P. 17(b)(3) the capacity of a government agency to be sued is determined by the law of the state in which the court is located.  Here, New York state law under New York City Charter § 396 states explicitly "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  Accordingly, New York courts have routinely held under New York state law that the FDNY was not a suable entity and dismissed claims against the FDNY.  See Sams v. N.Y. City Hous. Auth., 2012 NY Slip Op 30387[U], *4 (Sup. Ct., N.Y. County 2012); Warheit v. City of New York, No. 02 Civ. 7345 (PAC), 2006 U.S. Dist. LEXIS 58167, 2006 WL 2381871, at *13 (S.D.N.Y. Aug. 15, 2006) (dismissing all claims against FDNY because FDNY is non suable entity); Petway v. City of New York, No. 02 Civ. 2715 (NGG) (LB), 2005 U.S. Dist. LEXIS 37783, 2005 WL 2137805, at *3 (E.D.N.Y. Sept. 2, 2005) (same).  The same result should follow here, and any claims against FDNY must be dismissed from this case and removed from the caption.

Additionally, Plaintiff's retaliation claims based on the 2011 lawsuit should be dismissed.  There is no direct evidence of retaliatory animus and no temporal proximity between plaintiff's protected activity and the allegedly adverse employment actions.  For temporal proximity to support a claim of retaliation, the timing between the protected activity and the adverse employment action must be "very close."  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (a 20 month gap "suggests, by itself, no causality at all."); Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (no causation where a three month delay existed); Cunningham v. Consolidated Edison, Inc., 2006 U.S. Dist. LEXIS 22482, *55 (E.D.N.Y. 2006) (no causation where there was a two month delay); see also Brown v. City of New York,

622 Fed. Appx. 19, 20 (2d. Cir. 2015) (finding time periods including two months were "too attenuated to establish that the alleged adverse employment actions were the product of retaliatory motive"); see also Murray v. Visiting Nurse Servs. Of N.Y., 528 F.Supp.2d 257, 275 (S.D.N.Y. 2007) (courts "have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation").

Here, the protected activity in which plaintiff engaged was the filing of the lawsuit in which he claimed discrimination, which occurred in 2011, well outside the timeframe from which causality may be inferred.  In Plaintiff's Amended Complaint, Plaintiff identifies December 2014 as the alleged first retaliatory act where Defendant Fiorentino allegedly altered Plaintiff's registration for training.  See Am. Compl., Dkt. No. 36 at ¶ 22.  Indeed, this constitutes a multiple year delay from the filing of the 2011 lawsuit and any alleged retaliatory act..   Moreover, settlement of a lawsuit alleging discrimination is plainly not protected activity.  See Kim v. Columbia Univ., 460 F. App'x 23, 25 (2d Cir. 2012)

> Kim argues that the temporal proximity between Columbia's May 2007 closure of his retirement account and the April 2007 settlement proceedings in his then-pending discrimination case was sufficient to permit an inference of retaliation.  Although temporal proximity between protected activity and adverse action may be sufficient to satisfy the causality element of a prima facie retaliation claim, this period is measured from the date of the "employer's knowledge of [the] protected activity."
>
> (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268 (2001) (per curiam))

(alteration in original); Harper v. Brooklyn Children's Ctr., No. 12-CV-4545 (SJF) (GRB), 2014 U.S. Dist. LEXIS 37649, at *12-13 (E.D.N.Y. Mar. 20, 2014) (citing Kim for the proposition that temporal proximity is measured from the date a previous lawsuit was filed, and not when it was settled). Thus, because Plaintiff cannot demonstrate a temporal proximity between the 2011 lawsuit and the retaliation claims, those claims should be dismissed.

4

**B.   Issues To Be Tried**

Notwithstanding Defendants' objections, at this time Plaintiff's FMLA interference and retaliation claims survive, as well as Plaintiff's discrimination, failure to accommodate, hostile work environment and retaliation claims under the NYSHRL and NYCHRL.  Plaintiff's related claims for aiding and abetting discrimination under the NYSHRL and NYCHRL survive, as does Plaintiff's claim for employer liability under the NYCHRL.

**1.   Plaintiff's FMLA Interference Claim**

The following facts are at issue and must be proven by Plaintiff in order to prevail on his FMLA interference claim.

Plaintiff contends that he requested leave on March 15, 2015, and on other unspecified occasions between March and August 2015.  Plaintiff must prove that he is an eligible employee under the FMLA, meaning that he had been employed for at least twelve months and worked for 1250 hours during the twelve-month period preceding these requests.  *See* 29 U.S.C. § 2611(2)(A).  Plaintiff must prove that he worked the requisite hours in the period prior to his request for any leave he alleges is eligible under the FMLA.  Plaintiff must also prove that he required leave in each instance because of a "serious health condition" that required inpatient care or continuing treatment by a health care provider and which prevented Plaintiff from performing the functions of his position.  *See* 29 U.S.C. §§ 2612(a)(1), 2611(11).  Plaintiff must present evidence regarding the nature of his injuries sustained on February 27, 2015, and specifically how those injuries prevented him from performing the functions of his position and necessitated either inpatient care or continuing treatment.  Additionally, Plaintiff must present evidence that he requested leave because of these injuries in each instance from March to August 2015.

Plaintiff must prove that he gave adequate notice of his intention to take leave, meaning notice for unforeseeable leave "within the time prescribed by the employer's usual and

customary notice requirements applicable to such leave" or that such notice was impracticable. *See* 29 CFR § 825.303; see also Rivera v Crowell & Moring L.L.P., No. 14-cv-2774 (KBF), 2016 U.S. Dist. LEXIS 21622, at *42 (S.D.N.Y. Feb. 18, 2016).  Plaintiff must prove with respect to foreseeable leave that he provided Defendants with not less than thirty days notice of his leave, or that such notice was impracticable. *See* 29 U.S.C. § 2611(e)(1).  In each instance that Plaintiff contends he requested eligible leave he must present evidence of how and when he notified Defendants of the need for leave, and when he was capable of providing notice of his need to take leave.  In every instance where Plaintiff alleges he was denied leave, Plaintiff failed to provide adequate notice of his need for leave, or had been directed to apply for FMLA leave and had failed to do so.

Plaintiff must prove that Defendants interfered with, restrained or denied Plaintiff the right to take eligible leave under the FMLA.  See Rivera v Crowell & Moring L.L.P., No. 14-cv-2774 (KBF), 2016 U.S. Dist. LEXIS 21622, at *32 (S.D.N.Y. Feb. 18, 2016).  Plaintiff must demonstrate that Defendants denied Plaintiff leave on those occasions he sought to take eligible leave.  Evidence that Plaintiff was provided with unpaid leave for eligible FMLA periods demonstrates that Defendants complied with the FMLA.  *See* 29 U.S.C. § 2612(c).  Defendants will present evidence that in any instance that Plaintiff sought FMLA eligible leave he was provided with unpaid leave as a defense to Plaintiff's claims.

Plaintiff must prove that Defendants acted willfully either in denying Plaintiff benefits under the FMLA, or in retaliating against Plaintiff for seeking leave under the FMLA to apply a three-year statute of limitations to his claims.  See 29 U.S.C. § 2617(c); see also Porter v. N.Y. Univ. Sch. of Law, 392 F.3d 530, 531 (2d Cir. 2004).  Plaintiff must present evidence that Defendants knew, or showed reckless disregard for the matter of whether its conduct was

prohibited by the FMLA.  It is not enough that Plaintiff present evidence that Defendants acted unreasonably.  See id.

### 2.  Plaintiff's FMLA Retaliation Claim

In order to prevail on his FMLA Retaliation Claim Plaintiff must prove that he exercised protected rights under the FMLA by requesting eligible leave between March and August 2015.  See Woolf v Bloomberg L.P., No. 16-cv-6953 (PKC), 2019 U.S. Dist. LEXIS 35082, at *61 (S.D.N.Y. Mar. 5, 2019).  Plaintiff must prove that he was entitled to FMLA benefits as part of this proof.  See Kim v. Goldberg, 862 F. Supp. 2d 311, 318 (S.D.N.Y. 2012).  Plaintiff must prove that he is an eligible employee under the FMLA, meaning that he had been employed for at least twelve months and worked for 1250 hours during the twelve-month period preceding these requests.  See 29 U.S.C. § 2611(2)(A).  Plaintiff must prove that he worked the requisite hours in the period prior to his request for any leave he alleges is eligible under the FMLA. Plaintiff must also prove that he required leave in each instance because of a "serious health condition" that required inpatient care or continuing treatment by a health care provider, and, which prevented Plaintiff from performing the functions of his position.  See 29 U.S.C. §§ 2612(a)(1), 2611(11).  Plaintiff must present evidence regarding the nature of his injuries sustained on February 27, 2015, and specifically how those injuries prevented him from performing the functions of his position and necessitated either inpatient care or continuing treatment. Additionally, Plaintiff must present evidence that he requested leave because of these injuries in each instance from March to August 2015.

Plaintiff must prove Defendants took an adverse action against Plaintiff and that the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. See Davis v. Power of Auth. of N.Y., No. 19-CV-792 (KMK), 2022 U.S. Dist. LEXIS 20126, at *51-52 (S.D.N.Y. Feb. 2, 2022); see also Di Giovanna v Beth Israel Med. Ctr.,

651 F. Supp. 2d 193, 204 (S.D.N.Y. 2009).  An adverse action must be "likely to dissuade or deter a reasonable worker in the Plaintiff's position from exercising his legal rights."  See <u>Millea v Metro-North R.R.</u>, 658 F.3d 154, 163 (2d Cir. 2011).  Plaintiff must prove that any disciplinary letters he received or other acts he complains of would have dissuaded a reasonable person from seeking leave under the FMLA.  Additionally, proof that Defendants enforced FDNY policies requiring Plaintiff to provide the same notice before taking leave required by other employees is not proof of a violation of the FMLA.  See 29 CFR § 825.303, 29 U.S.C. § 2611(e)(1).  Defendants will offer evidence that Defendants did not retaliate against Plaintiff for requesting leave but sought to enforce its existing leave policies providing for adequate notice of leave.

Plaintiff must prove also that his protected activity was a negative factor in Defendants' decision to take any adverse action.  See <u>Woods v. START Treatment & Recovery Ctrs., Inc.</u>, 864 F.3d 158, 169 (2d Cir. 2017).

### 3.  Plaintiff's Disability and Race Discrimination Claims Under the NYCHRL and NYSHRL

In order to prevail on his discrimination claims Plaintiff must prove that he is a person with a disability and identifies as Hispanic.  See <u>Russell v. Aid to Developmentally Disabled, Inc.</u>, No. 17-3417, 2018 U.S. App. LEXIS 29293, at *4 (2d Cir. Oct. 18, 2018).  Plaintiff must prove that he was qualified for his position, and capable of performing the duties of that position.  See <u>Mejia v. City of N.Y.</u>, No. 17-CV-2696 (NGG) (JO), 2020 U.S. Dist. LEXIS 95659, at *31 (E.D.N.Y. May 30, 2020).  Plaintiff must present evidence that he was capable of performing the duties of a communications electrician despite his injury.  Defendants contend that Plaintiff was not capable of performing the duties of a communications electrician even with a reasonable accommodation because his injury prevented him from assisting in the physically demanding, two person tasks required by the position.

Plaintiff must prove that he was subject to an adverse action under the NYSHRL requiring a change in the terms and conditions of employment.  See <u>Young v. Town of Islip</u>, No. 13-cv-4713 (ADS)(ARL), 2017 U.S. Dist. LEXIS 188115, at *9 (E.D.N.Y. Nov. 13, 2017). Plaintiff must show under the NYCHRL he was treated less well than other employees as a result of his race or disability.  See <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 110 (2d. Cir. 2013).  Accordingly, Plaintiff must prove under the higher NYSHRL standard that in any instance where he claims he suffered an adverse act, as in the denial of leave, a discretionary grant or a requested transfer that this was sufficient to change the terms and conditions of his employment. Plaintiff must also prove that discrimination was the "but-for" cause of an adverse action under the NYSHRL.  See <u>Marcus v. Leviton Mfg. Co.</u>, 661 F. App'x 29, 33 (2d Cir 2016).

Under the NYCHRL in order to prove that Plaintiff's complaints do not justify damages, Defendants must affirmatively prove that a reasonable person would have considered the conduct Plaintiff complains of to be no more than petty slights and trivial inconveniences.  See <u>Watkins v. NY City Tr. Auth.</u>, 2020 U.S. Dist. LEXIS 67911, at *36 (S.D.N.Y. Apr. 16, 2020). Plaintiff must prove that discrimination based on Plaintiff's disability or race was the motivating factor for any adverse action under the NYCHRL.  See <u>Bivens v. Inst. for Community Living</u>, 2016 U.S. Dist. LEXIS 13538, at *4-5 (S.D.N.Y. Feb. 3, 2016).  Defendants contend that Plaintiff was only denied leave where he failed to comply with FDNY policy for requesting leave, denied a discretionary leave grant because his paperwork was untimely, and that in no instance was his race or disability either a motivating factor in any decision making.

### 4.   Plaintiff's Failure to Accommodate Claims Under the NYCHRL and NYSHRL

Plaintiff must prove that he possessed a disability under the statute, and that Defendants had notice of his disability.  See <u>Vangas v. Montefiore Med. Ctr.</u>, 823 F.3d 174, 180 (2d Cir. 2016); <u>see also</u> <u>Nazario v. Promed Personnel Servs. N.Y.</u>, 2017 U.S. Dist. LEXIS 94877,

at *16 (S.D.N.Y. June 19, 2017).  Under the NYCHRL a disability includes "any physical, medical, mental or psychological impairment, or a history or record of such impairment."  See N.Y.C. Admin. Code § 8-102.  Under the NYSHRL a disability similarly includes "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques."  See N.Y. Exec. Law § 292(21)(a).  Plaintiff must therefore prove that his shoulder injuries resulted in a physical impairment under either statute. Additionally, under the NYSHRL Plaintiff must present either medical evidence of the impairment or evidence his injury prevented the exercise of a normal bodily function.  Plaintiff must also prove notice of that impairment was given by him to Defendants.  See Brown v. New York City Dep't, 2022 U.S. Dist. LEXIS 171884, at * 12 (S.D.N.Y. Sept. 1, 2022).

Plaintiff must prove under the NYSHRL that with a reasonable accommodation he was capable of performing the essential functions of his job.  See Varngas, 823 F.3d 174, 180 (2d Cir. 2016).  Under the NYCHRL, Defendants must demonstrate that the employee could not, with a reasonable accommodation, satisfy the essential requisites of his position.  See Nazario, 2017 U.S. Dist. LEXIS 94877, at *16.  Plaintiff must prove that Defendants refused to provide a reasonable accommodation.  See Varngas, 823 F.3d 174, 180; see also Nazario, 2017 U.S. Dist. LEXIS 94877, at *16.  Reasonable accommodations include only accommodations that do not cause undue hardship in the conduct of an employer's business.  See N.Y.C. Admin. Code § 8-102(18); see also Lazzari v NY City Dept. of Parks & Rec., 751 F. App'x 100, 102 (2d Cir 2018). Under the NYSHRL Plaintiff must prove the requested accommodation would not cause an undue hardship, whereas under the NYCHRL Defendants bears the burden of proving an accommodation would have cause an undue hardship.  See Lazari, 751 F. App'x 100, 102.

### 5.   Plaintiff's Hostile Work Environment Claims Under the NYCHRL

Plaintiff must prove he was subject to unequal treatment by his employer under the NYCHRL.  See Watkins v. N.Y. City Tr. Auth., 2020 U.S. Dist. LEXIS 67911, at *33 (S.D.N.Y. Apr. 16, 2020).  Plaintiff must prove this unequal treatment occurred as a result of his disability or race.  See Pierre v. City of N.Y., No. 17-cv-5782 (JGK), 2020 U.S. Dist. LEXIS 11543, at *27 (S.D.N.Y. Jan. 21, 2020).  Here, Plaintiff must present evidence that Defendants treated Plaintiff less well than other employees because he is Hispanic or disabled.  Defendants may avoid liability by demonstrating any act of which Plaintiff complains was nothing more than a petty slight or trivial inconvenience.  See Watkins, 2020 U.S. Dist. LEXIS 67911, at *34.  Plaintiff must prove that the individual Defendants actually participated in any alleged discrimination in order to hold them directly liable.  See Pierre v. City of N.Y., No. 17-cv-5782 (JGK), 2020 U.S. Dist. LEXIS 11543, at *36 (S.D.N.Y. Jan. 21, 2020).

### 6.   Plaintiff's NYCHRL and NYSHRL Retaliation Claims.

Plaintiff must prove that he engaged in protected activity.  See Kwan v. Andalex Group, L.L.C., 737 F.3d 834, 843 (2d Cir. 2013).  Plaintiff must prove that he engaged in a prior lawsuit protesting conduct he had a good faith belief was unlawful.  See id.  Plaintiff must prove that Defendants were aware of Plaintiff's prior lawsuit.  See id.  Plaintiff must prove that Defendants took an adverse action against him.  See id.  An adverse action must be "reasonably likely to deter a person from engaging in protected activity."  See id.  Plaintiff must prove that the removal of commuter privileges or any other act he complains of would be reasonably likely to discourage an employee from engaging in protected activity.  See Vance v. Ball State Univ., 570 U.S. 421, 449 (2013). Plaintiff must prove a causal connection between the adverse action and protected activity.  Pattanayak v. Mastercard Inc., 2022 U.S. Dist. LEXIS 100858, at *11 (S.D.N.Y. June 6, 2022).  Under the NYSHRL, Plaintiff must prove that the adverse actions would

not have occurred but for his protected activity.  See Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 246-247 (E.D.N.Y. 2014).  Under the NYCHRL, Plaintiff need only prove his protected activity was a motivating factor for the adverse action.  See Forrester v. Corizon Health, Inc., 752 F. App'x 64, 66 (2d Cir. 2018).  Plaintiff must prove that he would not have been subject to an adverse act had he not engaged in a prior lawsuit under the NYSHRL, and under the NYCHRL must show that his prior lawsuit was a motivating factor in any adverse action.

7.   **Plaintiff's Employer Liability Claims Under the NYCHRL**

Plaintiff must prove that the employee or agent responsible for any violation of the NYCHRL exercised managerial or supervisory responsibility in order to hold Plaintiff's employer liable for their acts.  See N.Y.C. Admin. Code § 8-107(13)(b).  Plaintiff must therefore prove that Defendants Borodo, Fiorentino or Mastropietro both violated the NYCHRL and exercised supervisory authority over Plaintiff to hold Defendant City liable for their actions.   In order to premise liability on the acts of a nonsupervisory employee, Plaintiff must prove that Defendant City knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action or should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.  See Watkins v NY City Tr. Auth., 2020 U.S. Dist. LEXIS 67911, at *33 (S.D.N.Y. Apr. 16, 2020); see also N.Y.C. Admin. Code § 8-107(13)(b).  Plaintiff must therefore prove that Defendant City knew or should have known about any acts of the individual Defendants who did not exercise managerial or supervisory authority and either acquiesced or failed to take corrective action.

8.   **Plaintiff's Aiding and Abetting Claims Under the NYSHRL and NYCHRL**

Plaintiff must prove that the individual Defendants actually participated in any alleged violations of the NYSHRL and NYCHRL in order to hold them individually liable.  See

<u>Pierre v. City of N.Y.</u>, No. 17-cv-5782 (JGK), 2020 U.S. Dist. LEXIS 11543, at *36 (S.D.N.Y. Jan. 21, 2020).  An individual cannot aid or abet their own violation of the NYSHRL or NYCHRL. *See Id.*, at 37.  Plaintiff must prove Defendants Borodo, Mastropietro and Fiorentino actually engaged in a violation of either statute to support his claims.

Dated:      New York, New York
            August 30, 2023

                    **HON. SYLVIA O. HINDS-RADIX**
                    Corporation Counsel of the
                      City of New York
                    *Attorney for Respondent*
                    100 Church Street, Room 2-176
                    New York, New York 10007
                    (212) 356-2507
                    lasilver@law.nyc.gov


            By:      /s *Lauren F. Silver*
                    Lauren F. Silver
                    *Assistant Corporation Counsel*

13