18 CV 5950(DC)(DCF)

UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

EDWARD PITRE,

Plaintiff,

- against -

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually, and
JOHN FIORENTINO, individually,  and JOSEPH M.
MASTROPIETRO, individually,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' AMENDED MOTION *IN LIMINE*

## HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
Attorney for Defendant, The City of New York
100 Church Street, Room 2-176
New York, New York 10007-2601

Of Counsel: Stephen Suhovsky
Tel: (212) 356-1177
E-mail: ssuhovsk@law.nyc.gov

Of Counsel: Lauren Silver
Tel: (212) 356-2507
E-mail: lasilver@law.nyc.gov

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... iii

ARGUMENT

       POINT I

            THE FDNY IS A NONSUABLE ENTITY ............................................... 2

       POINT II

            PLAINTIFF'S FMLA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ......................................................... 3

       POINT III

            PLAINTIFF'S RETALIATION CLAIMS BASED ON THE 2011 LAWSUIT SHOULD BE DISMISSED ...................................................................................... 5

       POINT IV

            EVIDENCE REGARDING PLAINTIFF'S 2011 LAWSUIT SHOULD BE PRECLUDED ................................................... 7

       POINT V

            PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION ................................................................................. 8

       POINT VI

            TESTIMONY REGARDING PLAINTIFF'S SEPTEMBER 11, 2001 SERVICE AND TREATMENT MUST BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL ....................................................... 9

**Page**

POINT VII

    PLAINTIFF FAILED TO DISCLOSE WITNESSES
HE INTENDS TO CALL AT TRIAL IN HIS RULE
26 DISCLOSURES, AND HIS PROPOSED
WITNESSES THAT ARE ALSO IMPROPER
UNDER FED R. EVID. 402 AND 403 ................................................... 11

POINT VIII

    PLAINTIFF SHOULD BE PRECLUDED AT
TRIAL FROM CALLING DR. CHARLES
DEMARCO AS AN EXPERT ................................................ 14

POINT IX

    ALL CHARACTER EVIDENCE PERTAINING
TO THE DEFENDANTS SHOULD BE
PRECLUDED AS IT MORE PREJUDICIAL
THAN PROBATIVE ................................................ 15

POINT X

    PLAINTIFF SHOULD BE PRECLUDED FROM
REQUESTING A SPECIFIC DOLLAR AMOUNT
FROM THE JURY ................................................ 17

POINT XI

    EVIDENCE RELATING TO PLAINTIFF'S
ECONOMIC DAMAGES SHOULD BE
EXCLUDED ................................................ 18

    A. Plaintiff's request for back pay and front pay
must be denied because he failed to provide
evidentiary materials regarding his economic
damages.................................................. 18

    B. Plaintiff should be precluded from pursuing a
front pay award as such damages would be
impermissibly speculative. ................................................ 21

CONCLUSION.................................................................................................. 23

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                    <u>Pages</u>

<u>Badolato v Long Is. R.R.</u>,
    No. CV 14-1528 (AKT), 2016 U.S. Dist. LEXIS 147713
    (E.D.N.Y. Oct. 24, 2016) .......................................................................................11

<u>Bergerson v. N.Y. State Office of Mental Health</u>,
    652 F.3d 277 ................................................................................................ 21-22

<u>Berkovich v. Hicks</u>,
    922 F.2d 1018 (2d Cir. 1991) ...............................................................................16

<u>Brown v. City of New York</u>,
    622 Fed. Appx. 19 (2d. Cir. 2015) .........................................................................5

<u>Clark County Sch. Dist. v. Breeden</u>,
    532 U.S. 268 (2001) .............................................................................................5, 6

<u>Consorti v. Armstrong World Industries, Inc.</u>,
    72 F.3d 1003 (2d Cir. 1995) .............................................................................17, 18

<u>Cunningham v. Consolidated Edison, Inc.</u>,
    2006 U.S. Dist. LEXIS 22482 (E.D.N.Y. 2006) ....................................................5

<u>DVL, Inc. v Niagara Mohawk Power Corp.</u>,
    490 F. App'x 378 (2d Cir. 2012) .........................................................................12

<u>Gaffney v. Dep't of Info. Tech. and Telecommunications</u>,
    579 F. Supp. 2d 455 (S.D.N.Y. 2008) ...................................................................7

<u>Harper v. Brooklyn Children's Ctr.</u>,
    No. 12-CV-4545 (SJF) (GRB), 2014 U.S. Dist. LEXIS 37649
    (E.D.N.Y. Mar. 20, 2014) .....................................................................................6

<u>Hernandez v. Kelly</u>,
    2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May 27, 2011) ......................................9

<u>Highland Capital Mgt., L.P. v. Schneider</u>,
    551 F. Supp. 2d 173 (S.D.N.Y. 2008) .................................................................13

<u>Hine v. Mineta</u>,
    238 F. Supp. 2d 497 (E.D.N.Y. 2003) .................................................................22

<u>Hollander v. American Cyanamid Co.</u>,
    895 F.2d 80 (2d Cir. 1990) ....................................................................................5

**Cases**                                                                                                                **Pages**

Huddleston v. United States,
    485 U.S. 681 (1988).................................................................................................16

Kim v. Columbia Univ.,
    460 F. App'x 23 (2d Cir. 2012) .............................................................................6

Lightfoot v. Union Carbide Corp.,
    110 F.3d 898 (2d Cir. 1997)................................................................................18

Lombardo v. Stone,
    No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267
    (S.D.N.Y. Jan. 29, 2002).....................................................................................16

Manko v. United States,
    63 Fed. Appx. 570 (2d Cir. 2003) .........................................................................7

McLaughlin v. Richland Shoe Co.,
    486 U.S. 128 (1988)...............................................................................................4

*Mileski v. Long Island R.R. Co.*,
    499 F.2d 1169 (2d Cir. 1974)..............................................................................17

Monroe-Trice v. Unum Employee Short-Term Disability Plan,
    2003 U.S. Dist. LEXIS 152 (S.D.N.Y. Jan. 8, 2003)..........................................14

Murray v. Visiting Nurse Servs. Of N.Y.,
    528 F.Supp.2d 257 (S.D.N.Y. 2007).....................................................................5

Olabopo v. Gomes,
    2016 U.S. Dist. LEXIS 134521 (E.D.N.Y. September 28, 2016)...........................2

Othman v. Benson,
    2019 U.S. Dist. LEXIS 38594 (E.D.N.Y. Mar. 11, 2019) .....................................9

Patterson v. Balsamico,
    440 F.3d 104 (2d Cir. 2006)................................................................................12

Petway v. City of New York,
    No. 02 Civ. 2715 (NGG) (LB), 2005 U.S. Dist. LEXIS 37783, 2005 WL
    2137805 (E.D.N.Y. Sept. 2, 2005).........................................................................3

Phillips v. City of New York,
    871 F. Supp. 2d 200 (E.D.N.Y. 2012) .................................................................18

Porter v. N.Y. Univ. Sch. of Law,
    392 F.3d 530 (2d Cir. 2004)..................................................................................4

**Cases**                                                                                                                          **Pages**

Richmond v. General Nutrition Centers, Inc.,
    08 Civ. 3577 (PAE) (HBP), 2012 U.S. Dist. LEXIS 66471

(S.D.N.Y. May 11, 2012) .............................................................................................20

Rivera v. Baccarat, Inc.,
    34 F. Supp. 2d 870 (S.D.N.Y. 1999) ........................................................................22

Rivera v Crowell & Moring L.L.P.,
    No. 14-cv-2774 (KBF), 2016 U.S. Dist. LEXIS 21622
    (S.D.N.Y. Feb. 18, 2016) ...................................................................................... 4-5

Ross v. Guy,
    2022 U.S. Dist. LEXIS 44714 (E.D.N.Y. Mar. 14, 2022) .......................................9

Sams v. N.Y. City Hous. Auth.,
    2012 NY Slip Op 30387[U] (Sup. Ct., N.Y. County 2012)......................................3

Scoma v. City of N.Y.,
    2021 U.S. Dist. LEXIS 85360 (E.D.N.Y. May 4, 2021) ..........................................9

Shaphardon v. West Beach Estates,
    172 F.R.D. 415 (D. Haw. 1997)...............................................................................15

Shatner v. Atchison,
    2017 U.S. Dist. LEXIS 189708 (S. Dist. Ill. 2017) .................................................8

Shaw v. City of New York,
    No. 95 Civ 9325 (AJP), 1997 U.S. Dist. LEXIS 4901
    (S.D.N.Y. Apr. 15, 1997)........................................................................................16

Speedfit LLC v. Woodway U.S.A., Inc.,
    No. 13-CV-1276 (KAM)(AKT), 2020 U.S. Dist. LEXIS 4833
    (E.D.N.Y. Jan. 9, 2020) ..................................................................................... 12-13

Stern v. Shammas,
    No. 12-CV-5210 (NGG) (RER), 2015 U.S. Dist. LEXIS 97879
    (E.D.N.Y. July 27, 2015) ...................................................................................10, 18

Tatyana Ruzhinskaya v. Healthport Tech., LLC,
    2016 U.S. Dist. LEXIS 176220 (S.D.N.Y. Dec. 20, 2016) ....................................10

**Statutes**                                                        **Pages**

United States v. Benedetto,
  571 F.2d 1246 (2d Cir. 1978)..................................................................16

United States v. Brennan,
  798 F.2d 581 (2d Cir. 1986)....................................................................16

United States v. City of New York,
  683 F.Supp.2d 225 (E.D.N.Y.2010) ........................................................3

United States v. Margiotta,
  662 F.2d 131 (2d Cir. 1981)....................................................................16

United States v. Watts,
  934 F. Supp. 2d 451 (E.D.N.Y. 2013) ...............................................10-11

Warheit v. City of New York,
  No. 02 Civ. 7345 (PAC), 2006 U.S. Dist. LEXIS 58167, 2006 WL 2381871
  (S.D.N.Y. Aug. 15, 2006) .........................................................................3

Whittlesey v. Union Carbide Corp.,
  742 F.2d 724 (2d Cir. 1984)....................................................................22

Zanowic v. Ashcroft,
  52 Fed. R. Serv. 3d 702 (S.D.N.Y. 2002) ..............................................15

Zubulake v. UBS Warburg L.L.C.,
  382 F. Supp. 2d 536 (S.D.N.Y. 2005).................................................9, 10

**Statutes**

29 CFR § 825.303 ......................................................................................4

29 U.S.C. § 2611(e)(1).................................................................................4

29 U.S.C. § 2617(c) ....................................................................................3

Fed. R. Civ. P. 17(b)(3)...............................................................................3

Fed. R. Civ. P. 26 ......................................................................2, 11, 14, 20

Fed. R. Civ. P. 26(a) ..................................................................2, 11, 12, 19

Fed. R. Civ. P. 26(a)(1)(iii)........................................................................18

Fed. R. Civ. P. 26(a)(1)(A) ........................................................................11

Fed. R. Civ. P. 26(a)(1)(B) ........................................................................18

**<u>Cases</u>**                                                                                        **<u>Pages</u>**

Fed. R. Civ. P. 26(a)(2) ..............................................................................15

Fed. R. Civ. P. 26(a)(2)(B) .......................................................................14

Fed. R. Civ. P. 26(e) .................................................................................18

Fed. R. Civ. P. 26(e)(1)(A) .......................................................................19

Fed. R. Civ. P. 34 .....................................................................................18

Fed. R. Civ. P. 37(c)(1) ....................................................................11, 12, 19

Fed. R. Evid. 402 ...............................................................................8, 9, 10, 11

Fed. R. Evid. 403 .........................................................................8, 9, 10, 11, 13, 16

Fed. R. Evid. 404(b) ...........................................................................15, 16

Fed. R. Evid. 405(b) ..................................................................................17

Fed. R. Evid. 408 ........................................................................................7

Fed. R. Evid. 608 ......................................................................................17

Fed. R. Evid. 609 ......................................................................................17

Fed. R. Evid. 802 ........................................................................................7

**Other Authorities**

New York City Charter § 396 ......................................................................3

Wright & Graham, <u>Federal Practice & Procedure: Evidence</u> § 5240 ...........................16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

EDWARD PITRE,

     Plaintiff,

     - against -

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually, JOHN
FIORENTINO, and JOSEPH M. MASTROPIETRO,
individually,

     Defendants.

------------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION *IN
LIMINE***

18 CV 5950(DC)(DCF)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*

  Currently pending before this Court are Plaintiff's Family and Medical Leave Act ("FMLA") interference and retaliation claims, as well as Plaintiffs discrimination, failure to accommodate, hostile work environment and retaliation claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Additionally, Plaintiff's related claims for aiding and abetting discrimination under the NYSHRL and NYCHRL, and Plaintiff's claim for employer liability under the NYCHRL. Trial is scheduled to commence before the Honorable Victor Marrero, United States District Judge for the Southern District of New York, on September 25, 2023.

  Defendants the City of New York, John Mastropietro, and Jan Borodo, by their attorney, Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief:

(1) that the Court dismiss all claims against the Fire Department of the City of New York ("FDNY") as the FDNY is a nonsuable entity; (2) that the Court dismiss Plaintiff's FMLA claims as they are time barred and as there is no evidence from which a jury could infer willful conduct on the part of Defendants; (3) Plaintiff's retaliation claims based on the 2011 lawsuit should be dismissed because there is no temporal proximity; (4) Evidence regarding Plaintiff's 2011 lawsuit should be precluded because it not only constitutes impermissible hearsay but it is also unduly prejudicial;  (5) Plaintiff should be precluded from referring to Defense counsel as "city attorneys" and should be precluded from offering evidence of indemnification; (6)  testimony regarding Plaintiff's service while employed with the FDNY on September 11, 2001 and related medical treatment be precluded as both irrelevant and as the danger of prejudice outweighs any probative value of this testimony; (7) testimony from Ismael Ortiz, Madeline Cuevas, Dudley Pacide, Ernie Morganstern, Brian Shelby, Chris Gerresy, Greg Wilton, Ray Krawick, Mario Deangelis, and Tom Schwabacher should be precluded because of Plaintiff's failure to timely disclose these witnesses pursuant to F.R.C.P. 26(a); (8) testimony from Dr. Charles DeMarco should be precluded because Plaintiff failed to provide the mandatory expert discovery disclosures as required by Rule 26; (9) all character evidence pertaining to the Defendants should be precluded as it more prejudicial than probative; (10) Plaintiff should be precluded from requesting a specific dollar amount from the jury; (11) evidence relating to Plaintiff's economic damages should be excluded.

## **ARGUMENT**

### **POINT I**

### **THE FDNY IS A NONSUABLE ENTITY**

The Fire Department of the City of New York, as an agency of the City of New York, is not a suable entity. See Olabopo v. Gomes, 2016 U.S. Dist. LEXIS 134521, at *9 (E.D.N.Y. September 28, 2016) (dismissing claims against FDNY because it is a non-suable

entity); United States v. City of New York, 683 F.Supp.2d 225, 243 (E.D.N.Y.2010) (citing

Warheit v. City of New York, No. 02 Civ. 7345 (PAC), 2006 U.S. Dist. LEXIS 58167, 2006 WL

2381871, at 13 (S.D.N.Y. Aug. 15, 2006)) (dismissing all claims against FDNY because FDNY is

not suable).  Pursuant to F.R.C.P. 17(b)(3) the capacity of a government agency to be sued is

determined by the law of the state in which the court is located.  Here, New York state law under

New York City Charter § 396 states explicitly "All actions and proceedings for the recovery of

penalties for the violation of any law shall be brought in the name of the city of New York and not

in that of any agency, except where otherwise provided by law."  Accordingly, New York courts

have routinely held under New York state law that the FDNY was not a suable entity and dismissed

claims against the FDNY.  See Sams v. N.Y. City Hous. Auth., 2012 NY Slip Op 30387[U], *4

(Sup. Ct., N.Y. County 2012); Warheit v. City of New York, No. 02 Civ. 7345 (PAC), 2006 U.S.

Dist. LEXIS 58167, 2006 WL 2381871, at *13 (S.D.N.Y. Aug. 15, 2006) (dismissing all claims

against FDNY because FDNY is non suable entity); Petway v. City of New York, No. 02 Civ.

2715 (NGG) (LB), 2005 U.S. Dist. LEXIS 37783, 2005 WL 2137805, at *3 (E.D.N.Y. Sept. 2,

2005) (same).

   The same result should follow here, and any claims against FDNY must be

dismissed from this case and removed from the caption.

## POINT II

### PLAINTIFF'S FMLA CLAIMS ARE BARRED
### BY THE STATUTE OF LIMITATIONS

   There is no evidence of a willful violation of the FMLA, and accordingly Plaintiff's

FMLA claims are time barred.  The FMLA applies a two-year statute of limitations except "[i]n

the case of such action brought for a willful violation."  See 29 U.S.C. § 2617(c).  Here, Plaintiff

filed the complaint on June 29, 2018.  See ECF DKT No. 1.  Under the two-year statute of

limitations any act prior to June 29, 2016 would be time barred.  The evidence demonstrates that Plaintiff took leave in September 2015 and never returned to work with the FDNY after that time. As a result, the latest point at which any violation of the FMLA could have occurred was in September 2015, more than two years prior to the time Plaintiff initiated this action.  Plaintiff's FMLA claims are therefore entirely time-barred unless there is evidence of a willful violation extending the statute of limitations to three years.  See Porter v. N.Y. Univ. Sch. of Law, 392 F.3d 530, 531 (2d Cir. 2004)

Here there is no evidence of a willful violation.  Although a willful violation is not defined within the FMLA, the Supreme Court has held that an employer acts willfully when they "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, (1988).  Plaintiff has offered no testimony that he informed Defendants he sought to take leave under the FMLA.  Although Plaintiff contends he was denied leave in specific instances, he admits that on at least one occasion Jan Borodo suggested he apply for leave under the FMLA and Plaintiff refused. See Excerpts of Plaintiff's Deposition Transcript, annexed to the Declaration of Lauren Silver in support of Defendants' motions in limine, dated August 30, 2023, ("Silver Decl.") as Exhibit "A" at 134-138. Plaintiff's offering of hearsay within hearsay, his claim that Miguel Correa told him that his leave requests would be denied without inquiry, is simply insufficient to create an issue of fact where Plaintiff's own words demonstrate Defendants sought to help Plaintiff within the framework of the FMLA.

Additionally, the FMLA requires that Plaintiff comply with Defendants' leave policies for unforeseeable leave where practicable, and provide at least thirty days notice where leave is foreseeable.  See 29 CFR § 825.303; see also 29 U.S.C. § 2611(e)(1), Rivera v Crowell &

Moring L.L.P., No. 14-cv-2774 (KBF), 2016 U.S. Dist. LEXIS 21622, at *42 (S.D.N.Y. Feb. 18, 2016).  Where Plaintiff fails to comply with these notice requirements, his leave is not protected. See id.  Defendants in no way violated the FMLA by issuing Plaintiff a disciplinary letter where he on numerous occasions failed to provide the one hour notice required prior to the beginning of his shift.  Although Plaintiff could argue Defendants unknowingly violated the FMLA by denying him leave, there is no evidence from which a jury could infer Defendants knew or showed reckless disregard for whether their actions violated the FMLA.

**POINT III**

**PLAINTIFF'S   RETALIATION   CLAIMS BASED ON THE 2011 LAWSUIT SHOULD BE DISMISSED**

There is no direct evidence of retaliatory animus and no temporal proximity between plaintiff's protected activity and the allegedly adverse employment actions.  For temporal proximity to support a claim of retaliation, the timing between the protected activity and the adverse employment action must be "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (a 20 month gap "suggests, by itself, no causality at all."); Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (no causation where a three month delay existed); Cunningham v. Consolidated Edison, Inc., 2006 U.S. Dist. LEXIS 22482, *55 (E.D.N.Y. 2006) (no causation where there was a two month delay); see also Brown v. City of New York, 622 Fed. Appx. 19, 20 (2d. Cir. 2015) (finding time periods including two months were "too attenuated to establish that the alleged adverse employment actions were the product of retaliatory motive"); see also Murray v. Visiting Nurse Servs. Of N.Y., 528 F.Supp.2d 257, 275 (S.D.N.Y. 2007) (courts "have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation").

Here, the protected activity in which plaintiff engaged was the <u>filing</u> of the lawsuit in which he claimed discrimination, which occurred in 2011, well outside the timeframe from which causality may be inferred.  In Plaintiff's Amended Complaint, Plaintiff identifies December 2014 as the alleged first retaliatory act where Defendant Fiorentino allegedly altered Plaintiff's registration for training.  <u>See</u> Am. Compl., Dkt. No. 36 at ¶ 22.  Indeed, this constitutes a multiple year delay from the filing of the 2011 lawsuit and any alleged retaliatory act.  Moreover, settlement of a lawsuit alleging discrimination is plainly not protected activity.  <u>See</u> <u>Kim v. Columbia Univ.</u>, 460 F. App'x 23, 25 (2d Cir. 2012)

> Kim argues that the temporal proximity between Columbia's May 2007 closure of his retirement account and the April 2007 settlement proceedings in his then-pending discrimination case was sufficient to permit an inference of retaliation.  Although temporal proximity between protected activity and adverse action may be sufficient to satisfy the causality element of a <u>prima</u> <u>facie</u> retaliation claim, this period is measured from the date of the "employer's knowledge of [the] protected activity."
>
> (quoting <u>Clark Cty. Sch. Dist. v. Breeden</u>, 532 U.S. 268 (2001) (<u>per</u> <u>curiam</u>))

(alteration in original); <u>Harper v. Brooklyn Children's Ctr.</u>, No. 12-CV-4545 (SJF) (GRB), 2014 U.S. Dist. LEXIS 37649, at *12-13 (E.D.N.Y. Mar. 20, 2014) (citing <u>Kim</u> for the proposition that temporal proximity is measured from the date a previous lawsuit was filed, and not when it was settled). Thus, because Plaintiff cannot demonstrate a temporal proximity between the 2011 lawsuit and the retaliation claims, those claims should be dismissed.

**POINT IV**

**EVIDENCE REGARDING PLAINTIFF'S 2011
<u>LAWSUIT SHOULD BE PRECLUDED</u>**

Plaintiff clearly means to try the instant matter by re-litigating a prior lawsuit against the City from 2011 which Plaintiff was a party to.  Permitting the Plaintiff to delve into this separate litigation would result in significant confusion for the jury, would devolve into a trial within a trial, and would so unduly prejudice the Defendants in the instant matter that they would be unable to mount a meaningful defense.  Additionally, much of what Plaintiff seeks to present amounts to impermissible hearsay and should be precluded pursuant to FRE 802.  Thus, Defendants request that the Court preclude Plaintiff from eliciting testimony about the prior lawsuit.

Even if the Court found that the 2011 litigation was relevant to this action, any evidence concerning Plaintiff's involvement in that litigation would be unduly prejudicial to Defendants, create juror confusion regarding the issues to be tried in this action, violate Rule 408, and would constitute impermissible hearsay. <u>See Gaffney v. Dep't of Info. Tech. and Telecommunications,</u> 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (excluding any evidence of prior lawsuits as hearsay, irrelevant and confusing); <u>see also Manko v. United States,</u> 63 Fed. Appx. 570 (2d Cir. 2003) (affirming the exclusion of a settlement agreement between the defendant and the IRS on prior tax liability, and explaining: "If the evidence were admitted, the trial would have been diverted from the central issue of guilt or innocence to a complicated inquiry into the IRS's bureaucratic mechanisms in hopes of divining the IRS's true intent in reaching a civil settlement with appellants. This inquiry necessarily would delve into the morass of a particularly messy negotiation in this case and into the IRS's complex policies of settlement and enforcement.

Admission of the settlement would have yielded little probative value, and it would have confused and misled the jury. Furthermore, this evidence would have wasted time.")

Plaintiff may assert that the 2011 litigation should be admitted to show Defendants' "state of mind" – but even this would not overcome the fact that much of what he seeks to admit is simply too prejudicial and would be too confusing for a jury to understand its stated purpose. *See Shatner v. Atchison*, 2017 U.S. Dist. LEXIS 189708, *7 (S. Dist. Ill. 2017) (holding that evidence of other litigation should be properly excluded because, "[a]lthough evidence of prior lawsuits may be slightly probative as to whether Defendants were on notice of deficiencies in health care services at Menward Correctional Center, the value of such evidence is vastly outweighed by the danger that it would mislead or confuse the jury.  If evidence of the defendants' other litigation would be introduced, the defendants would be afforded an opportunity to response.  This would create a trial within a trial situation where the parties would be arguing the merits of other…civil rights cases…moreover jurors may view defendants litigation history as evidence that defendants have a tendency to violate prisoners' constitutional rights.")

For the above stated reasons, Plaintiff should be precluded from introducing any evidence concerning or relating to the 2011 litigation.

### POINT V

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION

Pursuant to Fed. R. Evid. 402 and 403, Plaintiff should be precluded from introducing or otherwise referring to the possibility that the City of New York will indemnify Defendants Masterpietro and Brodo.  Indemnification has no bearing on the facts of Plaintiff's claims or damages, and would only serve to unfairly prejudice Defendants.  As numerous courts

in this district have found, evidence of indemnification would prejudice Defendants because it may

"'encourage a jury to inflate its damages award because it knows the government -- not the

individual defendants -- is footing the bill.'" <u>Scoma v. City of N.Y.</u>, 2021 U.S. Dist. LEXIS 85360,

at *46 (E.D.N.Y. May 4, 2021) (quoting <u>Othman v. Benson</u>, 2019 U.S. Dist. LEXIS 38594

(E.D.N.Y. Mar. 11, 2019)) (internal quotations omitted); <u>Hernandez v. Kelly</u>, 2011 U.S. Dist.

LEXIS 57114, at *17-18 (E.D.N.Y. May 27, 2011).

Similarly, the Court should not permit Plaintiff to refer to defense counsel as "City

Attorneys" or "Corporation Counsel," or otherwise refer to defense counsel as being employed by

the City of New York.  Permitting such reference may "unnecessarily confuse the jury or lead the

jury to believe that [Defendants] may be indemnified by the City." <u>Scoma</u>, 2021 U.S. Dist. LEXIS

85360, at *47 (E.D.N.Y. May 4, 2021). <u>See also</u> <u>Ross v. Guy</u>, 2022 U.S. Dist. LEXIS 44714, at

*18 (E.D.N.Y. Mar. 14, 2022).

Accordingly, Defendants respectfully request the Court order Plaintiff to refer to

Defense Counsel as precisely that, "defense counsel," and preclude testimony regarding

indemnification.

### POINT VI

**TESTIMONY REGARDING PLAINTIFF'S SEPTEMBER 11, 2001 SERVICE AND TREATMENT MUST BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL**

Defendants move to preclude testimony regarding Plaintiff's service within the

FDNY during September 11, 2001 and Plaintiff's receipt of medical or psychological treatment in

connection with that service under Federal Rules of Evidence 402 and 403.  <u>See</u> <u>Zubulake v. UBS</u>

<u>Warburg L.L.C.</u>, 382 F. Supp. 2d 536, 548 (S.D.N.Y. 2005).  Plaintiff was injured when he fell off

the side of an FDNY truck on or about February 27, 2015.  See Amended Complaint ¶ 31.  This injury is completely unrelated to the terrorist attacks

Evidence is relevant where "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action."  See Fed. R. Evid. 402.  Here, Plaintiff's employment with the FDNY over a decade prior to the allegations in the Amended Complaint has no tendency to prove any fact at issue. Additionally, although Plaintiff's treatment for alleged injuries in the immediate years preceding his retirement may be relevant, the nature of his providers, and particularly their association with care in the aftermath of the September 11th 2001 terrorist attacks, is not.  The court in Zubulake specifically precluded evidence of emails related to September 11th 2001 where they spoke to a collateral issue.  See 382 F. Supp. 2d 536, 548.  Although Plaintiff may argue the time that has passed since September 11th, 2001 makes the present case distinguishable, the passage of time correspondingly makes Plaintiff's treatment associated with September 11, 2001 less probative of the 2015 injuries upon which his claims here are based.  Notably, those courts that have distinguished Zubulake have done so chiefly because they found the evidence of greater probative value than the evidence the court considered in Zubulake. See Stern v. Shammas, No. 12-CV-5210 (NGG) (RER), 2015 U.S. Dist. LEXIS 97879, at *40-41 (E.D.N.Y. July 27, 2015).  Furthermore, Plaintiff's shoulder and hand injury occurred while Plaintiff was working and are wholly unrelated to anything that occurred on September 11, 2001.

Even were this evidence relevant, any probative value would be outweighed by the danger of unfair prejudice created by sympathy to the Plaintiff under Federal Rule of Evidence 403.  See id.; see also Tatyana Ruzhinskaya v. Healthport Tech., LLC, 2016 U.S. Dist. LEXIS 176220, at *4 (S.D.N.Y. Dec. 20, 2016)(precluding evidence of cancer treatment); United States

v. Watts, 934 F. Supp. 2d 451, 481 (E.D.N.Y. 2013)(precluding evidence of illnesses of witness children).  Courts have precluded evidence of medical treatment where that evidence would serve little purpose other than to create sympathy for one party.  Here, Defendants are asking for the preclusion of evidence of treatment related to Plaintiff's service on September 11, 2001, and the mention of services as being offered by providers associated with September 11, 2001 treatment. The risk of prejudice to Defendants based on this narrow category of evidence is too great in comparison to its limited if not entirely absent bearing on his treatment related to a later injury. Furthermore, Plaintiff's shoulder injury in 2015 is wholly unrelated to the September 11, 2001.

## POINT VII

**PLAINTIFF FAILED TO DISCLOSE WITNESSES HE INTENDS TO CALL AT TRIAL IN HIS RULE 26 DISCLOSURES, AND HIS PROPOSED WITNESSES THAT ARE ALSO IMPROPER UNDER FED R. <u>EVID. 402</u> AND 403**

Plaintiff should be precluded from calling Ismael Ortiz, Madeline Cuevas, Dudley Pacide, Ernie Morganstern, Brian Shelby, Chris Gerresy, Greg Wilton, Ray Krawick, Mario Deangelis, and Tom Schwabacher at trial as the individuals were never disclosed during discovery. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure ("FRCP") requires a party to disclose the names of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses."  See F.R.C.P. 26(a)(1)(A).  In addition, a party is "under an affirmative duty to supplement incomplete or incorrect disclosures," and the failure to do so "precludes a party from using the withheld information as evidence at trial."  See <u>Badolato v Long Is. R.R.</u>, No. CV 14-1528 (AKT), 2016 U.S. Dist. LEXIS 147713, at *7 (E.D.N.Y. Oct. 24, 2016) (precluding the testimony of a witness who was not identified in Rule 26(a) disclosures).  That is, under Federal Rule of Civil Procedure 37(c)(1), "[a] party that without substantial justification

fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1); see also Patterson v. Balsamico, 440 F.3d 104, 117-118 (2d Cir. 2006) (affirming the lower court's preclusion of a belatedly-identified witness despite the fact that the individual was a named defendant in the prior proceeding); DVL, Inc. v Niagara Mohawk Power Corp., 490 F. App'x 378, 381 (2d Cir. 2012)(upholding exclusion of expert testimony where individual not identified as expert witness).

As Plaintiff failed to disclose his intention to rely on the testimony of Ismael Ortiz, Madeline Cuevas, Dudley Pacide, Ernie Morganstern, Brian Shelby, Chris Gerresy, Greg Wilton, Ray Krawick, Mario Deangelis, and Tom Schwabacher as required by F.R.C.P. 26(a) during discovery, Defendants move to exclude their testimony pursuant to F.R.C.P. 37(c)(1).  Courts consider four factors in analyzing whether testimony should be excluded pursuant to F.R.C.P. 37(c)(1), "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  See Patterson, 440 F.3d 104.  Here, it is unclear what adequate explanation Plaintiff could offer for failing to disclose these ten witnesses until well after the close of fact discovery, during the drafting of the instant Joint Pretrial Order.

The testimony of these witnesses is also not important to Plaintiff's claims, and in fact should be excluded either as irrelevant or as needlessly cumulative.  Courts have precluded the testimony of a witness where, as here, the witness both was not disclosed pursuant to F.R.C.P. 26(a) and the proposed testimony of the witness was not relevant to the plaintiff's claims.  See Speedfit LLC v. Woodway U.S.A., Inc., No. 13-CV-1276 (KAM)(AKT), 2020 U.S. Dist. LEXIS

4833, at *16 (E.D.N.Y. Jan. 9, 2020).  Plaintiff intends to call Ismael Ortiz, Dudley Pacide, Ernie Morganstern, and Madeline Cuevas regarding "the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred."  There is no indication what events any of these individuals may have witnessed that may be relevant to Plaintiff's claims.  Additionally, as Plaintiff's generalized descriptions of these individuals testimony is almost completely identical, their testimony should be precluded as needlessly cumulative.  See Highland Capital Mgt., L.P. v .Schneider, 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008); see also Fed. R. Evid. 403.

Similarly, Plaintiff intends to call Ernie Morganstern, Brian Shelby, Chris Gerresy, Ray Krawick, Greg Wilton, Mario Deangilis and Tom Schwabacher to testify regarding their receipt of light duty assignments, in addition to three other witnesses.  This testimony should be excluded as needlessly cumulative, particularly as Plaintiff's description of each of the ten individual's testimony is identical.  The importance of these witnesses is limited by the cumulative nature of their proposed testimony, which in and of itself forms a separate basis for their exclusion under Federal Rule of Evidence 403.

Finally, the prejudice of having to prepare to meet the testimony of these ten additional unexpected witnesses is substantial given both the close of discovery and the substantial amount of time that has elapsed since the filing of this matter, making the gathering of relevant evidence more difficult.  Nor is the possibility of a continuance as the date of trial fast approaches either apparent, nor would it outweigh the other factors considered here which favor preclusion.

Accordingly, the Court should preclude Plaintiff from calling Ismael Ortiz, Madeline Cuevas, Dudley Pacide, Ernie Morganstern, Brian Shelby, Chris Gerresy, Greg Wilton, Ray Krawick, Mario Deangelis, and Tom Schwabacher as witnesses at trial.

### POINT VIII

### PLAINTIFF SHOULD BE PRECLUDED AT TRIAL FROM CALLING DR. CHARLES DEMARCO AS AN EXPERT

To the extent that plaintiff seeks to call Dr. Charles Demarco as an expert witness in this matter, Defendants object and respectfully submit that the Court should not receive his testimony for that purpose.  Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that a party seeking to employ an expert witness in his case "shall disclose to other parties the identities of any person who may be used at trial to present" expert testimony of conclusions and that "expert disclosures shall include 'a complete statement of all opinions to be expressed and the basis and reasons ….'"  Fed. R. Civ. P. 26(a)(2)(B).

As an initial matter, Plaintiff has failed to provide the mandatory expert disclosures required by Rule 26 for Dr. Demarco.  Absent a report of findings, conclusions, and his bases as required by Rule 26, Defendants have had no opportunity to meaningfully evaluate, and to challenge, whatever conclusions Dr. Demarco may offer at trial in an expert capacity.  In such circumstances, Plaintiff's treating physician's testimony as an expert is properly precluded.

While courts have noted that the expert disclosure requirement does not apply to treating physicians to the extent that they seek to testify about the course of treatment rendered to the plaintiff, courts have been equally emphatic that this exception does not permit a treating doctor to offer expert opinion at the time of trial.  Monroe-Trice v. Unum Employee Short-Term Disability Plan, 2003 U.S. Dist. LEXIS 152 (S.D.N.Y. Jan. 8, 2003) (precluding expert testimony where treating physician did not proffer expert report, permitting testimony only as to his

14

evaluation and treatment of plaintiff, and his condition and prognosis at time of treatment); accord

Zanowic v. Ashcroft, 52 Fed. R. Serv. 3d 702 (S.D.N.Y. 2002) (denying motion to preclude the

testimony from doctor, but noting the limitations on the use and extent of treating physician's

testimony at trial absent expert report) (collecting cases); Shaphardon v. West Beach Estates, 172

F.R.D. 415, 416-17 (D. Haw. 1997) (with respect to opinions unrelated to his treatment, doctor

was subject to Rule 26(a)(2)).  As such, Defendants submit that any prospective testimony from

Garrity or Jackson should properly be confined to their treatment of plaintiff.

Accordingly,  Defendants move to limit Dr. Demarco's testimony to the treatment

he provided Plaintiff, and to preclude testimony regarding information provided by other

physicians, testimony regarding hypotheticals, testimony regarding information not learned during

the course of Plaintiff's treatment, and possible causes of Plaintiff's injuries.

### POINT IX

### ALL CHARACTER EVIDENCE PERTAINING TO THE DEFENDANTS SHOULD BE PRECLUDED AS IT MORE __PREJUDICIAL THAN PROBATIVE__

Plaintiff should  be precluded from eliciting any testimony or presenting any

evidence regarding Defendants' character such as disciplinary histories, prior complaints and

employment discrimination actions which have been filed against the Defendants because such

evidence is in direct conflict with Federal Rule of Evidence 404(b).  Rule 404(b) states that

evidence of past acts "to prove the character of a person in order to show action in conformity

therewith . . ." is inadmissible. Under Rule 404(b), evidence of past acts are only admissible to

prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake

or accident . . ."  However, evidence of prior bad acts is not automatically admissible simply

because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Rule 404(b) "requires a two-part analysis: First, whether the proposed evidence fits within one of the 'exceptions' provided by the Rule, and second, even if it does, whether under Rule 403, the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice."  Shaw v. City of New York, No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901, at *16-19 (S.D.N.Y. Apr. 15, 1997); see e.g., Advisory Committee Notes to Fed. R. Evid. 404(b); Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *10-12, 15-16 (S.D.N.Y. Jan. 29, 2002); United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978); United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986); United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991); Wright & Graham, Federal Practice & Procedure: Evidence § 5240 at 472 ("even if the evidence falls within one of the traditional exceptions [in Rule 404(b)], the trial judge may still exclude it on the discretionary grounds listed in Rule 403").  In this case, any reference to the Defendant's disciplinary histories or prior complaints and employment discrimination actions against the Defendants do not fall under any of the 404(b) exceptions.  Second, the potential for confusion or prejudice substantially outweighs any probative value. Previous disciplinary actions or allegations of discriminations against Defendants will not help the jury determine whether Defendants discriminated against the Plaintiff based on his disability, interfered with Plaintiff's rights under the FMLA, failed to provide Plaintiff a reasonable accommodation or retaliated against the Plaintiff in this instance.  Applying

these factors, Plaintiff should be precluded from questioning Defendants regarding their disciplinary history.

Even if this evidence was not so overwhelmingly prejudicial, it would not even be admissible for any of the purposes stated in Fed. R. Evid. 405(b) or 406, since unsubstantiated complaints and allegations are not evidence of any particular conduct or habit by the Defendants.

Finally, whether Defendants were the subject of unsubstantiated or unsupported allegations of misconduct should not be admitted as evidence for lack of credibility under Rule 608 or 609 as it is not probative of the Defendants' character for truth.

### POINT X

### PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. _Consorti v. Armstrong World Industries, Inc._, 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. _Id.; see also Mileski v. Long Island R.R. Co._, 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel …"). The Court in Consorti went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations.

_Consorti_, 72 F.3d at 1016. While there is no per se rule precluding any mention of a dollar amount, the Second Circuit has left the issue "to the discretion of the trial judge, who may either prohibit

counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." <u>Lightfoot v. Union Carbide Corp.</u>, 110 F.3d 898, 912 (2d Cir. 1997). Notwithstanding the discretion afforded, Judges in this Circuit have recently relied on <u>Consorti</u> to preclude plaintiffs from requesting specific dollar amounts to the jury.  <u>See</u> <u>Stern v. Shammas</u>, 12-CV-5210 (NGG)(RER), 2015 U.S. Dist. LEXIS 97879, at *43-44 (E.D.N.Y. Jul. 27, 2015); <u>Phillips v. City of New York</u>, 871 F. Supp. 2d 200, 208 (E.D.N.Y. 2012).

As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during her opening statement, during the testimony of any witness, and/or during summation.

## POINT XI

### EVIDENCE RELATING TO PLAINTIFF'S ECONOMIC DAMAGES SHOULD BE EXCLUDED

Defendants request an order barring or significantly limiting any awards of back pay and front pay because of Plaintiff's failure to mitigate his damages and the unduly speculative nature of any such awards.

**A.**   **Plaintiff's request for back pay and front pay must be denied because he <u>failed to provide evidentiary materials regarding his economic damages.</u>**

Plaintiff's lost income damages should be precluded because of his failure to comply with Fed. R. Civ. P. 26(a)(1)(iii) and Fed. R. Civ. P. 26(e) and provide evidentiary materials to the defendants of his alleged economic damages.  Rule 26(a)(1)(iii) provides  in relevant part that, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party <u>must</u>, without waiting a discovery request, provide to the other parties: a computation of each category of damages claims by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary

materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." (Emphasis added). Rule 26(e)(1)(A) obligates the disclosing party to supplement such information and requires that, "a party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, . . . – <u>must</u> supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the others parties during the discovery process."  (Emphasis added).  Finally, Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information…the party is not allowed to use that information…at trial, unless the failure was substantially justified or is harmless."

To date Plaintiff has failed to provide information if plaintiff has been working and failed to provide tax documents.  On October 20, 2020, Defendant requested that Plaintiff "36. Provide a copy of documents, if any, that refer, relate to, or reflect each and every one of plaintiff's claims, if any, for damages other than emotional distress damages."  Defendant also requested that Plaintiff "37. Provide a copy of Plaintiff's tax records for the period from January 2014 to the present."  On January 11, 2021, Plaintiff responded to Document Request 36 "See General Objections 1, 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099."  No documents regarding damages are found in P000001-P000099.  With respect to Document Request 37, Plaintiff responded "See General Objections 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand."  Plaintiff never produced the requested documents.

Defendants have repeatedly requested these documents.  For example, on June 13, 2022, Defendants' counsel contacted Plaintiff's counsel by letter requesting information where Plaintiff was working, updated W-2s, tax returns, and updated medical releases.  Plaintiff did not provide the requested documents.  Again on August 21, 2023, Defendants' counsel contacted Plaintiff's counsel and requested that, pursuant to Rule 26, he supplement his damages calculations and provide tax returns, w-2's and information indicating where Plaintiff has been working and for what periods of time, from 2015 to present.    Plaintiff indicated he would provide this information but has not provided these documents to date. If Plaintiff does not immediately provide copies of his tax returns and  W-2's reflecting the income he has earned from 2015 to the present, and information indicating where Plaintiff has been working and for what periods of time from 2015 to present, Defendants request that the Court preclude Plaintiff from seeking any economic damages.

In <u>Richmond v. General Nutrition Centers, Inc</u>., 08 Civ. 3577 (PAE) (HBP), 2012 U.S. Dist. LEXIS 66471 at *28 (S.D.N.Y. May 11, 2012), Judge Engelmayer, presented with a similar motion *in limine*, precluded "plaintiffs from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery."  In that case, defendants had filed motions *in limine* seeking to preclude plaintiffs from presenting damages evidence in light of plaintiff's non-compliance with automatic disclosure requirements and discovery requests relating to damages.  Defendants followed up with an additional motion *in limine* because the limited damages information plaintiffs had produced during discovery presented "an incomplete picture of plaintiffs' damages, and had prevented defendants from meaningfully developing proof that plaintiffs had failed to mitigate their back pay damages."  <u>Id</u>., at * 5.  In ruling on the motions *in limine*, Judge Engelmayer held that the plaintiffs were precluded

from seeking back pay for the subject period because they not only had failed to produce tax returns during discovery, but also failed to provide tax documents the Court had ordered produced in response to defendants' initial round of motions in limine:

> Defendants argue that plaintiffs should be precluded from proving the remaining back pay damages for Richmond and Hattimore, i.e., for 2006 and 2007, because: (1) as to Hattimore, plaintiffs simply failed to comply with the Court's April 12 Order requiring the production of Hattimore's tax returns, and those returns were not produced within the discovery period; and (2) as to Richmond, plaintiffs have still failed to produce all relevant schedules to Richmond's tax returns for those years, and the evidence that has now been produced demonstrates that plaintiffs' failure to produce this evidence during discovery prejudiced defendants' ability to develop a defense of failure to mitigate.. . . [T]the Court agrees with defendants that plaintiffs Richmond and Hattimore should be precluded from pursuing back pay for the years 2006 and 2007.

Id., at *8-9.

The Court discussed at length plaintiff's affirmative obligation to provide evidentiary materials of damages as well as the obligation to supplement. See generally, id. at *7–27.

Similarly, here, Plaintiff had an ongoing and continuing affirmative obligation to detail his damages and provide the supporting materials to substantiate his claims of damages. Plaintiff's failure to supplement and update information regarding his earned income also prejudices Defendants' right to present evidence in support of their affirmative defense regarding Plaintiff's duty to mitigate.

**B.     Plaintiff should be precluded from pursuing a front pay award as such damages would be impermissibly speculative.**

The purpose of front pay is to mak[e] victims of discrimination whole in cases where the factfinder can reasonably predict that the plaintiff has no reasonable prospect of obtaining comparable alternative employment." Bergerson v. N.Y. State Office of Mental Health,

652 F.3d 277, 286 (internal quotations and citations omitted) (emphasis in original). A claim for front pay damages should be denied when the calculation method is impermissibly speculative and not based on objective evidence. See Whittlesey v. Union Carbide Corp., 742 F.2d 724, 729 (2d Cir. 1984); see also Hine v. Mineta, 238 F. Supp. 2d 497, 501 (E.D.N.Y. 2003) ("[F]ront pay should not be awarded where the calculation method is unduly speculative"); Rivera v. Baccarat, Inc., 34 F. Supp. 2d 870, 878 (S.D.N.Y. 1999) (same).

Here, Plaintiff has not provided any expert testimony or other admissible evidence upon which it could be determined that he has no reasonable prospect of obtaining comparable employment in the future. Since Plaintiff did not identify an expert during discovery, Plaintiff's own testimony regarding his front pay does not and cannot reasonably predict Plaintiff's employment prospects taking into account his background and age. There are simply too many variables, the probabilities of which would have to be speculated upon by Plaintiff, including whether Plaintiff would be able to find a comparable position at some point in the near future, and whether Plaintiff's earnings would have increased or decreased over the past couple of years. Additionally, an expert is necessary to testify regarding scientific or technical knowledge relating to expected earnings and life span of Plaintiff, Plaintiff's ability to mitigate and find alternative income, and a calculation to determine the present value of a lump-sum amount. Accordingly, the Court should reject Plaintiff's request for front pay.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing the Fire Department of New York as a Defendant, dismissing Plaintiff's FMLA claims as time barred, and dismissing the retaliation claims based on the 2011 lawsuit. Additionally, Defendants ask that the Court enter an order precluding Plaintiff from calling witnesses Ismael Ortiz, Madeline Cuevas, Dudley Pacide, Ernie Morganstern, Brian Shelby, Chris Gerresy, Greg Wilton, Ray Krawick, Mario Deangelis, and Tom Schwabacher, excluding Dr. Charles Demarco from testifying as an expert witness, excluding testimony of Plaintiff's September 11, 2001 service and treatment, excluding evidence regarding Plaintiff's 2011 lawsuit, precluding Plaintiff from referring to Defense Counsel as "city attorneys" and offering evidence of indemnification, excluding all character evidence pertaining to the Defendants, precluding Plaintiff from requesting a specific dollar amount, and excluding evidence relating to Plaintiff's economic damages.

Dated:        New York, New York
                 August 30, 2023

                                    **HON. SYLVIA O. HINDS-RADIX**
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants
                                    100 Church Street
                                    New York, New York 10007
                                    Tel:  (212) 356-2507

                          By:     /s/ Lauren F. Silver
                                    Lauren F. Silver
                                    Assistant Corporation Counsel