UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD PITRE,

                Plaintiff,

- against -

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually,
JOHN FIORENTINO individually, and
JOSEPH M. MASTROPIETRO, individually,

                Defendants.

Case No. 18-CV-5950-VM

**JOINT PRETRIAL ORDER**

**a)**     **Full Caption:** "*Edward Pitre v. The City Of New York, Fire Department of The City Of New York[1], Jan Borodo, individually, and Joseph M. Mastropietro, individually*"

**b)**     **Counsel For the Parties:**

Plaintiff:        Seamus Barrett
                    The Derek Smith Law Group PLLC
                    One Penn Plaza, Suite 4905
                    New York, New York 10119
                    Telephone: (332) 910-5681
                    E-mail: seamus@dereksmithlaw.com

Defendants:    Stephen Suhovsky
                    Lauren Silver
                    Assistant Corporation Counsels
                  Labor & Employment Law Division
                  The City of New York Law Department
                  100 Church Street
                  New York, NY 10007
                  Phone: (212) 356-1177/2507

---

[1] Defendants submit that the Fire Department of the City of New York, as an agency of the City of New York, is not a suable entity. See Olabopo v. Gomes, 2016 U.S. Dist. LEXIS 134521, at *9 (E.D.N.Y. September 28, 2016) (dismissing claims against FDNY because it is a non-suable entity); United States v. City of New York, 683 F.Supp.2d 225, 243 (E.D.N.Y.2010) (citing Warheit v. City of New York, No. 02 Civ. 7345 (PAC), 2006 U.S. Dist. LEXIS 58167, 2006 WL 2381871, at 13 (S.D.N.Y. Aug. 15, 2006)) (dismissing all claims against FDNY because FDNY is not suable). Accordingly, any claims against FDNY must be dismissed from this case and FDNY should be removed from the caption.

c)      **Statement of Claims and Defenses in this Action**

A.  Summary of Plaintiff's Claims

Plaintiff asserts that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 on the grounds that Plaintiff asserts causes of action under 42 U.S.C. §1981, 42 U.S.C. §1983, 29 U.S.C. § 2601 et seq.  The Family and Medical Leave Act of 1993, as amended, ("FMLA"), and supplemental jurisdiction pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367 of City and State causes of action arising under New York State Human Rights Law Executive Law § 296 et seq. (the "NYSHRL"), the Administrative Code of the City of New York § 8-107 (the "NYCHRL"), as amended by the Restoration Act of 2005, New York Labor Law ("NYLL"), Article 6, §§ 190 et seq., and Article 19 of NYLL11 U.S.C. §525.  Defendants do not dispute that the Court has jurisdiction over this action.

Plaintiff is suing his former employer, the City of New York, and two of his former bosses in their individual capacities, Jan Borodo and Joseph Mastropietro, (as well as John Fiorentino, who is no longer a defendant in this case because he has passed away during the pendency of this case), because these Defendants discriminated against him, retaliated against him, and refused reasonable accommodation of his disabilities, including refusing both extended and short term medical leave and grant light duty assignments for Mr. Pitre in violation of 29 U.S.C. § 2601 *et seq* ("the FMLA"), the NYSHRL and the NYCHRL by unlawfully targeting Plaintiff with an unusual and inordinately high degree of scrutiny compared to his fellow Communications Electricians, and issuing numerous false and unwarranted writeups and disciplinary actions because of a discrimination lawsuit Plaintiff participated in against Defendant City in 2011 and because he engaged in activities protected under the aforementioned statutes, specifically participating in a previous discrimination lawsuit, and requesting reasonable accommodations in the form of medical leave and light duty.  Defendants placed Plaintiff in a position where, since

his disability prevented him from being able to return to full-duty, because Defendant refused the reasonable accommodation requests of light duty, which they routinely grant, failed to engage in an interactive process to accommodate Plaintiff's disability, Plaintiff was forced to retire so as not to lose the pension he had earned up to that point in his 16-year career. As a condition of Plaintiff's disability pension, he is prohibited from working, or he will lose his pension. If Defendants had granted Plaintiff's request for light duty, per the medical documentation he provided, which they granted to at least eleven (11) other named witnesses in this case, he could and would still be employed in his position of FDNY Communications Electrician to this day. These violations irreparably destroyed Mr. Pitre's career and caused devastating harm to him personally and professionally, depriving him many years of employment in his role as FDNY Communications Electrician, forcing him to retire well before his pension fully vested resulting in a significantly reduced pension for the rest of his life, which restricts his ability to engage in other employment while collecting the pension he earned.  Mr. Pitre seeks economic and non-economic damages, back pay, front pay, emotional distress and punitive damages and attorney's fees and costs.

Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages (only against the individual defendants sued in their individual capacities), attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

B. Summary of Defendants' Defenses

Defendant does not contest this Court's jurisdiction of this action at this time, although absent Plaintiff's FMLA claims this Court would lack federal subject matter jurisdiction.

Defendants have not violated the Family Medical Leave Act of 1993 ("FMLA") either by failing to provide Plaintiff leave he was entitled to, nor discriminating or retaliating against Plaintiff for seeking to utilize rights under the act.  Plaintiff never made a request for leave under

the FMLA, even after Defendants affirmatively suggested he do so.  Defendant will demonstrate Plaintiff's FMLA claims are barred by the statute of limitations, as there is no evidence of willful conduct in violation of the FMLA which extends the statute of limitations.  To the extent Plaintiff contends leave he took was covered under the FMLA, Plaintiff was required to give adequate notice of leave, and the facts will demonstrate he failed to do so on multiple occasions.

Defendants have not violated the NYSHRL or NYCHRL by discriminating against Plaintiff on the basis of race or disability.  Plaintiff was denied a discretionary grant as a result of his untimely application, and not as a result of race or disability.  Plaintiff was not capable of performing the duties of his position with a reasonable accommodation, and Defendants afforded Plaintiff opportunities to engage in the interactive process.  All of the City's actions were taken for legitimate, non-discriminatory and non-retaliatory business reasons.  Further, the actions complained of by plaintiff do not amount to adverse employment actions and amount to nothing more than petty slights and trivial inconveniences for which Plaintiff has not incurred any damages.

Defendants have not violated the NYSHRL or NYCHRL by retaliating against Plaintiff for any protected activity.  Defendants would have made the same employment decisions with respect to Plaintiff regardless of any allegedly protected speech.  Plaintiff's discipline resulted from his failure to follow Defendants' workplace policies. Plaintiff's request for punitive damages is barred as to Defendant City of New York because punitive damages are not available against a government or a governmental subdivision.  Additionally, with respect to his FMLA claims, Plaintiff is not entitled to emotional distress or punitive damages, and emotional and punitive damages are not available under the FMLA.  See Catania v. N.Y.U. Langone Health Sys., No. 22-CV-4362 (RA), 2022 U.S. Dist. LEXIS 220075, at *16 (S.D.N.Y. Dec. 5, 2022).  Finally, Plaintiff has failed to mitigate his damages.

**d)**    This matter is to be tried before a jury. The parties anticipate that the trial will take 4-5 days; the parties request a jury of 8 and that the jury vote needs to be unanimous.

**e)**    The parties do not consent to trial before the designated magistrate judge

**f)**    Stipulations or agreed statements of fact or law:
a. The parties do not stipulate to any facts.

**g)**    A list by each party of all witnesses whose testimony is to be offered in its case in chief (including the qualifications of any expert witnesses) indicating the likely order of appearance and whether such witnesses will testify in person or by deposition and briefly summarizing the testimony of each witness and its relevance to the issues on trial:

**Plaintiff's Trial Witnesses:**

**JAN BORODO (Defendant) -** Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**JOSEPH M. MASTROPIETRO (Defendant) -** Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**EDWARD PITRE (Plaintiff)**

**MIGUEL CORREA –** Plaintiff's direct supervisor - Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**DR. CHARLES DEMARCO, M.D.-** Provided treatment to Plaintiff for injuries caused by Defendants, has knowledge of the extent and severity of the injuries suffered by Plaintiff.

**GREGORY SEABROOK-** Shop Steward and fellow electrician- Will testify that he was granted the same type of light-duty assignment as an accommodation for a disability the Defendants denied to Plaintiff, and that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**JOESEPH ADAMS-** Fellow electrician- Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**RICHARD KEEN -** Chairman of the Union, fellow electrician- Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**ISMAEL ORTIZ -** Fellow electrician and now-turned Supervisor- Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**MADELINE CUEVAS –** Defendant Mastropietro's former personal secretary. Will testify that she witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**DUDLEY PLACIDE -** Fellow electrician- Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**NICK VARONE -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**ERNIE MORGANSTERN -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**BRIAN SHELBY -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**KEVIN KING -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**CHRIS GERRESY -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**SIBEKO KWAMI -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**RAY KRAWICK -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**GREG WILTON -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**MARIO DEANGELIS -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**TOM SCHWABACHER -** Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Will testify that he witnessed or has knowledge of the on-going violations of due process rights, FMLA violations, failure to accommodate Plaintiff's requests for light duty, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

**Defendants' Trial Witnesses:**

**JAN BORODO (Defendant) –** Will testify to any interactions with the Plaintiff and personnel decisions made with respect to Plaintiff, FDNY policy applicable to the Plaintiff, and the absence of any discriminatory or retaliatory actions on the part of Defendants towards Plaintiff on the basis of race, disability, or FMLA related activity.

**JOSEPH M. MASTROPIETRO (Defendant) -** Will testify to any interactions with the Plaintiff and personnel decisions made with respect to Plaintiff, FDNY policy applicable to the Plaintiff, and the absence of any discriminatory or retaliatory actions on the part of Defendants towards Plaintiff on the basis of race, disability, or FMLA related activity.

**MIGUEL CORREA** – Plaintiff's direct supervisor, will testify regarding Plaintiff's discipline, leave requests, and requests for transfer. Will also testify regarding communications between himself and the Plaintiff.

h) A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections (with ground(s)) by any other party; and

**Plaintiff:**
- Deposition transcript of Plaintiff Edward Pitre
- Deposition transcript of Defendant John Fiorentino
- Deposition transcript of Defendant Joseph Mastropietro
- Deposition transcript of Defendant Jan Borodo

**Defendants:**

Defendants are only designating, in their case-in-chief and should it be necessary, the testimony of John Fiorentino as he deceased and, thus, unavailable. Defendants are not designating any other prior sworn testimony for their case, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment. Additionally, Defendants object to Plaintiff's use of deposition testimony of any witness not present at trial unless Plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence and Fed. R. Civ. P. 32(a)(4). Moreover, Defendants submit that Plaintiff cannot use his own deposition testimony as it is inadmissible hearsay under FRE 804.

Fiorentino Deposition Designations:

- Page 16: Lines 18-24
- Page 17: Lines 1-10
- Page 36: Lines 6-16
- Page 41: Lines 19-24
- Page 67: Lines 23-24
- Page 68: Lines 1-15
- Page 76: Lines 5-7, 13-19
- Page 77: Lines 23-24
- Page 78: Lines 1-11
- Page 81: Lines 1-17
- Page 84: Lines 4-24
- Page 85: Lines 1-3, 10-24
- Page 86: Lines 1-24
- Page 87: Lines 1-24
- Page 88: Lines 1-14
- Page 93: Lines 16-24
- Page 94: Lines 1-2

- Page 95: Lines 2-5
- Page 97: Lines 12-23
- Page 98: Lines 15-17
- Page 99: Lines 12-18
- Page 104: Lines 7-11
- Page 107: Lines 12-13, 24
- Page 108: Lines 1-12
- Page 109: Lines 2-10
- Page 113: Lines 17-20
- Page 114: Lines 14-23
- Page 115: Lines 17-24
- Page 116: Lines 1-7
- Page 121: Lines 4-14
- Page 122: Lines 22-24
- Page 123: Lines 1-3
- Page 127: Lines 12-15
- Page 132: Lines 23-24
- Page 133: Lines 1-2, 11-13
- Page 135: Lines 1-4
- Page 151: Lines 17-24
- Page 152: Lines 1-7

**i)   Exhibit lists**

A. Each party reserves the right not to offer any of the exhibits listed below.

B. Each party reserves the right to offer and use any of the exhibits for more than one purpose.

C. Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.

D. Each party reserves the right to offer additional exhibits at trial for purposes of defense, impeachment, rebuttal or rehabilitation.

E. Each party reserves the right to offer, for good cause shown, additional exhibits following the submission of this Pre-Trial Order.

The parties have identified their objections to each other's exhibits by indicating the number of the applicable Federal Rule of Evidence in the margin. The parties reserve the right to make

additional objections (except on grounds of authenticity) based on the purpose for which an exhibit is offered at trial.

**Plaintiff's Trial Exhibits**

| Exhibit | Star | Objection |
|---|---|---|
| 1<br>P001-P0099 documents re leave requests, employment records, and communications | * | FRE 402, 403, 802, 804, 805 |
| 2<br>Plaintiff's 2019-2021 IRS Forms 1099 issued by NYCERS | * | FRE 402, 403, 901, FRCP 26 (a) |
| 3<br>Plaintiff's NYCERS statement history, home/summary page, and income documents | * | FRE 402, 403, 901, FRCP 26 |
| 4<br><br>Plaintiff's Personnel File, maintained by the Department of Buildings in the ordinary course of business, previously produced bearing Bates Stamp Numbers DEF_000030-DEF_000137 (Plaintiff's Official Personnel File) | * | FRE 402, 403, 802 |
| 5<br>Documents reflecting plaintiff's performance evaluations previously produced bearing Bates Stamp Numbers DEF_000138-DEF_000195 (Plaintiff's Evaluations). | * | FRE 402, 403 |
| 6<br>The FDNY EEO policy, previously produced bearing Bates Stamp Numbers DEF_000210-DEF_000250 (FDNY EEO Policy) | * | FRE 402, 403 |
| 7<br>DEF_00099 Plaintiff's NYCERS retirement letter | | No objection subject to proper foundation. |
| 8<br>DEF 00523-00585 EEO complaint docs re defendants" | * | FRE 402, 403, 404, 802, 804 |
| 9<br>DEF_00085-98, 00101-105, 0112-116, 00163-166, 00170-195 Plaintiff's performance reviews | * | FRE 402, 403, 805 |
| 10<br>DEF_000199-202 commuter vehicle writeup | | No objection subject to |

| | | | |
|---|---|---|---|
| | | | proper foundation. |
| 12<br>FDNY Fire dept. Pension Fund summary plan description https://www.nyc.gov/html/fdny/pdf/pension/pension_manual_111304a.pdf | | * | FRE 402, 403, 802 |
| 13<br>Deposition transcript of Defendant John Fiorentino | | * | FRE 403, 802, 804 |
| 14<br>Deposition transcript of Defendant Joseph Mastropietro | | * | FRE 403, 802, 804 |
| 15<br>Deposition transcript of Defendant Jan Borodo | | * | FRE 403, 802, 804 |

**Defendants' Trial Exhibits**

| Exhibit | Letter | Star | Objection |
|---|---|---|---|
| DEF388-DEF425 FDNY Time and Leave Manual | A | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF251-DEF337 Plaintiff's Pay History Report | B | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF426-DEF513 Civilian Code of Conduct | C | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF1-DEF3 Communication Electrician Duties and Responsibilities | E | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF142, February 28, 2009 | F | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF196 March 13, 2015 Letter | G | | Plaintiff hereby objects on grounds of relevance, hearsay, |

| | | | |
|---|---|---|---|
| | | | authenticity, lack of foundation. |
| DEF197 January 24, 2013 Letter | H | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF198 February 27, 2013 Letter | I | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF199-200 November 5, 2014 Letter | J | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF201-DEF2022 November 14, 2014 Letter | K | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF203-208 May 27, 2015 Letter | L | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000002, September 1, 2015 Email from Jan Borodo to Miguel Correa<br>P000004 August 3, 2015 Letter | M | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000005-000007 January 5, 2016 Email | N | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000008 February 10, 2015 email from Miguel Correa to Edward Pitre | O | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000020-P000022 April 15, 2015 Email from Miguel Correa to Jan Borodo | P | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000079 September 2, 2015 email from Jan Borodo to Miguel Correa | Q | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P00024 March 23, 2015 Email 1 from Edward Pitre to Maryann Murray | R | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |

| | | | |
|---|---|---|---|
| P000025-P000026 March 23, 2015 Email 2 from Edward Pitre to Maryann Murray | S | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000027-P000029 March 23, 2015 Email 3 from Edward Pitre to Maryann Murray | T | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000030 March 30, 2015 Email from Edward Pitre to Maryann Murray | U | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000032 June 9, 2015 Letter 1 from University Orthopedics | V | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000033 June 9, 2015 Letter 2 From University Orthopedics | W | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000034 March 27, 2015 Letter from Daniel Caligiuri DEF209 Plaintiff's Disability retirement letter | X | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P000094 August 31, 2015 Letter from University Orthopedics | Y | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P54-P55 Civil Service Law Section 71 Notice | Z | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P95 Request for Transfer | AA | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF0522 Organizational Structure | BB | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| DEF209 Plaintiff's Disability retirement letter | CC | | Plaintiff hereby objects on grounds of relevance, hearsay, authenticity, lack of foundation. |
| P54-55 September 20, 2016 Notice of Intended Action | DD | | Plaintiff hereby objects on grounds of relevance, hearsay, |

| | | | authenticity, lack of foundation. |
|---|---|---|---|

**SO ORDERED**

_____
                                    U.S.D.J.

Dated: New York, New York

_____, 2023