RE: Pitre - Defendants' Responses to Plaintiff's Discovery Requests

Seamus Barrett <seamus@dereksmithlaw.com>
Tue 5/11/2021 5:31 PM
To:Green, Nicholas (Law) <nigreen@law.nyc.gov>
Cc:Josh Sattem <josh@dereksmithlaw.com>

🔗 1 attachments (144 KB)
Edward Pitre Supplemental 26(a) Disclosures 5.11.21.pdf;

Hi Nicholas,

I apologize for the delayed response.  I was unable to communicate with my client for several days after you and I spoke last week.  As it turned out he was unavailable to speak with me because his wife is hospitalized with a severe respiratory illness.

Yes, I agree that revisiting settlement discussions is appropriate at this point.  We would be willing to jointly request a stay of discovery and a referral to the magistrate for a settlement conference.  It may be good to get that request in before we start taking depositions.  Would you mind drafting a letter for me to review before filing?

I was finally able to get the information from my client that you and I discussed last week.  Attached is a supplemental 26(a) disclosure, reflecting the witnesses identified.

I am preparing to serve a second set of document requests regarding the duty assignments of the communications electricians listed below.  I expect to have that to you tomorrow.

Here are the names of some of the FDNY communications electricians that my client is aware of who received light duty and the reason why they were allowed to work light duty:
- Gregory Seabrook (following surgery)
- Nick Varone (for bypass surgery and colon cancer)
- Ernie Morganstern (heart attack)
- Brian Shelby (Crohn disease and unspecified mental illness)
- Kevin King (permanent disability)
- Chris Gerresy (broken wrist)
- Sibeko Kwami (unknown ailment)
- Ray Krawick (alcoholism, repeated AWOL)
- Greq Wilton (received pay while AWOL, substance abuse)
- Mario Deangelis (asthma)
- Tom Schwabacher (colon cancer)

Here is the information my client provided about who within the FDNY management was aware of the practice of light duty assignments:
- The majority of all communications supervisors and management, in fact the practice was sanctioned by FDNY department heads;
- All field supervisors from at least 2000 to present knew about light duty assignments;
- This includes Defendants Fiorentino, Mastropietro, Borodo;
- As well as Jerry Aagantos, Phil Berger, Robert Zerillo, Anthony Borgia, Mike Turner, Mike Allen, Lenny Leonardo, and Kevin Pryor

Best regards,

**Seamus P. Barrett, Esq.**

# DEREK SMITH LAW GROUP, PLLC

**The Employment Lawyers™**
*Representing Employees Exclusively*
Toll Free No. (800) 807-2209
Office: (212) 587-0760 | D: (332) 910-5681 | C: (917) 267-9073
Email: seamus@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York | New Jersey | Philadelphia | Miami | Los Angeles**



*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

EDWARD PITRE,

                Plaintiff,

  -against-

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually, JOHN
FIORENTINO individually, and JOSEPH M.
MASTROPIETRO, individually.

                Defendants.

------------------------------------------------------------X

**Plaintiff's Supplemental 26(a) Disclosures**

      Plaintiff, EDWARD PITRE, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC hereby respectfully submits, pursuant to Rule 26(a) et. seq. of the Federal Rules of Civil Procedure, the initial discovery disclosure as follows:

**(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

*Where the address is not listed, Plaintiff either does not know the address of the individual and/or the information had been made readily available to Defendants and/or is already in the possession of the Defendants.*

- EDWARD PITRE (Plaintiff)
- JAN BORODO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOHN FIORENTINO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOSEPH M. MASTROPIETRO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- DR. CHARLES DEMARCO, M.D.- Provided treatment to Plaintiff for injuries caused by Defendants, has knowledge of the extent and severity of the injuries suffered by Plaintiff.
- GREGORY SEABROOK- Shop Steward and fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOSEPH ADAMS - Fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- RICHARD KEEN - Chairman of Plaintiff's Union, fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- ISMAEL ORTIZ - Fellow electrician and now-turned Supervisor- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- DUDLEY PLACIDE - Fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- NICK VARONE - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- ERNIE MORGANSTERN - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- BRIAN SHELBY - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause,

race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- KEVIN KING - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- CHRIS GERRESY - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- SIBEKO KWAMI - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- RAY KRAWICK - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- GREG WILTON - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- MARIO DEANGELIS - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- TOM SCHWABACHER - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment,

retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available, and designate expert witnesses and as may be appropriate and necessary.*

**(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

- All pleadings on file with the Court and/or exchanged between parties in this action.
- All discovery which has or will be produced by Plaintiff and Defendants in this action.
- All personnel files for employees similarly situated to Plaintiff (including Plaintiff), Plaintiff's compensation records, and Defendant's employee handbook.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

**(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

At this early juncture, Plaintiff is claiming the following damages:

Plaintiff was discriminated against and retaliated against on the basis of his race and disability and such abuse has taken an extreme emotional toll on Plaintiff. As a result, Plaintiff claims
$6,000,000.00 in emotional distress damages.

Plaintiff is claiming the annual salary at the time of the Plaintiff's date of termination times 10 years, plus bonuses, commissions, health insurance, pension, profit sharing and all other expected raises and benefits, reduced by earned income.

Because the nature of Defendants' conduct was intentional, Plaintiff also claims punitive damages in the amount of $9,000,000.00 as an amount that is to punish Defendants and to deter Defendants and others from such unlawful conduct.

Plaintiff claims attorney's fees upon a successful verdict.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

**(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

    N/A.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

Date: May 11, 2021
      New York, New York

                                      **DEREK SMITH LAW GROUP, PLLC**

               By:    **/s/ Seamus Barrett**

                                      Seamus Barrett, Esq.
                                      *Attorneys for Plaintiff*
                                      One Pennsylvania Plaza, Suite 4905
                                      New York, New York 10119
                                      (212) 587-0760