

**T**HE **C**ITY OF **N**EW **Y**ORK
**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LAUREN F. SILVER**
Assistant Corporation Counsel
Phone:  (212) 356-2507
E-mail:  lasilver@law.nyc.gov

October 13, 2023

**By ECF**
Honorable Denny Chin
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    Pitre v. City of New York, et al., 18-CV-5950 (DC)

Your Honor:

      In accordance with the Court's request, Defendants respectfully submit this letter addressing dismissal of Defendant Fiorentino and in further support of their Motions in *Limine* with respect to witness and damages preclusion.

      **Dismissal of Defendant Fiorentino:** The trial in this matter, scheduled for November 1, 2023, should not proceed unless Defendant Fiorentino is dismissed from this case *with prejudice*. On August 11, 2023, Defendants filed a Suggestion of Death (Dkt. No. 82). Counsel for Defendants told Mr. Barrett that Defendants would consent to an adjournment of the trial in this matter to give Plaintiff time to decide whether he wished to substitute another party in Defendant Fiorentino's place. After several conversations between the parties, Plaintiff's Counsel, Mr. Seamus Barrett, informed Defendants that he wished to proceed with the trial as scheduled and would dismiss Defendant Fiorentino from the lawsuit. On August 22, 2023, the parties filed a joint letter stating "Plaintiff agrees to dismiss Defendant Fiorentino from the Action and will not move forward with substitution." (Dkt. No. 86). Defendants proceeded in this matter with the understanding that Defendant Fiorentino would be dismissed with prejudice, and therefore agreed to continue as scheduled. Had Plaintiff indicated that Plaintiff wished to substitute Fiorentino, Defendants would have requested an adjournment.

      Federal Rule 25(a)(1) provides ninety days to file a motion for substitution, calculated from the filing of the suggestion of death. See English v. Murphy-Lattanzi, 2015 U.S. Dist. LEXIS 18114, *4-5 (E.D.N.Y. 2015). A party may seek an extension of 90 days. See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998). However, failure to file a motion for substitution within the prescribed period generally requires dismissal of the action. See Kernisant v. City of N.Y., 225 F.R.D. 422, 426 (E.D.N.Y. 2005); see also West v. Goord, 2017 U.S. Dist. LEXIS

119647 (W.D.N.Y. 20017) (dismissing claims against the Defendant because Plaintiff failed to file a motion for substitution; Okolie v. Paikoff, 589 F. Supp. 2d 204, 207 n. 2 (E.D.N.Y. 2008) (dismissing claims *with prejudice* where no motion for substitution was made within the 90-day period prescribed by Rule 25 (a)(1) (emphasis added).

Currently, the date set for substitution is not until after the trial is scheduled; it is currently due November 9, 2023. If the trial proceeds without dismissing Defendant Fiorentino with prejudice, this would be extremely prejudicial to Defendants. For example, if Plaintiff is not happy with how the trial is proceeding, is not successful at trial, or does not achieve the jury award that Plaintiff desires, Plaintiff could simply move to substitute another party in Defendant Fiorentino's place before the 90 days have expired. Plaintiff will be able to move forward in a second nearly identical trial in an attempt to receive a better outcome. Additionally, many of Plaintiff's claims that will be tried on November 1, 2023, will seek to hold the City liable for Fiorentino's conduct. Not only is this highly prejudicial to Defendants, essentially forcing Defendants to go to trial twice on the same issues but is also a complete waste of judicial resources as the same witnesses and evidence would be presented at the second trial. Thus, unless Plaintiff agrees to dismiss Defendant Fiorentino with prejudice, then this trial must be adjourned to a date 90 days beyond the filing of Defendant Fiorentino's suggestion of death.

**Witnesses/Damages Preclusion**: Plaintiff failed to abide by the requirements set forth in Federal Rule 26(a)(1)(A)(i) and Rule 26(a)(1)(A)(iii) by failing timely disclose a computation of damages as well as the underlying subject matter for the witnesses he intends to call at trial. Specifically, Plaintiff intends to call the witnesses set forth in the Pre Trial Order ("PTO") to support his damages calculation by eliciting testimony regarding their individual salaries. See ECF Docket No. 98. The subject of the testimony of these witnesses, specifically salary information as it supports Plaintiff's theory of damages, was not disclosed in Plaintiff's initial disclosures, supplemental disclosures, nor in his portion of the PTO[1]. Plaintiff also indicated that he intends to publish to the jury his untimely one-page chart demonstrating his alleged lost back pay and purported future earnings. This theory of damages and one-page chart was not disclosed in Plaintiff's initial disclosures, supplemental disclosures, nor his portion of the PTO. In addition to making an attempt to support this late theory of damages through beyond untimely witness disclosures, Plaintiff intends on relying on his own speculative testimony to support his theory on future earnings. For the reasons set forth below and in Defendants' previously filed Motions in Limine, this untimely, eve of trial batch of disclosures must be precluded by this Court as this blatant disregard of the Federal Rules of Civil Procedure have deprived the Defendants of a meaningful opportunity to conduct discovery as to Plaintiff's theory of damages and have substantially prejudiced Defendants in their ability to mount a meaningful defense.

Rule 26(a)(1)(A)(iii) requires initial disclosure of a computation of each category of damages claimed and the evidentiary material upon which such computations are based. As this very Court has held, failing to produce such a disclosure, namely a party's theory of damages *and* accompanying damages computations, deprive the opposing party of a meaningful opportunity to

---

[1] Defendants filed their Motions in *Limine* on August 30, 2023. See ECF Docket No. 95. It was not until the pre-trial conference held on September 6, 2023 that Plaintiff made these disclosures regarding witness testimony. As such, the Defendants were unable to discuss these late disclosures in their initial Motion in *Limine*. Additionally, Plaintiff's one page damages chart was not given to Defendants until mid-September, 2023.

conduct discovery as to that damages theory. See 24/7 Records Inc. v. Sony Music Entertainment, Inc., 566 F. Supp 2d 305, 318 (S.D.N.Y. 2008). Preclusion is automatic unless the non-disclosure was (1) substantially justified or (2) harmless. Design Strategy Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006). A party cannot simply provide a financial statement to the opposing party without providing specific information and calculations that indicate how that theory of damages is supported and expect the opposing party to perform this analysis for them. Id. at 293. Post summary judgment and the eve of trial is too late to disclose a damages calculation. Gould Paper Corp. v. Madisen Corp., 614 F.Supp 2d 485, 490 (S.D.N.Y 2009).

In the instant matter, Plaintiff's eve of trial disclosures is neither substantially justified nor harmless. It is not substantially justified for counsel, who has represented Plaintiff since 2018, to disclose such critical information over four years after the start of the action. Providing these belated disclosures at such a late juncture so substantially prejudices the Defendants in that it has deprived them of the ability to take meaningful discovery into this critical area of the action. It is undisputed that Plaintiff has not disclosed the subject matter of the proffered witnesses' testimony as it relates to damages and it is undisputed that a proper computation of damages has never been disclosed. See ECF Docket No. 98 (the PTO). Plaintiff takes the position that since the proffered witnesses are City employees with salary information that is publicly available, this late disclosure is harmless. This argument is misplaced and baseless. Aside from ignoring the plain fact that Defendants would be unable to conduct meaningful discovery on a subject matter they know nothing about at the time, i.e. Plaintiff intending to use the proffered witness testimony to support a theory of damages that had yet to be disclosed at the time, this position simply flies in the face of the spirit of Rule 26. Such a late disclosure of a critical aspect of the Plaintiff's case must be precluded by this Court. 24/7 Records Inc., 566 F. Supp 2d 305.

Furthermore, Defendants' failure to file a motion to compel with respect to Plaintiff's undisputed failure to abide by Rule 26 initial disclosures should not prevent this Court from precluding Plaintiff's proffered witness testimony, alleged damages computation, and Plaintiff's own speculative testimony regarding his claim for front pay damages. The fact that a party has never filed a motion to compel does not mean that they are without remedy. United States v. Kattar, 191 F.R.D. 33 (D.N.H. 1999). The exclusion of evidence is an automatic sanction and is not dependent on the prior filing of a motion under Federal Rule 37(a). Id. This sanction is automatic unless the party that committed the violation can show the violation was either justified or harmless, which, as argued above, Plaintiff cannot do. Notably, in this very Circuit, it has been held that the late disclosure of evidence that went directly to a party's theory of damages that affected the party's damages award should be precluded despite the fact that a motion to compel was never made. See GSGSB v. New York Yankees, 1997 U.S. App. LEXIS 17433 (2d Cir. 1997). The Circuit in GSGBS held that whether the late disclosure of the damages related evidence was made in bad faith was not crucial in the court's decision to preclude, but the relevant inquiry was whether the materials should have been produced prior to trial and whether the lack of production was harmless.

Finally, Plaintiff should be precluded from pursuing an award of front pay as his calculation method demonstrated in his one-page chart is impermissibly speculative and not based on objective evidence. Assuming, arguendo, that this Court does not preclude Plaintiff's eve of trial disclosures, the Plaintiff has not presented any expert testimony nor any evidence upon which it could be determined that he has no reasonable prospect of obtaining comparable employment in the future.

3

Notably, the case that Plaintiff primarily relies upon to support his position actually, in fact, supports the position of the Defendants. See Shannon v. Fireman's Fund Ins. Co., 136 F Supp. 2d 225 (S.D.N.Y 2001). In Shannon, the Court limited the plaintiff's front pay award as it was based on speculation and further noted that, unlike the matter before this Court, part of plaintiff's award was supported by a spreadsheet utilizing official calculations by the Social Security Administration. Id.

                                                Respectfully Submitted,

                                                *s/ Lauren F. Silver*

                                                Lauren F. Silver
                                                Assistant Corporation Counsel

cc:      Counsel of Record (By ECF)