

October 13, 2023

<u>**Via ECF**</u>

Hon. Denny Chin
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**Re: Pitre v. City of New York, et al; 18-CV-5950 (VM)**

Dear Judge Chin:

We represent the Plaintiff in the above-referenced matter. I write in accordance with Your

Honor's instructions from last Wednesday's oral arguments on Defendants' motions *in limine*.

### Defendants' Points VII and XI

Since Defendants' Point VII seeking to preclude certain witnesses altogether has been

shown to be baseless because Plaintiff disclosed these witnesses in a supplemental Rule 26(a)

disclosure in May of 2021, well before the close of discovery, Defendants are now trying to morph

that point into their Point XI, in order to preclude testimony from the witnesses related to Plaintiff's

economic damages.  However, Plaintiff's supplemental 26(a) disclosure (attached hereto as

Exhibit A) clearly identifies these witnesses as "fellow electrician[s]" who have "information

pertaining to the discrimination and/or retaliation that occurred." In light of the nature of this

action, information related to damages arising out of the discrimination and/or retaliation clearly

falls within the broad scope of "information pertaining to the discrimination and/or retaliation that

occurred."  Federal Courts have noted that "an initial disclosure does not require the level of detail

in computation necessary at trial…" <u>Realtime Data LLC v. Echostar Corp.</u>, 2018 U.S. Dist. LEXIS 202521, *7

Now defendants appear unsatisfied with the degree to which they conducted discovery on this issue, but that dissatisfaction is purely of their own making. Defense counsel seems to make the disingenuous claim that if the word "damages" was included in the broad 26(a) witness descriptions they "would have" taken these individuals' depositions.  Defendants only took one deposition in this case.  It is very unlikely that they would have taken any other depositions if the wording was less broad in the 26(a) witness descriptions.

Defendants attempted to obtain information in discovery about Plaintiff's economic damages in an improper manner, via interrogatories that violate Local Rule 33.3, which prohibits seeking anything other than the names of potential witnesses "with knowledge of…the computation of each category of damages alleged…"  Plaintiff objected to these interrogatories on this basis and in response to these improper interrogatories seeking information other than the names of people with this knowledge, Plaintiff's responses directed Defendants to Plaintiff's 26(a) disclosures, which contain the names of the individuals who possess this knowledge, who now Defendants are seeking to preclude from testifying to that knowledge.  *See* Plaintiff's responses to Defendants' Interrogatories ##17-18 (Exhibit B attached hereto is a copy of Plaintiff's responses to Defendants' interrogatories and document requests). Defendants had ample opportunity to investigate and depose these witnesses, to ask Plaintiff about those economic damages in his deposition, and Plaintiff made available to Defendants all of Plaintiff's tax and pension records by turning over a signed NYCERS release to Defendants before discovery even started.

Furthermore, since these witnesses are City government employees, New York's Public Authorities Law - PBA § 2800 requires that their salaries be published publicly by the City of New York.  Obviously since the Defendant City is these witnesses' employer, they are also privy to this information without the benefit of PBA § 2800.  Defendants never made any further efforts to conduct discovery of the specifics of Plaintiff's economic damages except for one question asking about them in Plaintiff's deposition.

Defendants asked Mr. Pitre about his economic damages in his deposition, and he provided a description of the basis for those damages.  See Pl. Tr. 146:14-147:4 attached hereto as Exhibit C.  Defendants had plenty of opportunity to conduct further discovery on the issue of economic damages, but they barely did, and certainly did not seek Court intervention to compel any production that they were lacking.  Now Plaintiff should not be precluded from bringing in witness testimony regarding economic damages simply because Defense Counsel is not satisfied with their level of diligence during discovery.

## Plaintiff Should Be Allowed to Present Evidence of His Economic Damages to the Jury

*"Calculation of damages is the province of the jury' " and that the we should not disturb damages awards unless they are outside of " 'a reasonable range.' " Katt, 151 F.Supp.2d at 368 (quoting Ismail v. Cohen, 899 F.2d 183, 186–88 (2d Cir.1990)). Indeed, as we determine whether the jury's verdict is supported by the evidence adduced at trial, we are mindful that **reasonableness is the touchstone because damages need not be "prove[n] ... with mathematical precision."** Sir Speedy, Inc. v. L & P Graphics, Inc., 957 F.2d 1033, 1038 (2d Cir.1992); see also State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1077 (2d Cir.) ("**Although the jury is not allowed to base its damages assessment on speculation or guesswork, it is entitled to make a just and reasonable estimate of the damages based on relevant data, and render its verdict accordingly**." (internal citations and quotations omitted)), cert. denied, 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988).*

Marcoux v. Farm Serv. & Supplies, Inc., 290 F. Supp. 2d 457, 474 (S.D.N.Y. 2003)(emphasis added)

Further to this point, Southern and Eastern District Courts have noted:

*"*[W]here the causal relationship between the defendant's act and the injury suffered by the plaintiff is within the knowledge, experience and observation of a layperson, **expert testimony is not required***."* DuchnowskI v. Cnty. of Nassau, 416 F. Supp. 3d 179, 181 (E.D.N.Y. 2018) citing Jimenez v. Supermarket Serv. Corp., No. 01-CV-3273, 2002 WL 662135, at *4 (S.D.N.Y. Apr. 22, 2002) (collecting cases).

Federal Court outside this Circuit have also reached similar conclusions with respect to showing economic damages to juries:

"The jury may use its common sense and common knowledge with respect to calculation of future damages." Griffin v. General Motors Corp., 380 Mass. 362, 366 (1980); Cummings, 265 F.3d, at 66; Kelley v. Airborne Freight Corp., 140 F.3d 335, 355 (1st Cir. 1998). "**Expert testimony is not required.**" Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 103 (2009) (emphasis added); Boothby, 414 Mass. at 484-486; Cummings v. Standard Register Co., 265 F.3d 56, 66-67 (1st Cir. 2001)); Porter v. City of Manchester, 151 N.H. 30, 45-46 (2004). "**Mere uncertainty in the award of damages is not a bar to recovery, and the jury may act on likelihood and reasonable expectations based on the evidence**." Conway, 385 Mass. at 388 (emphasis added); Boothby v. Texon, 414 Mass. 468, 485 (1993); Cummings, 265 F.3d, at 66.

Accordingly, it is clear that Plaintiff does not need an expert witness to establish his economic damages before the jury.

Plaintiff thanks the Court for its consideration and attention in this matter.

*Respectfully submitted,*

**DEREK SMITH LAW GROUP, PLLC**

*Attorneys for Claimant*

Seamus P. Barrett, Esq.
1 Penn Plaza; Suite 4905
New York, NY 10119
(212) 587-0760

# Exhibit A

**UNITED STATES COURT SOUTHERN**
**DISTRICT OF NEW YORK**
.............................................................................X
EDWARD PITRE,

                Plaintiff,

   -against-

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually, JOHN
FIORENTINO individually, and JOSEPH M.
MASTROPIETRO, individually.

                Defendants.
.............................................................................X

**Plaintiff's Second Supplemental**
**26(a) Disclosures**

      Plaintiff, EDWARD PITRE, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC hereby respectfully submits, pursuant to Rule 26(a) et. seq. of the Federal Rules of Civil Procedure, the initial discovery disclosure as follows:

**(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

*Where the address is not listed, Plaintiff either does not know the address of the individual and/or the information had been made readily available to Defendants and/or is already in the possession of the Defendants.*

- EDWARD PITRE (Plaintiff)
- JAN BORODO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOHN FIORENTINO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOSEPH M. MASTROPIETRO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- DR. CHARLES DEMARCO, M.D.- Provided treatment to Plaintiff for

injuries caused by Defendants, has knowledge of the extent and severity of the injuries suffered by Plaintiff.

- GREGORY SEABROOK- Shop Steward and fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- JOSEPH ADAMS - Fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- RICHARD KEEN - Chairman of Plaintiff's Union, fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- ISMAEL ORTIZ - Fellow electrician and now-turned Supervisor- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- MADELINE CUEVAS – Defendant Mastropietro's former personal secretary, who witnessed the or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- DUDLEY PLACIDE - Fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- NICK VARONE - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- ERNIE MORGANSTERN - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment,

retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- BRIAN SHELBY - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- KEVIN KING - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- CHRIS GERRESY - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- SIBEKO KWAMI - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- RAY KRAWICK - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- GREG WILTON - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

- MARIO DEANGELIS - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the

discrimination and/or retaliation that occurred.

- TOM SCHWABACHER - Fellow electrician, who was granted the type of light duty assignments Plaintiff was denied. Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available, and designate expert witnesses and as may be appropriate and necessary.*

**(B)  a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

- All pleadings on file with the Court and/or exchanged between parties in this action.
- All discovery which has or will be produced by Plaintiff and Defendants in this action.
- All personnel files for employees similarly situated to Plaintiff (including Plaintiff), Plaintiff's compensation records, and Defendant's employee handbook.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

**(C)  a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under <u>Rule 34</u> the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

At this early juncture, Plaintiff is claiming the following damages:

Plaintiff was discriminated against and retaliated against on the basis of his race and disability and such abuse has taken an extreme emotional toll on Plaintiff. As a result, Plaintiff claims
$6,000,000.00 in emotional distress damages.

Plaintiff is claiming the annual salary at the time of the Plaintiff's date of termination times 10 years, plus bonuses, commissions, health insurance, pension, profit sharing and all other expected raises and benefits, reduced by earned income.

Because the nature of Defendants' conduct was intentional, Plaintiff also claims punitive damages in the amount of $9,000,000.00 as an amount that is to punish Defendants and to deter Defendants and others from such unlawful conduct.

Plaintiff claims attorney's fees upon a successful verdict.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

**(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

N/A.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

Date: June 15, 2022
    New York, New York

**DEREK SMITH LAW GROUP, PLLC**

By:

**/s/ Seamus Barrett**

Seamus Barrett, Esq.
*Attorneys for Plaintiff*
One Pennsylvania Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
--------------------------------------------------X

EDWARD PITRE,                              Plaintiff,          Civ No: 18-CV-5950-V

                   -against-

                                                    PLAINTIFF'S RESPONSES
TO DEFENDANT'S FIRST
COMBINED SET OF
INTERROGATORIES AND
DOCUMENT REQUEST

THE CITY OF NEW YORK, FIRE DEPARTMENT
OF THE CITY OF NEW YORK, JAN BORODO,
individually, JOHN FIORENTINO, individually,
and JOSEPH M. MASTROPIETRO, individually,

                                      Defendants,

--------------------------------------------------X

      EDWARD PITRE ("PITRE" or "Plaintiff"), by and through his attorneys, Derek Smith Law

Group, PLLC, in accordance with Rule 26 and 34 of the Federal Rules of Civil Procedure and the

Local Civil Rules of the United States District Courts for the Southern District of New York,

hereby submits his Responses and Objections to Defendants' First Set of Interrogatories and First

Request for Production of Documents to Plaintiff ("Defendants' Interrogatories and Request for

Documents"), as follows:

## I.

## <u>RESERVATION OF RIGHTS</u>

      Any response to these interrogatories is made subject to Plaintiff's right to object to the

admission of any and all such responses on the grounds that they are irrelevant to the issues in

this action or are otherwise inadmissible. Plaintiff responds to these interrogatories and

requests subject to the accompanying objections, without waiving and expressly preserving all

such objections. Plaintiff also submits these responses subject to, without intending to waive, and

expressly preserving: (a)

any objections as to privilege or work product; and (b) the right to object to other discovery procedures concerning the subject matter of the interrogatories and requests to which they respond herein. Each response is an information or documents and completes their discovery of the facts underlying this case.   Plaintiff reserves his right to supplement and amend the answers  to  Defendants' interrogatories and document requests contained herein.

## A.

## GENERAL OBJECTIONS TO DEFENDANTS' INTERROGATORIES

A.      Plaintiff objects to Defendants' Interrogatories to the extent that they seek documents or information that are covered by the attorney-client privilege, the work-product doctrine or any other privilege, or that were made, created or prepared in anticipation of litigation, or, unless otherwise stated or provided, that were made, created or prepared after the commencement of this litigation.

B.      Plaintiff objects to Defendants' Interrogatories to the extent that they purport to require discovery beyond that permitted by Rules 26(b) and 33(a) of the Federal Rules of Civil Procedure or the Local Rules.

C.      Plaintiff objects to Defendants' Interrogatories to the extent that they seek information that is not in Plaintiff's possession, custody, or control or is equally accessible to Defendants through their own efforts.

D.      Plaintiff objects to Defendants' Interrogatories to the extent that they seek information that is not relevant to the subject matter of the action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

E.      Plaintiff objects to Defendants' Interrogatories to the extent that they are overly broad and unduly burdensome and are incommensurate with Defendants' legitimate discovery needs.

F.    Plaintiff objects to Defendants' Interrogatories to the extent that they are redundant, overlapping or repetitive.

G.    Plaintiff objects to Defendants' Interrogatories to the extent that they do not identify the information sought with reasonable particularity. Plaintiff has responded to each of Defendants' Interrogatories as it understands and interprets each request. Certain of Defendants' Interrogatories, however, are vague and ambiguous. Plaintiff therefore will respond to Defendants' Interrogatories subject to its understanding of what is sought and reserves the right to amend or supplement these responses to the extent that Defendants later asserts a different interpretation which is accepted by Plaintiff.

H.    Plaintiff objects to Defendants' Interrogatories to the extent that they are not limited in time or scope and/or are overly broad in their temporal scope, and as such are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise indicated, Plaintiff will respond to Defendants' Interrogatories for the time period from December 2011 through Present (the "Relevant Time Period").

I.    Plaintiff objects to Defendants' Interrogatories to the extent that they contain or are based upon inaccurate, incomplete, or misleading factual assertions. Identification of information or production of documents in response to any request does not constitute agreement with acceptance of, or acquiescence to any such assertion.

J.    Plaintiff objects to Defendants' Interrogatories to the extent that they purport to be based on legal propositions that are contrary to applicable law.

Plaintiff hereby declares that his responses to Defendants' Interrogatories were prepared in consultation with his attorneys and may not match exactly the actual words or phrase that may be used in the course of this litigation to describe events, policies and practices discussed herein,

although these responses are both accurate and complete.

These responses and objections are based upon the information known to Plaintiff at the present time. Plaintiff will supplement or amend these responses in the event that he discovers additional information that requires such supplementation or amendment. Should Plaintiff at any time supplement or amend his responses to any interrogatory, by agreement or otherwise, Plaintiff reserves the right to assert any applicable objection, privilege or other protection in connection with such supplementation or amendment.

## RESERVATION OF RIGHTS

These responses and objections are based upon documents known to Plaintiff at the present time. Plaintiff will supplement or amend these responses in the event that they discover additional documents that require such supplementation or amendment under the applicable rules. Should Plaintiff at any time supplement or amend its response to any request, by agreement or otherwise, Plaintiff reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment.

Plaintiff's responses do not include documents that are privileged or protected work product. If any document that is privileged or protected work product is disclosed inadvertently in response to any request, such accidental disclosure does not waive, and is not to be construed as a waiver of the attorney-client privilege, work-product protection, or any other privilege or protection.

Furthermore, Plaintiff's responses are made subject to Plaintiff's right to object to the admission in evidence thereof, on the grounds that such responses, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible.

## GENERAL OBJECTIONS TO DEFENDANTS' DOCUMENT REQUESTS

1. Plaintiff objects to Defendants' Document Requests on the grounds that they seek protected work product; attorney-client communications; legal advice; trial preparation materials; communications made and materials prepared in anticipation of litigation; identification of documents prepared after the commencement of this litigation; or communications protected by the attorney-client privilege or any other applicable privilege.

2. Plaintiff objects to Defendants' Document Requests on the grounds that they purport to require discovery beyond that permitted by the applicable rules and on the grounds that, in certain instances, they are neither relevant to the claims and/or defenses in this action nor likely to lead to the discovery of admissible evidence.

3. Plaintiff objects to Defendants' Document Requests on the grounds that they do not identify the documents to be produced with reasonable particularity. Plaintiff has responded to each of the individual requests as it understands and reasonably interprets them. Certain requests, however, are vague and ambiguous. Plaintiff reserves the right to amend or supplement these responses in the event that Plaintiff later asserts a different interpretation.

4. Plaintiff objects to Defendants' Document Requests on the grounds that they are overly broad, and that the Document Requests are therefore unduly burdensome and incommensurate with Defendants' legitimate discovery needs. Furthermore, on the grounds that Defendants' Document Requests are redundant, Plaintiff may provide documents in response to a request, however, such documents may not be produced in response to any other request that may call for its production.

5. Plaintiff objects to Defendants' Document Requests on the grounds that they call for documents not within their possession, custody, or control.

6. Plaintiff objects to Defendants' Document Requests on the grounds that the documents requested therein are equally accessible to Defendant.

7. Plaintiff objects to Defendants' Document Requests on the grounds that the requests are not limited in time. Plaintiff also objects to such requests on the grounds that they seek information without specifying a time period, on the grounds that they are overly broad and unduly burdensome in that they seek documents not reasonably calculated to lead to the discovery of admissible evidence.

8. By stating in these responses that Plaintiff will produce documents responsive to specific requests, Plaintiff does not represent that any particular document actually exists, but only that Plaintiff will make a good faith search in an attempt to ascertain whether responsive documents do, in fact, exist in its possession, custody, and control. Each and every response to a request is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular request is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## **INTERROGATORIES**

1.      Identify the individual or individuals referred to as "Plaintiff's Supervisor" allegedly contacted by Defendant Fiorentino as alleged in paragraph "19" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to Plaintiff's FRCP 26(a) Disclosures. More specifically, Plaintiff confirms the supervisor was Miguel Correa.

2.      Identify the individual referred to as the "instructor" who marked Plaintiff absent from fiber optics training in December of 2014 as alleged in paragraph

"24" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms that he does not know the name of the instructor, only that his group all had the same Professor (instructor) during fiber optics training.

3.      Identify each and every person employed by the FDNY who were mandated to attend the December 2014 fiber optics training and left training early without being marked absent, as alleged in paragraph "25" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to Plaintiff's FRCP 26(a) Disclosures. More specifically, Plaintiff confirms that Paul Halverson left early without being marked absent.

4.      Identify the three Caucasian FDNY employees who received discretionary grants as alleged in paragraph "35" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to Plaintiff's FRCP 26(a) Disclosures. More specifically, Plaintiff confirms that the 3 Caucasian FDNY employees who received discretionary grants were Kevin King, Edward Petenato and Richard Keen, among others.

5.      Identify each and every person who was present, who witnessed or who was in proximity to overhear Defendant Fiorentino refuse Plaintiff's March 15,

2015 request to leave training as alleged in paragraphs "39-40" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to Plaintiff's FRCP 26(a) Disclosures. More specifically, Plaintiff confirms the witnesses were Joe Adams and Fred Cuevas.

6.      Identify each and every person who was present, who witnessed or who was in proximity to overhear Plaintiff's requests for assignment to light duty between March 2015 and August 2015 as alleged in paragraph "43" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms that this was done in writing and that he submitted the request to Richard Keen and Gregory Seabrook.

7.      Identify each and every person who was present, who witnessed or who was in proximity to overhear Defendant Fiorentino state that Plaintiff did not have seniority in April of 2015 as alleged in paragraph "46" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms that this was done in person and that he complained to Richard Keen and Gregory Seabrook.

8.      Identify each and every person who was present, who witnessed or who was in proximity to overhear Plaintiff requesting leave in May 2015 from Miguel

Correa as alleged in paragraph "49" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms that this was done in person and that only Miguel Correa was present.

9.      Identify the FDNY employee without disability who was transferred on or about May 2015 as alleged in paragraph "52" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the foregoing objections, Plaintiff confirms he is not in possession of information responsive to this Interrogatory.

10.      Identify each and every person who was present, who witnessed or who was in proximity to overhear Defendant Fiorentino state "You're disabled, what does it matter" as alleged in paragraph "54" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the foregoing objections, Plaintiff confirms he is not in possession of information responsive to this Interrogatory.

11.      Identify each and every person who was present when Plaintiff was assigned, or who participated in assigning Plaintiff "write-ups" on May 27, 2015 as alleged in paragraph "57" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the

foregoing objections, Plaintiff respectfully refers Defendants to Plaintiff's FRCP 26(a) Disclosures. More specifically, Plaintiff confirms that John Fiorentino issued the write-ups and that he was the only one present.

    12.    Identify the individuals Plaintiff spoke with regarding the deletion of his accrued leave time as alleged in paragraph "67" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms that he spoke only with Miguel Correa.

    13.    Identify the union representatives who communicated Plaintiff's request for light duty referred to by Plaintiff in paragraph "71" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms that this was done in person and that he complained to Richard Keen and Gregory Seabrook.

    14.    Identify the individuals Plaintiff alleges are "similarly situated" and were granted light duty positions as alleged in paragraph "81" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the foregoing objections, Plaintiff confirms the following individuals: Tom (last name unknown at this time), Gregory Seabrook, Nicholas Varone, Chris (last name unknown at this time) and Kwami Sobito.

    15.    Identify the Caucasian employees and employees "who had not

similarly engaged in the type of protected activities Plaintiff had engaged in" who received

accommodations and medical leave as alleged in paragraph "91" of the Amended

Complaint.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the

foregoing objections, Plaintiff confirms the following individuals: Kevin King and Richard

Keen, among others.


16.     Identify every individual Plaintiff complained to regarding alleged

retaliation, as alleged in paragraph "92" of the Amended Complaint.

**RESPONSE:** See General Objections D, E and G. Subject to and without waiver of the

foregoing objections, Plaintiff confirms that this was done in person and that he complained

to Richard Keen and Gregory Seabrook, among others.

17.     State in detail each and every financial expense or loss allegedly incurred

by plaintiff as a result of the acts or omissions of defendants:

(a) type of damages;

(b) the amount;

(c) the date incurred; and

(d) the amount of similar estimated future expenses or losses, if any.

**RESPONSE:** Plaintiff objects to this interrogatory as being outside the scope of permissible

interrogatories under SDNY Local Rule 33.3. Subject to and without waiver of the foregoing

objection, Plaintiff refers Defendants to Plaintiff's FRCP 26(a) disclosures.

18.     Itemize in specific detail the mathematical basis for the total amount of

damages plaintiff claims, stating how plaintiff arrived at this figure, whether plaintiff used a

mathematical per diem or per week or per month figure in calculating any component of damages and, if so, the figure used and for what period, the length of time for which damages are claimed, and the amount of damages claimed.

**RESPONSE:** Plaintiff objects to this interrogatory as being outside the scope of permissible interrogatories under SDNY Local Rule 33.3. Subject to and without waiver of the foregoing objection, Plaintiff refers Defendants to Plaintiff's FRCP 26(a) disclosures.

19.    Identify all devices, email, social media and other means of electronic communication utilized by Plaintiff to communicate regarding the allegations in the Complaint with individuals other than Plaintiff's attorney.

**RESPONSE:** Plaintiff objects to this interrogatory as being outside the scope of permissible interrogatories under SDNY Local Rule 33.3. See also General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff confirms he is not in possession of information responsive to this interrogatory.

20.    Identify each person plaintiff, or plaintiff's agents or persons working on plaintiff's behalf, consulted with who holds him/herself out to be an expert or consultant in any field, including, but not limited to, any medical, psychological, or related field, or an economics/damage calculation concerning any issues in this case.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the foregoing objections, Plaintiff confirms he is not currently in possession of information responsive to this Interrogatory.

21.    Identify by name and provide the address of any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of

alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated Plaintiff for any injuries or damages, including emotional distress damages, allegedly caused by the acts or omissions of Defendants, their agents, or employees.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the foregoing objections, Plaintiff confirms that he was under the care of Drs. Charles DeMarco, Steven Touliopoulos, Daniel Caligiuri as well as a Physical Therapist in California and Mental Health Specialist in New York.


22.      Identify any physician(s) or health care professional(s), including mental health professional(s), chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind who has(have) evaluated, counseled, or treated Plaintiff from 2012 until the present.

**RESPONSE:** See General Objections D, E and G.  Subject to and without waiver of the foregoing objections, Plaintiff confirms that he was under the care of Drs. Charles DeMarco, Steven Touliopoulos, Daniel Caligiuri as well as a Physical Therapist in California and Mental Health Specialist in New York.


23.  For each person identified in response to the preceding two interrogatories, provide authorizations sufficient to enable Defendants to obtain the records or documents connected with such counseling, evaluation, examination or treatment. Copies of sufficient authorizations are annexed hereto as Appendix A (for Plaintiff's medical records) and Appendix B (for any psychiatric, psychotherapy or psychological counseling/treatment

plaintiff received).

**RESPONSE**: See General Objections D, E and G. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

**DOCUMENT
REQUESTS**

      1.     All documents and communications identified or relied on in responding to Defendant's First Set of Interrogatories to the extent not previously produced.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

      2.     All documents and communications identified in "Plaintiff's Disclosures Pursuant to Pilot Discovery Protocols for Counseled Employment Cases" to the extent not previously produced.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

      3.     All documents identified in Plaintiff's initial disclosures.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

4.      All logs, journals, diaries, or other documents maintained by Plaintiff from December 2014 to June 29, 2018 which concern or reflect the allegations in the Complaint.

**RESPONSE**: See General Objection No. 5. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

5.      Any documents reflecting, referring or relating to requests for an accommodation related to a disability made by Plaintiff to Defendants from December 2014 to October 2016.

**RESPONSE**: See General Objections 3, 4, 5, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

6.      Any applications made by Plaintiff to positions of employment from October 2016 to the present including resumes, cover letters and relevant job postings.

**REPSONSE:** See General Objection No. 5. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

7.      Any documents reflecting the alteration of Plaintiff's fiber optics training schedule in December 2014 as alleged in paragraph "23" of the Amended Complaint.

**REPSONSE:** See General Objection No. 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

8.      Any documents reflecting the suspension of Plaintiff's driving privileges in January 2015 as alleged in paragraph "27" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 5, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

9.      Any documents reflecting, referring or relating to Defendants refusal to compensate Plaintiff for time off relating to his February 27, 2015 injury as alleged in paragraph "34" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

10.      Any documents reflecting Plaintiff's request for a discretionary grant as alleged in paragraph "35" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

11.     A copy of the March 2015 note from Plaintiff's doctor regarding Plaintiff's injuries referred to in paragraph "36" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

12.     Copies of any communications sent or received by Plaintiff regarding his FMLA eligibility or requests for FMLA qualified leave from December 2014 to October 2016.

**REPSONSE:** See General Objection Nos. 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

13.     Any documents reflecting Plaintiff's March 2015 requests for leave as alleged in paragraphs "37" and "39" of the Amended Complaint.

**REPSONSE:** See General Objection No. 5. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

14.     Any documents reflecting Plaintiff's requests for light duty or medical leave as alleged in paragraph "43" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

15.     Any documents reflecting Plaintiff's complaints regarding unpaid hours in March and April of 2015 as alleged in paragraph "44" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

16.     Any documents reflecting the removal of Plaintiff's seniority as alleged in paragraph "46" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

17.     Any documents reflecting Plaintiff's communication with Miguel Correa regarding Plaintiff's February 27, 2015 request for leave as alleged in paragraph "49" of the Amended Complaint.

**REPSONSE:** See General Objection No. 5. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

18.     Plaintiff's May 19, 2015 request for transfer as alleged in paragraph "52" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached

hereto, Bates Numbered P000001-P000099.

19.     Copies of the May 27, 2015 write ups issued to Plaintiff by Defendant as alleged in paragraph "57" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

20.     A copy of the July 31, 2015 performance evaluation allegedly issued to Plaintiff as alleged in paragraph "60" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

21.     A copy of the August 3, 2015 email allegedly sent by Fiorentino to Plaintiff's direct supervisor as alleged in paragraph "61" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

22.     A copy of the write up allegedly received by Plaintiff for taking time off without accrued vacation time as alleged in paragraph "69" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

23.     A copy of the doctor note Plaintiff provided to Defendants on August 31, 2015 stating Plaintiff was scheduled for surgery on September 11, 2015 as alleged in paragraph "74" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

24.     Any documents reflecting the termination of Plaintiff's medical insurance benefits on September 14, 2015 as alleged in paragraph "77" of the Amended Complaint.

**REPSONSE:** See General Objection Nos. 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

25.     Any documents reflecting, referring or relating to Plaintiff's request for a 90-day leave grant as alleged in paragraph "79" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

26.     Any documents reflecting Plaintiff's request to return to work on light duty as alleged in paragraph "81" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

27.     Any documents reflecting Plaintiff's February 29, 2016 application for disability retirement as alleged in paragraph "85" of the Amended Complaint.

**REPSONSE:** See General Objections 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

28.     Any documents reflecting the granting or denial of Plaintiff's February 29, 2016 application for disability retirement.

**REPSONSE:** See General Objections 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

29.     Any documents reflecting, referring or relating to Plaintiff's October 7, 2016 termination as alleged in paragraph "86" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

30.     Any documents reflecting Plaintiff's requests for medical leaves of absence and light duty assignments as alleged in paragraph "91" of the Amended Complaint.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

31.     Any documents reflecting, referring or relating to Plaintiff's complaints regarding retaliation as alleged in paragraph "92" of the Amended Complaint.

**REPSONSE:** See General Objection No. 5. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.

32.     Provide a copy of all documents sent or received by Plaintiff, or Plaintiff's agents or persons working on Plaintiff's behalf, to or from, any governmental entity concerning the allegations set forth in the complaint, including, but not limited to, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission of Human Rights; the New York State Department of Labor; the New York City Department of Investigation; or the New York State Attorney General's Office.

**RESPONSE**: See General Objections 3, 4, 6 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

33.     For each personal phone, email or social media account (including but not limited to personal email accounts such as Hotmail, Outlook, Yahoo mail, Gmail,

Facebook, Twitter, blogs, You Tube channels, etc.) that plaintiff maintained or maintains, provide a copy of each email/social media/SMS/text message that plaintiff sent or received concerning the allegations set forth in the Complaint in this action not in communication with Plaintiff's attorney.

**REPSONSE:** See General Objection No. 5. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand. To the extent Plaintiff is in possession of documents responsive to this request, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

34.    Provide copies of all documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made about the claims in this action, including the claims for damages and mental suffering, and documents, photographs, audio recordings, video recordings, diary and/or calendar entries, notes, or other writings that Plaintiff made concerning any in-person and telephone conversations which Plaintiff had with any of the Defendants' employees or agents concerning his allegations in the complaint.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.

35.    Provide a copy of all documents that refer, relate to, or reflect each and every one of Plaintiff's claims, if any, for emotional distress damages.

**RESPONSE**: See General Objections 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.


36.    Provide a copy of all documents, if any, that refer, relate to, or reflect each and every one of plaintiff's claims, if any, for damages other than emotional distress damages.

**RESPONSE**: See General Objections 1, 3, 4 and 7. Subject to and without waiver of the foregoing objections, Plaintiff respectfully refers Defendants to the documents attached hereto, Bates Numbered P000001-P000099.


37.    Provide a copy of Plaintiff's tax records for the period from January 2014 to the present.

**REPSONSE:** See General Objections 5 and 6. Subject to and without waiver of the foregoing objections, Plaintiff is not currently in possession of any documents responsive to this demand.


Date: April 16, 2021
New York, New York                                    DEREK SMITH LAW GROUP, PLLC


By:

Seamus Barrett, Esq.
Attorneys for Plaintiff
One Pennsylvania Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

# Exhibit C

E. PITRE

Page 146

1      Q.    And did you ever use that email to communicate
2  about work?
3                MR. BARRETT:   I'm going to object, to the
4           extent that he emails with counsel and that would
5           be privileged and confidential.
6                MR. GREEN:   Sure.   Let me clarify.
7      Q.    Other than receiving or sending emails to
8  counsel, did you ever communicate regarding your work with
9  the FDNY using that email?
10     A.    No.
11     Q.    Do you use that email to communicate with your
12 union?
13     A.    No.   Everything was phone calls to the union.
14     Q.    What damages are you claiming in this case?
15                MR. BARRETT:   Objection.
16                You can answer.
17                THE WITNESS:   What was that?
18                MR. BARRETT:   You can answer, to the extent
19           that you know and you understand the question.
20     A.    Just, like, a lot of my co-workers got the
21 opportunity to finish their career.   You know, I just -- I
22 wanted to finish my career; I didn't get a chance for that.
23 The -- what else?
24                And just look at my age, and if I would have --
25 if they would have just given me the time to heal, to get

E. PITRE

Page 147

1    my surgery right away, my shoulder wouldn't be where it is

2    today, or my hand.   I didn't get that.

3              You know, so pretty much that.   Look at

4    everything they have done to me.

5        Q.    Are you claiming damages related to emotional

6    distress?

7        A.    Yes.

8              MR. BARRETT:   Objection.

9        Q.    Are you claiming attorney's fees?

10             MR. BARRETT:   Objection.

11             You can answer.

12       A.    Yes.

13       Q.    Have you had any income following your --

14   following your retirement from the FDNY?

15       A.    No.

16             Actually, when you file -- when you're granted a

17   disability pension, by law, every year, like clockwork, I

18   have to hand in my W-2s.   Everything; the whole thing.   Not

19   just the W-2s but the whole -- anything I file.

20             And they review, and the moment they think I'm

21   working, I lose my pension, I lose my medical.   So every

22   year, it goes through all of the departments and you gotta

23   go and they go through it.

24       Q.    So the only income you've received has been

25   connected to that -- to the pension, to the disability