

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **LAUREN F. SILVER**<br>Assistant Corporation Counsel<br>Phone: (212) 356-2507<br>E-mail: lasilver@law.nyc.gov<br>*E-mail and Fax Not For Service* |

January 16, 2024

**By ECF**
Honorable Denny Chin
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

        Re:    <u>Pitre v. City of New York, et al.</u>, 18-CV-5950 (DC)

Your Honor:

        We are Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. We write in opposition to Plaintiff's handwritten note describing his proposed damages calculation, attached hereto as Exhibit A, and Plaintiff's proposed 2011 lawsuit description (hereinafter referred to as "the description") reproduced below.

Damages Calculation

        Defendants object to Plaintiff's latest damages calculation. Plaintiff's damages calculation is based on speculative overtime assumptions, incorrect FMLA calculations, and relies on comparator data that Plaintiff has been precluded from introducing as evidence. Plaintiff's starting number of $134,929 seems to be derived from his tax returns which would include time before he was injured where he was admittedly earning over time. Plaintiff alleges that after his injury he would have needed an accommodation to work so it is speculative to believe that, in his post-injury disabled state, he would still be able to earn the same amount of overtime as he previously earned prior to the disability. There is also no evidence whatsoever to support that proposition and no expert to explain that leap to the jury. As such, we do not consent to any number provided in the handwritten note Plaintiff provided as a proposed damages calculation.

        Furthermore, Plaintiff's economic damages proposal is faulty. From communications with Plaintiff's counsel regarding his economic damages, it is clear that Plaintiff intends to seek liquidated damages on the entirety of Plaintiff's alleged economic damages including claims other

than his FMLA claims.  If Plaintiff prevails on his economic damages claim, Plaintiff is only entitled to liquidated damages on FMLA violations.  Yet, Plaintiff's damages proposal requests that he be allowed to double his economic damages without taking into account the fact that Plaintiff can only get liquidated damages on the jury determined FMLA violations. Thus, the amount that Plaintiff will seek from the jury in economic damages errs since only the FMLA damages can be doubled.

Finally, all other calculations provided on Plaintiff's handwritten note should be disregarded since it provides no new or different basis for reconsideration. Specifically, Plaintiff seeks to offer evidence of pension damages through comparator testimony of Joe Adams which is in direct contravention of Your Honor's prior ruling. As Your Honor previously held, Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(1)(A)(i) by not providing us notice that this witness would be testifying on the topic of economic damages, (ECF No. 120, page 5).  Yet, it is clear from Plaintiff's economic damages chart that he intends to introduce testimony from Joe Adams regarding his pay for the past couple of years.

Additionally, Plaintiff has still failed to cure the questions Your Honor raised in your prior decision regarding the speculative nature of his proposed economic damages. ECF No. 120, at pages 11-12.  Plaintiff's new economic damages calculation does not account for the immense amount of speculation required to accept the comparator information. Namely, it does not account for Adams's overtime, whether plaintiff could have also accrued that same overtime with his disability, tax consequences, etc. As such, we request that Your Honor maintain your prior ruling and disregard Plaintiff's belated and baseless attempt at reconsideration of the limitation of the economic damages he can seek from the jury.

The Description

The parties have also been unable to resolve the issue of the description of the 2011 lawsuit. Plaintiff's proposed description is:  "Ed and several co-plaintiffs sued the City/FDNY in 2011 under federal antidiscrimination statutes alleging race discrimination and other violations including graffiti referring to Ed (who is Latinx) as "spick (spic) Ed", and a hangman's noose left on a Black co-plaintiff's locker, as well as racially discriminatory employment practices, including by John Fiorentino.  Ed does not intend to assert the veracity of those claims in this trial as that lawsuit was resolved in October 2014."

Defendants object to Plaintiff's proposed description.  In Point IV of Defendants' Motions in *Limine,* Defendants' requested that evidence regarding Plaintiff's 2011 lawsuit be precluded. ECF No. 96. In Your Honor's subsequent ruling on this motion, Your Honor held that you did not want that lawsuit to be relitigated and that the only evidence allowed would be "that there was a lawsuit in general, what is was, and that the plaintiff was a party, who the parties were and that the case was [resolved]." See October 11, 2024 transcript annexed hereto as Exhibit B p 11 L20-24; (bracket added to replace "settled" so as to reflect your clarification issued at the conference held on January 12, 2024.).  Plaintiff's proposed language goes well beyond Your Honor's ruling. It not only goes into the underlying facts of the case, thereby relitigating the lawsuit, but also it mentions facts of another Plaintiff in that case. This is not only irrelevant to Plaintiff's allegedly being retaliated against, but also it is in direct contravention of Your Honor's prior ruling that other

witnesses' claims are irrelevant in this matter. ECF No. 120, at page 5.  As Your Honor is aware, Defendants did not dispute in the proposed jury instructions submitted for this case that Plaintiff engaged in protected activity. Given that Defendants do not dispute that Plaintiff engaged in protected activity, the prior lawsuit is of limited relevance, and Plaintiff's proposed language is clearly unduly prejudicial and in contravention of a prior order.  As such, we object to this language. Instead, Defendants propose language in line with Your Honor's prior rulings as follows: Plaintiff filed a lawsuit in 2011 with respect to his employment at the NYC Fire Department and the matter was resolved in October of 2014.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*s/ Lauren F. Silver*

Lauren F. Silver
Assistant Corporation Counsel

*s/ Desiree Alexander*

Desiree Alexander
Assistant Corporation Counsel

cc:   Counsel of Record (By ECF)