SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------
EDWARD PITRE,

                    Plaintiff,

-against -

MORNINGSIDE HEIGHTS SN, LLC, and
J & F MEAT MARKET CORP.,

                    Defendants.
-------------------------------------------------

Index No. ___
Date Purchased ___

Plaintiff designates
New York County as
the place of trial.
The basis of the venue
is Defendant's residence.

Summons
with Notice

Plaintiff resides at
130-59 115 St.
S. Ozone Park, New York.
County of Queens

To the above named Defendants:

        You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, July 23, 2015

Defendants' Addresses:

                                                      HOFFMAIER & HOFFMAIER, P.C.
                                                      13 Avenue B, 1st Floor
                                                      New York, New York 10009
                                                      (212) 777-9400

MORNINGSIDE HEIGHTS SN, LLC
1975 Amsterdam Ave.
Manhattan, New York
and P.O. Box 7079
New York, NY 10150

J & F MEAT MARKET CORP.
c/o QT Business Services Inc.
192 Audubon Ave.
NY, NY 10033

**Notice:** The nature of this action is Negligence/Personal Injuries

**The relief sought is** Money Damages.

Upon your failure to appear, judgment will be taken against you by default for the sum of $1,000,000.00, with interest from February 27, 2015 and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                                              *Index No.* ___
----------------------------------------------------------------X
EDWARD PITRE,

                      Plaintiff,                                       VERIFIED COMPLAINT

      -against -

MORNINGSIDE HEIGHTS SN, LLC, and
J & F MEAT MARKET CORP.,

                      Defendants.
----------------------------------------------------------------X

      Plaintiff, by his attorney, HOFFMAIER & HOFFMAIER, P.C., complaining of the Defendants, respectfully sets forth and alleges, upon information and belief, that:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff was and still is a resident of the City and State of New York, and resides at 130-59 115 St., S. Ozone Park, Queens, New York.
2. At all relevant times, MORNINGSIDE HEIGHTS SN, LLC was a domestic corporation licensed and authorized to do business in the State of New York.
3. At all relevant times, MORNINGSIDE HEIGHTS SN, LLC was a limited liability corporation licensed and authorized to do business in the State of New York.
4. At all relevant times, MORNINGSIDE HEIGHTS SN, LLC was a foreign corporation licensed and authorized to do business in the State of New York.
5. At all relevant times, MORNINGSIDE HEIGHTS SN, LLC was a partnership.
6. At all relevant times, MORNINGSIDE HEIGHTS SN, LLC was a sole proprietorship.
7. On February 27, 2015, MORNINGSIDE HEIGHTS SN, LLC owned Premises located at 1975 Amsterdam Ave., Manhattan, New York.
8. On February 27, 2015, MORNINGSIDE HEIGHTS SN, LLC leased Premises located at 1975 Amsterdam Ave., Manhattan, New York (hereinafter, the building at 1975 Amsterdam Ave., Manhattan, New York, and its adjoining sidewalk, are referred to as the "Premises").

9. At all relevant times, J & F MEAT MARKET CORP. was a domestic corporation licensed and authorized to do business in the State of New York.

10. At all relevant times, J & F MEAT MARKET CORP. was a limited liability corporation licensed and authorized to do business in the State of New York.

11. At all relevant times, J & F MEAT MARKET CORP. was a foreign corporation licensed and authorized to do business in the State of New York.

12. At all relevant times, J & F MEAT MARKET CORP. was a partnership.

13. At all relevant times, J & F MEAT MARKET CORP. was a sole proprietorship.

14. On February 27, 2015, J & F MEAT MARKET CORP. owned 1975 Amsterdam Ave., Manhattan, New York.

15. On February 27, 2015, J & F MEAT MARKET CORP. leased 1975 Amsterdam Ave., Manhattan, New York (hereinafter, the building at 1975 Amsterdam Ave., Manhattan, New York, and its adjoining sidewalk, are referred to as the "Premises").

16. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, operated the Premises.

17. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, maintained the Premises.

18. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, managed the Premises.

19. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, controlled the Premises.

20. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

21. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to remove unsafe and hazardous ice, black ice, snow and water at the Premises.

22. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous ice, black ice, snow and water at the Premises.

23. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous ice, black ice, snow and water, by color, markings, signs and other warnings, at the Premises.

24. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to see that the Premises conformed to code as regards height, width, friction and length.

25. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

26. On February 27, 2015, the Plaintiff EDWARD PITRE ("Plaintiff") was lawfully on the Premises.

27. On February 27, 2015, Plaintiff was walking at the Premises and slipped, tripped and fell due to a icy, black icy, snowy, wet, dirty, hazardous, defective and unsafe Premises.

28. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

29. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to remove unsafe, hazardous ice, black ice, snow and water at the Premises.

30. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of unsafe and hazardous ice, black ice, snow and water at the Premises.

31. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of unsafe and hazardous ice, black ice, snow and water, by color, markings, signs and other warnings, at the Premises.

32. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to see that the Premises conformed to code as regards height, width, friction and length.

33. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

34. As a result of said hazardous icy, black icy, snowy, wet, dirty and unsafe conditions, and the improper and inadequate lighting and sidewalk, thereby constituting a trap, snare and nuisance, Plaintiff was caused to slip/trip and fall and to sustain severe injuries to his body.

35. The aforesaid described incident and the resulting injuries to the Plaintiff were caused solely by the reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants, their servants, agents, lessees, permittees and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

36. Defendants are liable for negligence, negligence per se, res ipsa loquitor, respondeat superior and vicarious liability.

37. Defendants caused and created the conditions described above.

38. Defendants had written and oral, actual and/or constructive, prior notice of the conditions described above.

39. Defendants had both actual and constructive prior notice and knowledge of a recurrent hazardous condition at the Premises.

40. This action falls within one or more of the exceptions set forth in CPLR Section 1602, including, but not limited to, CPLR 1602(7), and (11).

41. Defendant failed to exercise reasonable care in the performance of its duties and thereby launched a force or instrument of harm; Plaintiff detrimentally relied upon the continued performance of the contractor's obligation; and/or the Defendant displaced the owner's obligation to maintain the Premises safely.

42. By reason of the foregoing, Plaintiff EDWARD PITRE was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration.

43. By reason of the foregoing, Plaintiff EDWARD PITRE was caused to suffer pain, inconvenience and other effects of such injuries.

44. By reason of the foregoing, Plaintiff EDWARD PITRE incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries.

45. By reason of the foregoing, Plaintiff EDWARD PITRE has suffered and in the future will necessarily suffer additional loss of time and earnings from employment.

46. By reason of the foregoing, Plaintiff EDWARD PITRE will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

47. By reason of the foregoing, Plaintiff EDWARD PITRE has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for his injuries and damages.

## AS AND FOR A SECOND CAUSE OF ACTION

48. Plaintiff repeats, reiterates and realleges each and every allegation of the Complaint set forth in the prior and applicable paragraphs with the same force and effect as though said allegations were herein set forth at length.

49. At all relevant times, it was the duty of the Defendants to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, install, maintain and repair the Premises.

50. At all relevant times, it was the duty of the Defendants to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, installation, maintenance and repair of the Premises.

51. At all relevant times, the Defendants failed to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly

7

trained, and/or instructed to promptly, properly, safely, and adequately clean, install, maintain and repair the Premises.

52. At all relevant times, the Defendants failed to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, installation, maintenance and repair of the Premises.

53. By reason of the foregoing, Plaintiff EDWARD PITRE has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for his injuries and damages.

**WHEREFORE,** Plaintiff EDWARD PITRE demands judgment against the Defendants in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in the sum that would provide Plaintiff general relief for his injuries and damages, altogether with the costs and disbursements of this action.

Dated: New York, New York
July 23, 2015

Yours, etc.,

_____
JAMES HOFFMAIER
HOFFMAIER & HOFFMAIER, P.C.
Attorney for the Plaintiff
13 Avenue B, 1ˢᵗ Floor
New York, New York 10009
(212) 777-9400

STATE OF NEW YORK
COUNTY OF NEW YORK

I, the undersigned, am an attorney admitted to practice law in the Courts of the State of New York, and state that I am the attorney of record for EDWARD PITRE in the within action. I have read the annexed summons with notice and verified complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein that are stated to be alleged on information and belief, and, as to those matters, I believe them to be true. The grounds of my belief as to those matter not stated to be upon my own knowledge, are based on investigative materials contained in my file. The reason I make this affirmation instead of the Plaintiff is that the Plaintiff does not reside in the county wherein I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: July 23, 2015

_____
JAMES HOFFMAIER

Index No.                    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

EDWARD PITRE,

                Plaintiff,

-against-

MORNINGSIDE HEIGHTS SN, LLC, and J & F MEAT MARKET CORP.,

                Defendants.

---

**SUMMONS WITH NOTICE and VERIFIED COMPLAINT**

---

**Hoffmaier & Hoffmaier, P.C.**
Law Offices

Attorney for

PLAINTIFF

13 Avenue B, 1st Floor
New York, New York 10009
(212) 777-9400, (917) 650-0678
Fax (212) 777-9404

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: 7-23-15          Signature: *James Hoffman*
                        Print Signer's Name: James Hoffmaier

---

Service of a copy of the within                                    is hereby admitted.
Dated:

                Attorney(s) for

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.                    , one of the judges of the within-named Court,
at
on                    20        , at        M.

Dated:

                **Hoffmaier & Hoffmaier, P.C.**
                Law Offices

Attorney for

To:
                13 Avenue B, 1st Floor
                New York, New York 10009