SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X

EDWARD PITRE,

                              Plaintiff,

      -against -

MORNINGSIDE HEIGHTS SN, LLC, and
J & F MEAT MARKET CORP.,

                              Defendants.
----------------------------------------------------------X

**VERIFIED BILL OF PARTICULARS**

Index No: 157588/2015

Plaintiff, by his attorney, HOFFMAIER & HOFFMAIER, P.C., as and for his Verified Bill of Particulars, pursuant to the Demand of the Defendants, respectfully alleges:

1. Date of birth: ▓▓▓▓ Plaintiff's address: ▓▓▓▓ S. Ozone Park, Queens, New York. Social Security Number: ▓▓▓▓.

2. Date of accident: February 27, 2015. Time: approximately noon

3. (a-b) Objection. Details of the manner in which the accident occurred are not required to be set forth in a Bill of Particulars. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987). Evidentiary materials are not required to be set forth in a Bill of Particulars. Tully v. North Hempstead, 519 N.Y.S.2d 764 (2nd Dept. 1987); Bouton v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Palazzo v. Abbate, 45 A.D.2d 760 (2nd Dept. 1974). Without waiving this objection, location: 1975 Amsterdam Ave., Manhattan, New York (hereinafter, the building at 1975



Amsterdam Ave., Manhattan, New York, and its adjoining sidewalk, are referred to as the "Premises").

4. On February 27, 2015, Plaintiff was walking at the Premises and slipped, tripped and fell due to an icy, black icy, snowy, wet, dirty, hazardous, defective and unsafe Premises. That the negligence, carelessness, wanton recklessness, and neglect of the Defendants, their agents, servants, and/or employees, consisted of the following: causing and permitting said Premises to be, become, and remain in a dangerous, slippery, and unsafe condition in that there was snow, ice, black ice, water, and other hazardous materials thereon; the sidewalk was raised, depressed, dangerous, unsafe, defective, broken, hazardous, sloping, cracked, holey, unlevel, misleveled, and uneven; allowing a sunken/slanted area/ditch to exist that allowed pooling of water, snow and ice at the Premises; failure to prevent improper pooling of water, snow and ice at the Premises; failing to prevent the accumulation of water, snow, and ice; failing to properly and adequately clear water, snow and ice; failing to clear drains; failure to hire and train a sufficient number of competent persons to install, clean and repair; failing to place signs; failing to place enough signs; failing to place signs in proper places; failing to use proper signs; failing to use properly colored signs; failing to warn the said Plaintiff, by use and placement of proper and adequate personnel, barriers, barricades, signs, cones, ribbons, rope, or otherwise, of the dangerous, hazardous, and unsafe conditions; failing to mark/indicate the hazardous condition by color; failing to orally warn regarding the dangerous condition; allowing optical confusion in the area of the accident; failing to properly cleanup, pickup, shovel or otherwise maintain the Premises; negligent and careless in the ownership, construction, design,



operation, maintenance, repair, supervision, inspection, possession, care and control of the said Premises; negligent and careless in the hiring, supervision, training, retention and screening practices utilized by the Defendants, with regard to Defendants' agents, servants, and/or employees, who care for, install, maintain, clean, inspect, manage, operate, supervise, possess, and control the said Premises, in that the said agents, servants, and/or employees were improper, inadequate, and otherwise incompetent and unqualified; failing to provide proper, sufficient and adequate safety personnel, measures and equipment at the said Premises; failing to protect the said Plaintiff, and failing to prevent said Plaintiff's accident although Defendants, their agents, servants, and/or employees, had reasonable opportunity to do so; violating the applicable laws, statutes, ordinances, rules, and regulations; negligently and carelessly knew or should have known that the said Premises were dangerous, hazardous, and unsafe and that those persons who walk upon the said Premises has been or could be injured on the said Premises; negligent and careless in that Defendants, their agents, servants, and/or employees, allowed, maintained, and permitted to maintain dangerous, slippery, hazardous, and unsafe conditions to exist upon and at the said Premises; Doctrines of Res Ipsa Loquitur, negligence per se, vicarious liability, Respondeat Superior and Special Use; negligent and careless in that Defendants, their agents, servants, and/or employees, caused, created, and/or contributed to the said dangerous, hazardous, slippery and unsafe conditions complained of; negligently, carelessly, and recklessly allowed, encouraged and permitted unsafe, dangerous, hazardous, slippery, unsafe and defective conditions and situations to be and remain at the said Premises; negligent and careless in



permitting, allowing and encouraging a nuisance, snare and trap to exist at the said Premises; failing to provide proper and adequate lighting on, above or in the vicinity of said Premises; failing to place, install, provide and maintain safe, suitable and adequate mats, runners and/or non-skid materials upon the ground; failing to install, provide and maintain ground surfaces that were not excessive slippery; in carelessly, negligently, wantonly and improperly designing, planning, constructing and maintaining the Premises so as to contain unsafe and slippery conditions and excessively slippery walking surfaces; negligent and improper backfilling, excavation, compaction and repaving; in failing to provide safe ingress/egress to the Premises; and in being otherwise careless and negligent in the ownership, operation, and control of the Premises.

5. Objection: palpably improper. Without waiving this objection, on February 27, 2015, Plaintiff was walking at the Premises and slipped, tripped and fell due to an icy, black icy, snowy, wet, dirty, hazardous, defective and unsafe Premises. See also paragraphs 2-4 supra.

6. It will be claimed that the Defendants violated all applicable and relevant statutes, laws, codes, ordinances, rules and regulations of the State of New York or of the City of New York. Plaintiff will ask the Court to take judicial notice of all those statutes, laws, codes, ordinances, rules and regulations violated at the time of the trial. Kwang Sik Kim v. A & K Plastic, 519 N.Y.S.2d 24 (2nd Dept. 1987); Bouton v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Sansivero v. Garz, 20 A.D.2d 723 (2nd Dept. 1964). Without waiving this objection, Defendants violated, *inter alia*, Administrative Code of the City of New York 16-123, 19-152, 27-375, 27-376, 27-



4

377, 27-375(d)(2), 27-369, 27-381, 27-735 through 27-739, 19-152, 19-156, 375(h); Section 2-09 of the DOT rules and Regulations; Multiple Dwelling Law Sections 78, 80, 35, 36, 37, 50 and 52, New York Code 7-210, 7-211, 7-212, New York City Building Code, Title 27, 27-127, 27-128; 27-375, 27-375(e), 27-375(f) and 27-376; 27-375(h), NYC Housing Maintenance Code 27-2005, State of New York Industrial Code/12 NYCRR Sections 36-2.3, 9 NYCRR Section 713, 9 NYCRR 735.2, 9 NYCRR 735.3, NY Real Property Law Section 235(b)(d), CPLR 1602 (1), (2), (5), (6), (7) and (11); NYS Building Code C212-4; Administrative Code of NYC C26-604.9; New York City Department of Highway Rules, Section 2-09 – Sidewalk, Curb & Roadway Work, under Paragraph 5 – Substantial Defects; the Building Code of the City of New York Section 27-127, 27-128 and Article 13, Section 27-481, subparagraph B (where the surface paving of an open parking lot is non porous, such lot shall be drained as required by Subdivision B, C or D of Section P110.2 of Reference Standard RS-16); the coefficient of friction was lower than the American National Standards Institute 0.50 Standard.

7. (a) Plaintiff was not confined to hospital for overnight. (b) Objection: vague and ambiguous. Bed: intermittently to date. (c) Home: intermittently to date.

8. Objection: vague and ambiguous. Without waiving this objection, see paragraph 4 supra.

9. Objection. Details of the manner in which the accident occurred are not required to be set forth in a Bill of Particulars. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987). Evidentiary materials are not required to be set forth in a Bill of Particulars. Tully v. North Hempstead, 519 N.Y.S.2d 764 (2nd Dept. 1987); Bouton v.



County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Palazzo v. Abbate, 45 A.D.2d 760 (2nd Dept. 1974). Without waiving this objection, on February 27, 2015, Plaintiff was walking at the Premises and slipped, tripped and fell due to an icy, black icy, snowy, wet, dirty, hazardous, defective and unsafe Premises. See also paragraphs 2-4 supra.

10. Objection. Details of the manner in which the accident occurred are not required to be set forth in a Bill of Particulars. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987). Evidentiary materials are not required to be set forth in a Bill of Particulars. Tully v. North Hempstead, 519 N.Y.S.2d 764 (2nd Dept. 1987); Bouton v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Palazzo v. Abbate, 45 A.D.2d 760 (2nd Dept. 1974). Without waiving this objection, on February 27, 2015, Plaintiff was walking at the Premises and slipped, tripped and fell due to an icy, black icy, snowy, wet, dirty, hazardous, defective and unsafe Premises. See also paragraphs 2-4 supra.

11. Objection. Notice is not required because Defendants, their agents, servants and/or employees, caused and created the condition. However, to the extent the Court requires notice, actual notice is claimed, in that Defendants, their agents, servants and/or employees, "JOHN DOE(S)" and/or "JANE DOE(S)," knew of, saw, caused, created, and/or contributed to the said dangerous, hazardous and unsafe conditions/situations complained of, which conditions/situations existed for a long and unreasonable length of time prior to the occurrence of the incident to which this action refers. To the extent the Court requires constructive notice, notice is claimed in that the Defendants, their servants, agents, and/or employees, permitted the



dangerous, hazardous and unsafe condition to exist and remain for an unreasonably long period of time prior to the accident, when they knew or could and should have known of said condition that existed for an unreasonably long period of time prior to the accident, and a reasonable inspection of the Premises would have revealed the existence of said dangerous and defective conditions. See also publicly available weather records. There were ongoing and recurrent dangerous conditions that existed in the area of the accident that were routinely left unaddressed by the Defendants; notice of the recurrent conditions is notice of each incident of the recurrent conditions; Defendants were negligent in allowing the conditions to remain on the ground despite prior notice of the recurrent conditions on the ground; Defendants, their agents, servants, and/or employees, "John Does" and/or "Jane Does," should have known of, and should have seen, the recurrent conditions, which existed for a long and unreasonable length of time prior to the occurrence of the incident to which this action refers.

12. (a) Objection. Notice is not required because Defendants, their agents, servants and/or employees, caused and created the condition. However, to the extent the Court requires notice, actual notice is claimed, in that Defendants, their agents, servants and/or employees, "JOHN DOE(S)" and/or "JANE DOE(S)," knew of, saw, caused, created, and/or contributed to the said dangerous, hazardous and unsafe conditions/situations complained of, which conditions/situations existed for a long and unreasonable length of time prior to the occurrence of the incident to which this action refers. Actual notice was before the accident; the identity of the persons (besides weather men and women) who gave notice is presently in the exclusive



custody of the Defendants; the identity of the person who received notice is presently in the exclusive custody of the Defendants. Oral statements cannot be produced. Written weather records are publicly available. (b) To the extent the Court requires constructive notice, notice is claimed in that the Defendants, their servants, agents, and/or employees, permitted the dangerous, hazardous and unsafe condition to exist and remain for an unreasonably long period of time prior to the accident, when they knew or could and should have known of said condition that existed for an unreasonably long period of time prior to the accident, and a reasonable inspection of the Premises would have revealed the existence of said dangerous and defective conditions. See also publicly available weather records. There were ongoing and recurrent dangerous conditions that existed in the area of the accident that were routinely left unaddressed by the Defendants; notice of the recurrent conditions is notice of each incident of the recurrent conditions; Defendants were negligent in allowing the conditions to remain on the ground despite prior notice of the recurrent conditions on the ground; Defendants, their agents, servants, and/or employees, "John Does" and/or "Jane Does," should have known of, and should have seen, the recurrent conditions, which existed for a long and unreasonable length of time prior to the occurrence of the incident to which this action refers.

13. Actual notice was before the accident; the identity of the persons (besides weather men and women) who gave notice are presently in the exclusive custody of the Defendants; the identity of the person who received notice is presently in the exclusive custody of the Defendants. Oral statements cannot be produced. Written weather records are publicly available. See also paragraph 12 supra.



14. (a) Plaintiff was not confined to hospital for overnight. Plaintiff's treating physicians: Drs. Steven Touliopoulos, Daniel Caligiuri, Charles Demarco, Terky Lin, University Orthopedics of NY, PLLC, 23-18 31 St., Suite 210, Astoria, NY 11105; New York-Presbyterian/ Lower Manhattan Hospital, 170 William Street, New York, NY 10038; Peter Glickman, David Milbauer, Lenox Hill Radiology, 61 E. 77 St., NY, NY 10075. HIPAA authorizations were provided under cover letter of Sept. 10, 2015. (b) Bed: intermittently to date. (c) Home: intermittently to date.

15. Injuries (permanent; caused, precipitated, aggravated, and/or exacerbated): Left shoulder post traumatic circumferential labral tear with SLAP lesion, shoulder instability with anteroinferior labral tear (Bankart lesion) and anterior capsular deficiency as well as with posteroinferior labral tear (Reverse Bankart lesion) and posterior capsular deficiency, subacromial impingement syndrome, large superior paralabral cyst, rule out suprascapular nerve entrapement and further left shoulder internal derangement. Left shoulder post traumatic circumferential labral tear with a large type 2 SLAP lesion, shoulder instability with anteroinferior labral tear (Bankart lesion) and anterior capsular deficiency as well as with posteroinferior labral tear (Reverse Bankart lesion) and posterior capsular deficiency, chondral injuries of glenoid and humeral head, suprascapular nerve entrapment, large superior paralabral cyst, and subacromial impingement syndrome. Left shoulder diagnostic arthroscopy, arthroscopic repair of circumferential labral tear with arthroscopic repair of large type 2 superior labral anterior posterior lesion (SLAP lesion), arthroscoptic stabilization via repair of anteroinferior labral tear (Bankart lesion) with anterior capsulorrhaphy and repair of posteroinferior labral tear (Reverse Bankart lesion)

9



with posterior capsulorrhaphy, arthroscopic extensive debridement with arthroscopic debridement of chondral injuries of glenoid and humeral head and arthroscopic debridement of large superior paralabral cyst, arthroscopic decompression of suprascapular nerve entrapment, and arthroscopic subacromial decompression. Left shoulder arthroscopy with indicated procedure. The patient had been diagnosed with significant chondral injuries of the glenohumeral joint space. The patient may eventually require a total shoulder replacement procedure in the future especially in light of his relatively young age as well as the degree of the chondral damage that was found present in the left shoulder joint. Left shoulder labral tear/SLAP lesion involving the posterosuperior labrum, with an associated 3.4 cm posterosuperior para labral ganglion cyst extending into the spinoglenoid notch; labral tears involving the anterior and posteroinferior labrum. Left shoulder SLAP lesion, labral tear, impingement and instability; suprascapular nerve entrapment. Left wrist: longitudinal split tear of the extensor carpi ulnaris tendon at the level of the ulnar styloid. Sprain of left hand and wrist. Pain: left wrist; left shoulder. Embarrassment, humiliation, self-consciousness, emotional anguish, depression, anxiety and stress. Loss of enjoyment of life. Pain and suffering continuing to date. The above injuries are accompanied by severe pain, tenderness, swelling, stiffness, discomfort, distress, weakness, depression, stress, restriction of motion and with related injuries, damages, compromise and degeneration of the underlying soft tissues, blood vessels, bones, nerves, tendons, ligaments, and musculature and all of the natural consequences flowing therefrom. Impairment of spinal integrity and exacerbation of any pre-existing symptomatic and/or asymptomatic spondylitic changes, osteoporosis, arthritis, hypertropic



vertebral changes, narrowing of vertebral spaces, degenerative vertebral or disc changes. Aggravation, activation and/or precipitation of any underlying hypertropic, degenerative, arthritic, circulatory, arterial, venous or systemic condition complained of. Plaintiff has and will continue to experience impairment, disruption and difficulty with daily activities, way of life and enjoyment of life including significant impairment of numerous activities that Plaintiff had previously taken for granted. Limitations, diminution, and/or impairment of functions, activities, vocation, avocation and other activities that Plaintiff engaged in prior to the accident. Please take notice that to the extent Defendants claim that any injuries sustained by the Plaintiff were caused by pre-existing conditions and/or degenerative conditions, the Plaintiff alleges that any so-claimed pre-existing and/or degenerative conditions were latent, inactive and dormant and were exacerbated, activated and/or aggravated by the acts and omissions of the Defendants giving rise to the accident and injuries as set forth herein. Also, see copies of medical reports, medical records and authorizations received to date (provided under cover letter of Sept. 10, 2015) for dates of treatment and bills. Subject to supplementation/amendment.

16. Communications electrician. Employer: NYC Fire Dept., 9 Metrotech Centre. Brooklyn, NY. (Authorization for W2s, employment and medical records was provided under cover letter of Sept. 10, 2015.)

17. Employer: NYC Fire Dept., 9 Metrotech Centre. Brooklyn, NY. (Authorization for W2s, employment and medical records was provided under cover letter of Sept. 10, 2015.) Out of work (approx. $1600 per week) for approx. two months.

18. Out of work (approx. $1600 per week) for approx. two months.

11



19. Pursuant to NYS Bill A40002, signed into law by Governor Paterson, amending CPLR 4545, Plaintiff is not seeking damages for any medical expense paid by a collateral source. (a) Hospital expenses: upon information and belief, Plaintiff paid no money out of pocket; (b) physician's services: upon information and belief, Plaintiff paid no money out of pocket; (c) medicine: upon information and belief, Plaintiff paid no money out of pocket; (d) appliances: upon information and belief, Plaintiff paid no money out of pocket; (e) services: upon information and belief, Plaintiff paid no money out of pocket; (f) not applicable; and (g) $1,000,000 pain and suffering. Plaintiff may seek to supplement and prove further, additional and/or continuing special damages and impairment.

20. DEMAND FOR NAMES AND ADDRESSES OF WITNESSES: Plaintiff and employees of Defendants and Felix Garcia, 204 E 111 St., NY NY, Engine 91. Upon information and belief, no other witnesses to the accident. See paragraphs 12-13 supra regarding "notice" witnesses. Subject to amendment/supplementation. DAMAGES WITNESSES: Plaintiff's treating physicians. Plaintiff's treating physicians: Drs. Steven Touliopoulos, Daniel Caligiuri, Charles Demarco, Terky Lin, University Orthopedics of NY, PLLC, 23-18 31 St., Suite 210, Astoria, NY 11105; New York-Presbyterian/ Lower Manhattan Hospital, 170 William Street, New York, NY 10038; Peter Glickman, David Milbauer, Lenox Hill Radiology, 61 E. 77 St., NY, NY 10075. HIPAA authorizations were provided under cover letter of Sept. 10, 2015.

Plaintiff reserves his right to amend and/or supplement this information up to and including the time of trial of this matter. Shahid v. N.Y.C.H. &H.C., 47 A.D.3d 798 (2nd Dept. 2008);



Scherrer v. Time, 27 A.D.3d 208 (1st Dept. 2007); Zenteno v. Geils, 17 A.D.3d 457 (2nd Dept. 2005); Allen v. Braxton, 21 A.D.3d 1272 (4th Dept. 2005).

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated:    New York, New York
          October 5, 2015

Yours, etc.

James C. Hoffmaier
HOFFMAIER & HOFFMAIER, P.C.
Attorney for Plaintiff
13 Avenue B, 1st Floor
New York, New York, 10009
(212) 777-9400

TO:   BRAFF, HARRIS, SUKONECK & MALOOF
      Attorneys for Defendants
      570 W. Mt. Pleasant Ave., Suite 200
      Livingston, NJ 07039
      (212) 599-2085



STATE OF NEW YORK )

COUNTY OF NEW YORK )   SS:

JAMES HOFFMAIER, an attorney duly admitted to practice law in the State of New York, affirms the following to be true under penalties of perjury:

The undersigned is the attorney of record for the Plaintiff, EDWARD PITRE, in the captioned matter. The undersigned has read the forgoing and knows the contents thereof. The same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief; and as to those matters, affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the Plaintiff is because the Plaintiff does not reside or have a place of business in New York County, where your affirmant's office is located. The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge, are based upon investigative material contained in affirmant's file.

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated: New York, New York
October 5, 2015

_____
JAMES HOFFMAIER, ESQ.
Hoffmaier & Hoffmaier, P.C.
Attorney for Plaintiff

STATE OF NEW YORK
COUNTY OF NEW YORK

SS:

I, the undersigned, an attorney duly admitted to practice law in the State of New York, hereby affirms to following to be true under penalty of perjury.

On October 5, 2015, I served the within Verified Bill of Particulars and Combined Responses to Discovery, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

BRAFF, HARRIS, SUKONECK & MALOOF
Attorneys for Defendants
570 W. Mt. Pleasant Ave., Suite 200
Livingston, NJ 07039
(212) 599-2085

October 5, 2015

James Hoffmaier, Esq.
HOFFMAIER & HOFFMAIER, P.C.
Attorney for Plaintiff



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EDWARD PITRE,

     Plaintiff,

-against-

MORNINGSIDE HEIGHTS SN, LLC, and J & F MEAT MARKET CORP.,

     Defendants.

---

VERIFIED BILL OF PARTICULARS and DISCOVERY RESPONSES

---

**Hoffmaier & Hoffmaier, P.C.**
Law Offices

Attorney for PLAINTIFF

13 Avenue B, 1st Floor
New York, New York 10009
(212) 777-9400, (917) 650-0678
Fax (212) 777-9404

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: 10-5-15  Signature: *James Hoffmaier*

     Print Signer's Name: James Hoffmaier

---

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for _____

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within-named Court on _____ 20 __

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court, at _____ on _____ 20 __, at _____ M.

Dated:

**Hoffmaier & Hoffmaier, P.C.**
Law Offices

Attorney for

To:

13 Avenue B, 1st Floor
New York, New York 10009

F