18 CV 5950 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD PITRE,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually,
JOHN FIORENTINO individually, and
JOSEPH M. MASTROPIETRO, individually,

                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND
ATTORNEYS' FEES AND COSTS**

### HON. SYLVIA O. HINDS-RADIX

*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Lauren Silver, Desiree Alexander*
*Tel:          (212) 356-2507, (212) 356-3177*

**TABLE OF CONTENTS**

...
...

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

LEGAL STANDARD ....................................................................................................................4

ARGUMENT..................................................................................................................................6

    I.    Plaintiff, Plaintiff's Counsel, and The Firm Should be Sanctioned Under the Court's Inherent Powers and Under § 1927................................................................................... 6

CONCLUSION...............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Liebowitz v Bandshell Artist Mgt.*,
    6 F.4th 267 (2d Cir 2021) ...................................................................................................7

*Rossbach v. Montefiore Med. Ctr.*,
    No. 19-5758, 2021 US Dist. LEXIS 147031 (S.D.N.Y. Aug. 5, 2021).........................4, 5, 6, 7

*United States v Seltzer*,
    227 F.3d 36 (2d Cir 2000)...................................................................................................7

**Statutes**

28 USCS § 1927................................................................................................................5, 6

Family and Medical Leave Act .................................................................................................1

Defendants the City of New York (the "City"), Jan Barodo ("Barodo"), and Joseph Mastropietro ("Mastropietro"), (collectively "defendants"), submit this memorandum in support of their motion for sanctions, attorneys' fees, costs and expenses under the Court's inherent powers.

## PRELIMINARY STATEMENT

Plaintiff, Edward Pitre ("Plaintiff"), brought this action based on allegations later determined to be false. Specifically, Plaintiff asserted that Defendants were responsible for his on-the-job injuries and disability, contending they discriminated against Plaintiff on the basis of his race and disability, and had willfully violated his rights under the Family and Medical Leave Act. However, as subsequently revealed, these claims amounted to an attempt to defraud Defendants and the Court, as Plaintiff sought to hold two different entities responsible for the same set of injuries. Indeed, as uncovered at trial, Plaintiff previously had sued two private entities, Morningside Heights, SN, and J&F Meat Market Corp. ("J&F Meat Market"), for the exact same injuries sustained and disability incurred as claimed in this action; gallingly, that case was settled, with Plaintiff obtaining sizeable monetary compensation. At trial, upon cross-examination, Defendants confronted Plaintiff with the foregoing. Despite being presented with stark and irrefutable evidence, Plaintiff and his counsel nevertheless attempted to justify their fraud. Moreover, despite the Court allowing Plaintiff and his counsel the opportunity for redress, including withdrawing this action, they refused to do so. Accordingly, the Court summarily dismissed this case in the interest of justice, issuing a lengthy decision that, with ample citation to the trial record, comprehensively outlined the gravity and depth of the stratagem devised by Plaintiff and his counsel. Indeed, in that decision, the Court deemed the conduct beyond the pale: "Pitre and his lawyers litigated this case shoddily, recklessly, and, indeed, in bad faith, as they sought to recover a judgment from the City and the individual defendants dishonestly, with little proof and little effort." Memorandum & Order ("M&O"), Docket No. 138, at 33. Given such a categorical finding of fraud, fully warranting dismissal, the Court further invited

Defendants to seek sanctions against Plaintiff and counsel for their misconduct. We most adamantly do so now.

## STATEMENT OF FACTS

On February 27, 2015, Plaintiff allegedly sustained injuries to his hand and shoulder. *See* Docket No. ("Dkt. No.") 1, Complaint ¶ 27. Plaintiff thereupon sought monetary compensation from entirely separate entities for the exact same set of injuries. *See generally* Dkt. No. 1, and Exhibit A annexed to the Declaration of Assistant Corporation Desiree Alexander dated March 1, 2024 which accompanies this memorandum of law, J&F Meat Market Complaint ¶¶42-45. Initially, Plaintiff filed a state court action against J&F Meat Market on July 23, 2015, claiming that on February 27, 2015, he injured his hand and shoulder, and sustained a disability, emotional damages, and lost wages from slipping and falling on snow and ice in front of their property, contended **solely** because of their negligence. *See* Exhibit A., J&F Meat Market Complaint ¶¶27, 42-47. Plaintiff claimed that he was "severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock, and mental anguish, great physical pain and emotional upset, some or which injuries are permanent in nature and duration." *Id*. ¶42. Moreover, in the Verified Bill of Particulars submitted in that action, Plaintiff specified his injuries and his subsequent surgeries. *See* Exhibit B annexed to the Declaration of Assistant Corporation Desiree Alexander dated March 1, 2024 which accompanies this memorandum of law, J&F Meat Market Verified Bill of Particulars ¶¶15 and 18. Indeed, Plaintiff detailed his injuries, noting that he "may eventually require a total shoulder replacement" due to the alleged negligence of J&F Meat Market. *Id.* Notably, nowhere in those pleadings does Plaintiff mention highly salient operative facts, as pleaded in this action, including that he was on duty at the time pursuant to his Fire Department employment, that his FDNY truck was involved, or, as later claimed in the subsequent federal action, that the FDNY or the City of New York had contributed to any of his injuries. Plaintiff settled that lawsuit and subsequently filed a

stipulation of discontinuance on June 11, 2018. *See* Exhibit C annexed to the Declaration of Assistant Corporation Desiree Alexander dated March 1, 2024 which accompanies this memorandum of law, J&F Meat Market Stipulation of Discontinuance.

Yet, only weeks later, Plaintiff filed the instant action in this Court, Dkt. 1, where he, once again, claimed that on February 27, 2015, he injured his hand and shoulder, and sustained a disability, emotional damages, and lost wages. However, this time, eschewing any of the allegations raised in the prior state action, Plaintiff instead claimed he fell from his FDNY truck. *See* Dkt. No. 1 ¶¶ 27-28; 68-70. Nowhere in the subsequent action did Plaintiff acknowledge his prior claims against J&F Meat Market, nor the circumstances alleged in that prior action, including the existence of snow and ice leading to slippery conditions, or the heart of his previous claim, that those unremedied conditions in front of the business had resulted in his fall, injuries, and permanent disabilities. Plaintiff also failed to disclose that he settled his case with J&F Meat Market.

At trial in this action, and despite this, Plaintiff's counsel unabashedly asserted the theory, in his opening statement, that Defendants were singularly responsible for all of Plaintiff's injuries sustained on February 27, 2015, as well as his resulting disability, and that Defendants' alleged failure to accommodate Plaintiff had exacerbated his injuries. *See* Trial Transcript dated January 22, 2024 as Exhibit D annexed to the Declaration of Assistant Corporation Desiree Alexander March 1, 2024 which accompanies this memorandum of law at 571:37. Later, upon cross-examination, Plaintiff entirely embraced his counsel's theory, testifying that his disability arose entirely *because of* the Fire Department, and needed subsequent surgery, all because Plaintiff had fallen from his FDNY vehicle. *Id.* at 563:6-17.

During cross-examination, Defendants questioned Plaintiff about his lawsuit against J&F Meat Market. *Id.* at 563-564. Upon the revelation that Plaintiff had advanced two different actions, against two different entities, seeking damages for the same injuries arising on the same

3

day, the Court privately questioned counsel. *Id*. at 564:16. The Court asked Plaintiff's counsel, Mr. Barrett, about the prior lawsuit; Mr. Barrett denied knowledge. *Id.*, at 565:14-15. The Court recessed, suggesting that Plaintiff should consider withdrawing his action. *Id*., at 568:6-11. Thereafter, outside the presence of the jury, the Court further questioned Plaintiff about the existence of the prior lawsuit and his willful pursuit of duplicative claims in this action. *Id.*, at 568:1 – 569:1. During that questioning, the lead partner of the law firm representing Plaintiff, Derek Smith, of the Derek Smith Law Group ("DSLG"), interceded, apparently to spare Plaintiff from answering further probing questions from the Court. *Id*. at 568:25 - 569:8. Following yet another recess, rather than withdraw the action or seek to be relieved from representation, Plaintiff's counsel elected to continue the trial. Indeed, Plaintiff's attorneys attempted to justify and differentiate the prior lawsuit despite Plaintiff's patent attempt to obtain recovery from two separate entities for the exact same injuries. *Id.*, at 569:11 - 575:2.

Despite being confronted with plain and irrefutable proof of bad faith, contradicting evidence, and apparent perjury, Plaintiff's counsel refused to concede, but continued to pivot, prevaricate, and posture. *Id.* at 570:6- 25; 571:1-4.  Finding nothing offered by Plaintiff or his counsel to mitigate against, much less excuse, the conduct of Plaintiff and counsel, the Court summarily dismissed the action, from the bench, in the interest of justice. *Id.* at 575:3-5. With the Court thereafter issuing its M&O comprehensively outlining the basis for dismissal, and inviting Defendants to seek sanctions, we now do so, as against Plaintiff, his trial counsel, and the firm.

## LEGAL STANDARD

"Every district court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant. Indeed . . . district judges have an obligation to act to protect the public, adversaries, and judicial resources from litigants and lawyers who show themselves to be serial abusers of the judicial system." *Rossbach v. Montefiore Med. Ctr.*, No. 19-5758, 2021

4

US Dist. LEXIS 147031, at *15-16 (S.D.N.Y. Aug. 5, 2021) internal citations omitted). "A district court's inherent power to sanction includes the power to "sanction a party . . . to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court. Fraud on the court occurs when 'a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action." Id. (citation omitted).

"A district court may use its inherent power to sanction a plaintiff by dismissing her case with prejudice, or by imposing monetary sanctions against a party or her counsel." *Id.* (citation omitted). "Before a court may invoke its inherent power to sanction, the party facing sanctions must be provided with adequate notice and opportunity to be heard." *Id.* (citation omitted). "When the sanction is dismissal with prejudice, it must be supported by 'clear evidence of misconduct and a high degree of specificity in the factual findings.'" *Id.* (citation omitted). "The Court must find willfulness, bad faith, or reasonably serious fault, and must also consider whether a lesser sanction would [be] appropriate." *Id.* (citation omitted).

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 USCS § 1927. "This provision allows a court to impose sanctions against both [lead counsel] and his law firm, DSLG. *Rossbach* 2021 U.S. Dist. LEXIS 147031, at 17 citing to Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 55 n.8 (2d Cir. 2018). "Before imposing monetary sanctions under § 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by

5

improper purposes such as 'harassment or delay.'" *Id* citing to *Huebner*, 897 F.3d at 55 (citation omitted).

## ARGUMENT

I. **PLAINTIFF, PLAINTIFF'S COUNSEL, AND THE FIRM SHOULD BE SANCTIONED UNDER THE COURT'S INHERENT POWERS AND UNDER § 1927**

Plaintiff, and his representation, all perpetrated fraud on this Court and thus should be sanctioned. Beyond the sanction of dismissal of this action, with prejudice, which has been effected, monetary sanctions of costs, expenses, and attorneys' fees are amply warranted. "A law firm may be sanctioned for the acts of its attorneys under both the district court's inherent power and § 1927." *Rossbach,* 2021 US Dist LEXIS 147031, at 142, *citing Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 147-48 (2d Cir. 2012). *Rossbach*, which granted sanctions against this same law firm, DSLG, its lead counsel in that case, and the plaintiff, is particularly instructive. In *Rossbach,* the Court dismissed plaintiff's case and awarded attorneys' fees for providing fully fabricated text messages to support her claim of sexual harassment against the defendants. *Id.* Such fake text messages led to lengthy expert discovery regarding their authenticity, or lack thereof, followed by hearings and subsequent sanctions motion practice. Id. The Court in *Rossbach* found the evidence of fabrication to be "overwhelming". *Id* at 22.

Here, the evidence of Plaintiff's fraud is no less overwhelming. Plaintiff initially sued one party, claiming its responsibility for injuries and disability, as well as emotional damages and lost wages, but, mere weeks after settling and discontinuing the case on July 11, 2018, (ECF 43), Plaintiff initiated the instant lawsuit for the exact same injuries.

In *Rossbach*, the trial court's decision to sanction DSLG and its lead counsel was reversed on appeal. Yet the piece missing for sanctions in that case – bad faith conduct – is entirely present here. Indeed, unlike in *Rossbach*, in this action, Plaintiff's counsel clearly

engaged in willful bad faith conduct, as the Court already has observed in its M&O. In *Rossbach*, the Court could not find explicit bad faith by counsel; such a finding plainly can be made here. When presented with evidence of fraud, in the form of multiple filed pleadings and testimony, Plaintiff's counsel sought to elide that evidence, and attempted to argue away clear and categorical evidence of bad faith. *See* Trial Transcript, Exhibit D, at 569:10 – 575:8. This behavior occurred after and despite this Court granting a recess to give Plaintiff's trial team, including the principal of DSLG, Mr. Smith, an opportunity to speak with their client, including the pointed suggestion that they ask Plaintiff about withdrawing the action. *Id*. at 565:16 - 566:11. Plaintiff's counsel instead redoubled their efforts to perpetuate plain fraud, seeking to excuse and explain away circumstances that were self-evident, contradictory and, as the Court thereupon determined, readily dispositive of this action in the interest of justice. Such behavior entirely departs from the professional and ethical obligations of counsel, constitutes willful bad faith, and, accordingly, deserves sanction. *See Liebowitz v Bandshell Artist Mgt.*, 6 F.4th 267, 285 (2d Cir 2021) (finding ample evidence of bad faith where counsel was on notice of fraud but still pursued the complaint).

    Moreover, "the inherent power of the district court also includes the power …to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir 2000). As the Court illustrated in its M&O, this trial and overall case was overrun by Plaintiff counsel's non-representational conduct that interfered with the Court's power to manage its calendar and the courtroom. Indeed, two of Plaintiff's lawyers arrived late for the start of trial and jury selection. M&O at 10. Plaintiff's counsel delayed deposition readings to the jury. *Id*. at 10-11. Counsel's

imprecise and meandering questioning and ignorance of the rules of evidence resulted in long pauses and repeatedly sustained objections. *Id.* at 11-13. In fact, the lead trial counsel's presentation was so poor that, incredibly, his co-counsel moved for a mistrial based on that conduct. *Id.* at 14. Surely this is a first.

A lesser sanction would not be appropriate because counsel's calculated perpetuation of fraud on the Court constitutes simply the capstone on a line of conduct at trial, as noted by the Court's M&O, where counsel maintained indefensible positions, unduly wasted the time and resources of the parties and the Court, or offered weakly mustered justifications for being unprepared, unavailable, or late. For example, Plaintiff's counsel insisted on eliciting testimony, over objection and the Court's prior *in limine* ruling, regarding conduct precluded by a general release. Though having the balance of a weekend to provide support for overcoming that preclusion, counsel instead engaged in empty argument with the Court, serving only to delay trial. *See* Trial Transcript, Exhibit D, at 333:25 – 340:11.  Likewise, when a Plaintiff witness, Gregory Seabrook, offered inconsistent testimony, the Court's questioning of counsel led only to a floundering excuse: "I don't know what he witnessed. I am asking him on the stand." *Id.*, at 384:7-13.  Such conduct amounts at best to shockingly poor preparation; at worst, it is suborning perjury.  *See also* M&O, at 15.  That the M&O contains the subheading "The Poor Lawyering," detailing this, and many further instances of "a pattern of ineptitude on the plaintiff's side that resulted in an enormous waste of time and resources," is telling and, as to the request for sanctions, especially damning.

Accordingly, sanctions should be imposed on plaintiff, his counsel, and DSLG by awarding defendants' costs, expenses, and attorneys' fees.

8

**CONCLUSION**

For the foregoing reasons, defendants the City of New York, Jan Borodo, and Joseph Mastropietro respectfully request that sanctions be imposed on plaintiff, his counsel at trial, and the Derek Smith Law Group, including, but not limited to the dismissal of this action with prejudice, the award of reasonable attorneys' fees, costs and expenses to Defendants, and any other relief this Court deems appropriate.

Dated:      New York, New York
            March 1, 2024

                        HON. SYLVIA O. HINDS-RADIX
                        Corporation Counsel of the
                          City of New York
                        *Attorney for Defendants*
                        100 Church Street
                        New York, New York 10007
                        Tel.: (212) 356-2507/(212) 356-3177

By:    *Lauren Silver*   /s/
       Lauren Silver
       *Senior Counsel*

       *Desiree Alexander*   /s/
       Desiree Alexander
       *Senior Counsel*