SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

EDWARD PITRE,

                                Plaintiff,

-against-

MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT
MARKET CORP.,

                                Defendant.

------------------------------------------------------------------x    157588/2015

MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT
MARKET CORP.,

                                Third Party Plaintiff,

-against-

CITY OF NEW YORK, FIRE DEPARTMENT OF NEW
YORK CITY AND FELIX GARCIA,

                                Third Party Defendant.

------------------------------------------------------------------x

**VERIFIED THIRD PARTY ANSWER**

L.D.# 2017-012617

       THIRD PARTY DEFENDANT(S) THE CITY OF NEW YORK AND THE CITY OF NEW YORK S/H/A FIRE DEPARTMENT OF NEW YORK CITY by the undersigned, answering the third party complaints, upon information and belief.

       1.     DENIES each and every allegation contained in the original plaintiff's(s') complaint insofar as the same refer to, or may, in anywise affect the third party defendant(s).

       2.     DENIES each and every allegation contained in the paragraphs designated 6-9, inclusive.

       3.     DENIES knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs designated $3(1^{st})$, $2(2^{nd})$, $3(2^{nd})$, 4, 5, inclusive.

4. DENIES each and every allegation contained in the paragraphs designated 1(2ND), except that the third party defendant(s) admit(s) receipt of a copy of the original plaintiff's(s') complaint herein and respectfully refer(s) to said complaint for its answer.

5. DENIES each and every allegation contained in the paragraphs designated 1(1ST), 2(1ST), inclusive except admits that the third party defendant The City of New York is a municipal corpoation

### AS AND FOR AN AFFIRMATIVE DEFENSE THE THIRD PARTY DEFENDANT(S) ALLEGE(S):

6. The injuries and/or damages alleged to have been sustained by the third party plaintiff(s) were caused in whole or in part by and arose out of the third party plaintiff(s) culpable conduct.

7. The injuries and/or damages alleged to have been sustained by the plaintiff(s) were caused in whole or in part by the culpable conduct of the said plaintiff(s).

8. The injuries alleged to have been sustained by the plaintiff(s) were caused in whole or in part by the failure to use available seat-belts or other safety devices.

9. Third party plaintiff failed to include the prior pleadings as required by section 1007 of the CPLR.

10. This third party action is barred by reason of the fact that Worker's Compensation is the exclusive remedy of the plaintiff.

11. In cases involving authorized emergency vehicle(s) engaged in an emergency operation, or persons, teams, motor vehicles, and other equipment, while actually engaged in work on a highway, or hazard vehicles while actually engaged in hazardous operations on or adjacent to a highway, defendant(s) were not reckless in the manner in which they acted, and are entitled to the benefits of VTL sec. 1103 and/or VTL sec. 1104.

12. Upon information and belief the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as co-defendant(s) or Third-party defendant(s) and accordingly the liability of the below-named answering defendant(s) and/or third-party defendant(s) is/are or may be limited by the provisions of Article 16 CPLR.

13. That any sums or consideration paid or promised to plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the complaint shall reduce any judgment rendered in favor of plaintiff as against this Third-party defendant to the extent of the greater of either the sums or consideration paid or promised to plaintiff or the amount of the released tortfeasor's(s') equitable share(s) of the damages in accordance with General Obligation Law § 15-108.

### AS AND FOR A COUNTER-CLAIM AGAINST MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT MARKET CORP. THIRD PARTY DEFENDANT(S) THE CITY OF NEW YORK AND THE CITY OF NEW YORK S/H/A FIRE DEPARTMENT OF NEW YORK CITY UPON INFORMATION AND BELIEF, ALLEGE(S) AS FOLLOWS:

14. That if the third party plaintiff(s) sustain(s) damages as alleged in the third party plaintiff's(s) complaint through negligence other than third party plaintiff's(s) own negligence, said damages were sustained due to the negligent acts of omission or commission of the defendant(s) above named.

FURTHER, if the third party plaintiff should recover judgment against this (these) third party defendant(s) then the defendant(s) above named shall be held liable to this (these) third party defendant(s) for the full amount of said judgment or, on the basis of apportionment of responsibility for the alleged occurrence, this (these) third party defendant(s) is/are entitled to indemnification and/or contractual indemnification from and judgment over and against the

defendant(s) above named for all or any part of any verdict or judgment which the third party plaintiff(s) may recover, or in such amounts as a jury or court may direct.

THAT by reason of this action this (these) third party defendant(s) has/have been and will be put to costs and expenses including attorneys' fees.

WHEREFORE, this (these) third party defendant(s) demand(s) judgment dismissing the third party plaintiff's(s') complaint and further demand(s) judgment over and against the defendant(s) above named for the full amount of any judgment obtained by the third party plaintiff(s) against this (these) third party defendant(s) or, on the basis or apportionment of responsibility, for indemnification and/or contractual indemnification from the judgment over and against this (these) third party defendant(s) for all or any part of any verdict or judgment which the third party plaintiff(s) may recover against this (these) third party defendant(s), or in such amounts as a jury or a court may direct, together with the costs and disbursements of this third party action and any expenses incurred in the defense thereof.

Dated:   New York, New York
         MARCH  2017

        ZACHARY W. CARTER
        Corporation Counsel
        Attorney for Third Party Defendant
        100 Church Street
        New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X

EDWARD PITRE,

                                    Plaintiff,

-against-

MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT
MARKET CORP.,

                                    Defendant.

**COMBINED DEMAND FOR BILL OF PARTICULARS & DISCOVERY**

L.D.# 2017-012617

-----------------------------------------------------------------------X

MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT
MARKET CORP.,

                                    Third Party Plaintiff,

-against-

CITY OF NEW YORK, FIRE DEPARTMENT OF NEW
YORK CITY AND FELIX GARCIA,

                                    Third Party Defendant.

-----------------------------------------------------------------------X

       PLEASE TAKE NOTICE that you are required, within 20 days after service of this notice upon you, to serve upon the attorney for the third party defendant, THE CITY OF NEW YORK AND THE CITY OF NEW YORK S/H/A FIRE DEPARTMENT OF NEW YORK CITY, a verified bill of particulars, setting forth in detail the following particulars, pursuant to Rule 3043 of the Civil Practice Law and Rules:

    1.    State the acts or omissions constituting the affirmative negligence of the third party defendant, THE CITY OF NEW YORK AND THE CITY OF NEW YORK S/H/A FIRE DEPARTMENT OF NEW YORK CITY, as the basis for the third party complaint against it.

    2.    Submit a copy of plaintiff's(s') Bill of Particulars.

## DEMAND FOR DISCOVERY & INSPECTION

PLEASE TAKE FURTHER NOTICE that within 30 days following service of this demand you are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except that, if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control:

### WITNESSES

1. Please furnish the name and address of, or a description reasonably sufficient to identify each person you believe may have been a witness to the occurrence of the injuries (or damages) alleged in the complaint.

2. Please furnish the name and address of, or a description reasonably sufficient to identify each person you believe may have been a witness to the physical condition of the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof.

3. Please furnish the name, address and qualifications of each expert witness whom you expect to call at trial, stating in reasonable detail the subject matter and substance of the facts and opinions on which each expert is expected to testify, and set forth a summary of the grounds for each such opinion.

4. If any sum has been paid or promised to plaintiff(s) by any person claimed to be liable (within the meaning of § 15-108, General Obligations Law) for any of the injuries (or damages) alleged in the complaint, or if any cost, expense, loss of earnings, or other economic loss was, or will be with reasonable certainty replaced or indemnified, in whole or in part, by a

collateral source (within the meaning of CPLR 4545), please set forth the name and address of the person, corporation, insurance company or other entity making such payment or promise, or providing such collateral source, and state the amount(s) which have been or will be with reasonable certainty received by plaintiff(s).

5. Please furnish the name and address of, or a description reasonably sufficient to identify each defendant (or employee of a defendant) you believe may have given an oral or written statement about the occurrence of the injuries (or damages) alleged in the complaint, or any defendant's responsibility therefore.

## **DOCUMENTS**

6. Please furnish a copy of each document you believe may have been prepared by an employee of the City of New York, the Board of Education of the City of New York, or the New York City Health and Hospitals Corporation concerning the occurrence of the injuries (or damages) alleged in the complaint, or any defendant's responsibility therefor, including any statement made by an employee identified in response to Item 5, above, and any note, memorandum or recording of an oral statement.

7. Please furnish a copy of each claim, or complaint, made by plaintiff(s) for insurance, worker's compensation, pension or automobile no-fault benefits, or for money damages concerning the occurrence of the injuries (or damages) alleged in the complaint, except any claim made herein.

8. Please furnish a copy of any transcript of testimony given by, or on behalf of plaintiff(s) concerning the occurrence of the injuries (or damages) alleged in the complaint, except any testimony given herein.

9. Please furnish a copy of each accident report, if any, made by or on behalf of plaintiff(s) concerning the occurrence of the injuries (or damages) alleged in the complaint.

10. Please furnish a copy of each bill, receipt or promise to pay for any cost or expense concerning the injuries (or damages) alleged in the complaint and claimed as damages herein.

11. Please furnish a copy of any written notice, Big Apple Corporation map or other document purportedly furnished to defendant(s) and giving notice of a defective or dangerous condition at the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof, including any note or memorandum of an oral statement, if any.

12. Please furnish a reasonably clear copy of each photograph depicting the place where the injuries (or damages) alleged in the complaint occurred and taken at or about the time of occurrence thereof.

13. Please furnish a reasonably clear copy of each photograph of the plaintiff upon which plaintiff will rely in proof of damages at trial.

14. In any action for injuries, including death, allegedly sustained by a spouse, child or other family member of a plaintiff, please furnish a copy of each marriage, birth and death certificate, as applicable.

15. In any representative action, please furnish a copy of the court order appointing the representative.

16. With respect to any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the complaint, please furnish a copy of each state and each federal income tax return, together with attachments, filed by, or on behalf of plaintiff(s) for the year in which the said injuries (or damages) occurred and for each of the two proceeding years.

17. In any action for wrongful death, please furnish a copy of the federal estate tax return filed for decedent's estate, and a copy of each federal income tax return filed by, or on behalf of the decedent for each of the two years before death.

## MEDICAL REPORTS

18. Please furnish a copy of each doctor's report referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted AFTER the occurrence of the injuries alleged in the complaint and reasonably related thereto.

19. Please furnish a copy of each doctor's report referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted BEFORE the occurrence of the injuries alleged in the complaint and reasonably related thereto.

## AUTHORIZATIONS

20. Please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy each hospital record referring to any physical, psychiatric or psychological treatment of plaintiff(s) for the injuries alleged in the complaint, or any treatment reasonably related thereto.

21. In any action by or on behalf of a student, please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the school, attendance and health records of the plaintiff(s) on file at the school(s) attended at the time of the occurrence and thereafter.

22. In any action for false arrest, malicious prosecution or other alleged police misconduct, please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the records, transcripts and certificates of disposition of any criminal proceedings concerning the occurrence of the injuries (or damages) alleged in the complaint.

## OTHER PARTIES

23. Please furnish the name and address of the attorney(s) who have appeared in this action.

24. Please furnish the names of the parties, the court, and the index number of each other action, if any, commenced by or on behalf of plaintiff(s) concerning any of the injuries (or damages) alleged in the complaint.

PLEASE TAKE FURTHER NOTICE that these are continuing demands, and that defendant(s) reserve the right to seek any and all sanctions for your failure to permit discovery pursuant hereto; if you have any questions regarding these demands please call the appropriate borough office, as follows: Bronx County (718) 590-3487; Kings County (718) 222-2000, New York County (212) 788-0647, Queens County (718) 206-4731, and Richmond County, (718) 447-5983, referring to the Law Department File number (set forth on the cover).

Dated:     New York, New York  
             MARCH 2017

                                  ZACHARY W. CARTER  
                                  Corporation Counsel  
                                  Attorney for Third Party Defendant  
                                  100 Church Street  
                                  New York, New York 10007

TO:    BRAFF, HARRIS, SUKONECK & MALOOF  
        305 BROADWAY, 7TH FL  
        NEW YORK, NY 10007

        HOFFMAIER & HOFFMAIER, P.C.  
        13 AVENUE B, 1ST FL  
        NEW YORK, NY 10009

## VERIFICATION

AINSLEY HARRIS, being duly sworn deposes and says that: deponent is an employee of the Office of the Corporation Counsel; that deponent has read the foregoing answer, cross-claim(s) and counterclaim(s), if any, and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters alleged upon information and belief, which deponent believes to be true based upon the files, books and records maintained by The City of New York, New York City Health and Hospitals Corporation or the New York City Board of Education, and the officers or agents thereof; and further swears that on this date he/she caused said answer, cross-claim(s) and counterclaim(s), if any, together with the accompanying combined demands for particulars and discovery, to be served upon

| BRAFF, HARRIS, SUKONECK & MALOOF<br>305 BROADWAY, 7TH FL<br>NEW YORK, NY 10007 | HOFFMAIER & HOFFMAIER, P.C.<br>13 AVENUE B, 1ST FL<br>NEW YORK, NY 10009 |
|---|---|

by causing copies thereof, to be deposited into a box situated at 100 Church Street in the Borough of Manhattan, City of New York, for subsequent daily delivery to the United States Post Office.

Dated: New York, New York
MARCH 21, 2017

_____
AINSLEY HARRIS

Sworn to before me this 21
day of ___MARCH___, 2017.

_____
NOTARY PUBLIC / COMMISSIONER OF DEEDS

THOMAS O'SULLIVAN
Commissioner of Deeds
City of New York No. 1-7098
Certificate Filed in New York County
Commission Expires July 01, 2018

## STIPULATION/CERTIFICATION

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR Section 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counterclaim(s), if any, together with the accompanying combined demands for particulars and discovery.

Dated: New York, New York
MARCH 21, 2017

By: _____
ADAM LERMAN / GIANNA M. FAMULARI
Assistant Corporation Counsel

_____
Attorney(s) for Plaintiff(s)

Index No. 157588/2015

SUPREME COURT: STATE OF NEW YORK
COUNTY OF NEW YORK

EDWARD PITRE,

                                                      Plaintiff(s),

- against -

MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT
MARKET CORP.,

                                                      Defendant(s).

MORNINGSIDE HEIGHTS SN, LLC AND J&F MEAT
MARKET CORP.,

                                                      Third Party Plaintiff(s),

- against -

CITY OF NEW YORK, FIRE DEPARTMENT OF NEW
YORK CITY AND FELIX GARCIA,

                                                      Third Party Defendant(s).

### VERIFIED THIRD PARTY ANSWER

        ZACHARY W. CARTER
        Corporation Counsel
        Attorney for Defendant(s)

        (Law Department File
        No. 2017-012617)
        100 Church Street
        New York, New York 10007