UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF NEW YORK
-------------------------------------------------------------X
EDWARD PITRE,                                                           Civ No: 18-5950

                      Plaintiff,

  -against-                                  **Plaintiff's 26(a) Initial Disclosures**

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually, JOHN
FIORENTINO individually, and JOSEPH M.
MASTROPIETRO, individually.

                      Defendants.
-------------------------------------------------------------X

      Plaintiff, EDWARD PITRE, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC hereby respectfully submits, pursuant to Rule 26(a) et. seq. of the Federal Rules of Civil Procedure, the initial discovery disclosure as follows:

**(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

*Where the address is not listed, Plaintiff either does not know the address of the individual and/or the information had been made readily available to Defendants and/or is already in the possession of the Defendants.*

- EDWARD PITRE (Plaintiff)
- JAN BORODO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOHN FIORENTINO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOSEPH M. MASTROPIETRO (Defendant) - Participated in the on-going discrimination, hostile work environment, retaliation and wrongful termination, has information pertaining to the discrimination and/or

- retaliation that occurred.
- DR. CHARLES DEMARCO, M.D.- Provided treatment to Plaintiff for injuries caused by Defendants, has knowledge of the extent and severity of the injuries suffered by Plaintiff.
- GREGORY SEABROOK- Shop Steward and fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- JOE ADAMS-Fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- RICHARD KEEN-Chairman of the Union, fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- ISMAEL ORTIZ-Fellow electrician and now-turned Supervisor- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.
- DUDLEY PLACIDE-Fellow electrician- Witnessed or has knowledge of the on-going violations of due process rights, violations of Equal Protection clause, race and disability discrimination, hostile work environment, retaliation, and unlawful termination, has information pertaining to the discrimination and/or retaliation that occurred.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available, and designate expert witnesses and as may be appropriate and necessary.*

**(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

- All pleadings on file with the Court and/or exchanged between parties in this action.
- All discovery which has or will be produced by Plaintiff and Defendants in this action.
- All personnel files for employees similarly situated to Plaintiff (including Plaintiff), Plaintiff's compensation records, and Defendant's employee handbook.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

**(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

At this early juncture, Plaintiff is claiming the following damages:

Plaintiff was discriminated against and retaliated against on the basis of his race and disability and such abuse has taken an extreme emotional toll on Plaintiff. As a result, Plaintiff claims
$6,000,000.00 in emotional distress damages.

Plaintiff is claiming the annual salary at the time of the Plaintiff's date of termination times 10 years, plus bonuses, commissions, health insurance, pension, profit sharing and all other expected raises and benefits, reduced by earned income.

Because the nature of Defendants' conduct was intentional, Plaintiff also claims punitive damages in the amount of $9,000,000.00 as an amount that is to punish Defendants and to deter Defendants and others from such unlawful conduct.

Plaintiff claims attorney's fees upon a successful verdict.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

**(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

   N/A.

*Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.*

Date: March 2, 2021
New York, New York

   **DEREK SMITH LAW GROUP, PLLC**

|     |                              |
| --- | ---------------------------- |
| By: | **/s/ Seamus Barrett**       |

Seamus Barrett, Esq.
*Attorneys for Plaintiff*
One Pennsylvania Plaza, Suite 4905
New York, New York 10119
(212) 587-0760