UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

EDWARD PITRE,

                                    Plaintiff,

                 - against -

THE CITY OF NEW YORK, FIRE DEPARTMENT OF
THE CITY OF NEW YORK, JAN BORODO,
individually, JOHN FIORENTINO, individually, and
JOSEPH M. MASTROPIETRO, individually,

                              Defendants.

---------------------------------------------------------------------- x

**ANSWER**

No.  18 CV 5950(VM)(DCF)

          Defendants The City of New York, Fire Department of the City of New York, Jan

Borodo, John Fiorentino and Joseph M. Mastropietro ("Defendants") as and for their Answer to

the Amended Complaint, filed on July 2, 2019 ("Complaint"), respectfully allege as follows:

          1.      Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that Plaintiff purports to proceed as stated therein.

          2.      Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          3.      Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          4.      Deny the allegations set forth in paragraph "4" of the Complaint, except

admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          5.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "5" of the Complaint, except admit Plaintiff self-

identified as a Hispanic male.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff worked more than 1250 hours from August 2014 to August 2015.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation and refer the Court to the New York City Charter for a complete and accurate description of the organization of the City of New York.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the Fire Department of the City of new York ("FDNY") is a mayoral agency of the City of New York and respectfully refer the Court to the New York City Charter and Administrative Code for a complete and accurate description of the legal status of the FDNY.

9.     Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Defendants the City of New York and FDNY employ greater than 50 employees within a 75 mile radius.  To the extent the allegations call for a legal conclusion, no response is required.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit Jan Borodo is an employee of the FDNY.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit John Fiorentino is an employee of the FDNY.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit John Mastropietro is an employee of the FDNY.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit Miguel Correa is an employee of the FDNY.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Defendant was employed as a communications electrician by the FDNY.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff was first employed by the FDNY in October of 2000.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff was a party as a plaintiff to federal action <u>Gregory Seabrook, et al. v. The City of New York, et al.</u>, No. 1:11-cv-06174(ENV)(LB) filed in December of 2011 and respectfully refer the Court to the docket in that matter for a full and accurate description of the litigation.

17.     Admit the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, accept admit Fiorentino did not call Plaintiff's supervisor daily during any period to verify Plaintiff's attendance or assignment.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit Fiorentino did not call any employees supervisor daily to verify their attendance or assignment.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff attended a fifteen week fiber optics training as part of his employment with the FDNY.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Plaintiff's commuter privileges were revoked.

28.    Deny the allegations set forth in paragraph "28" of the Complaint.

29.    Deny the allegations set forth in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.    Deny the allegations set forth in paragraph "32" of the Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Complaint.

34.    Deny the allegations set forth in paragraph "34" of the Complaint.

35.    Deny the allegations set forth in paragraph "35" of the Complaint.

36.    Deny the allegations set forth in paragraph "36" of the Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he made a request for leave related to medical treatment in March of 2015.

38.    Deny the allegations set forth in paragraph "38" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's request for medical leave was denied.

39.    Deny the allegations set forth in paragraph "39" of the Complaint.

40.    Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff made a request to Miguel Correa in May 2015.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff's request was denied.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff's physical therapist.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, except admit that an email was sent directing that Plaintiff be directed to be in his borough and working during work hours.

62.     Deny the allegations set forth in paragraph "62' of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that he experienced an internal hemorrhage and received required surgery.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Plaintiff provided a doctor's note dated August 31, 2015 indicating he would undergo surgery on September 11, 2015.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint, except admit Plaintiff applied for disability retirement on February 29, 2016

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.    Deny the allegations set forth in paragraph "91" of the Complaint.

92.    Deny the allegations set forth in paragraph "92" of the Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Complaint, except deny knowledge or information sufficient to form a basis of belief as to Plaintiff's feelings

94.    Deny the allegations set forth in paragraph "94" of the Complaint, except deny knowledge or information sufficient to form a basis of belief as to Plaintiff's feelings or ailments.

95.    Deny the allegations set forth in paragraph "95" of the Complaint, except admit that Plaintiff purports to demand the relief as detailed therein.

96.    Deny the allegations set forth in paragraph "96" of the Complaint except admit that Plaintiff purports to demand the relief as detailed therein.

97.    As there are no factual allegations set forth in paragraph "97" of the Complaint, no response is required except admit that Plaintiff purports to seek the relief detailed therein .

98.    Deny the allegations set forth in paragraph "98" of the Complaint.

99.    In response to the allegations set forth in paragraph "99" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "98" inclusive of their Answer, as if fully set forth herein.

100.    Paragraph "100" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to 29 U.S.C. § 2612 for a full and accurate recitation of its contents..

101.     Deny the allegations set forth in paragraph  "101"[1] of the Complaint.

102.     Deny the allegations set forth in paragraph "102" of the Complaint, except admit that Plaintiff was employed by the FDNY from October 2000 until his retirement in 2016.

103.     Deny the allegations set forth in paragraph "103" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

104.     Deny the allegations set forth in paragraph "104" of the Complaint.

105.     In response to the allegations set forth in paragraph "105" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "104" inclusive of their Answer, as if fully set forth herein.

106.     Paragraph "106" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to 29 U.S.C. § 2615 for a full and accurate recitation of its contents.

107.     Deny the allegations set forth in paragraph "107" of the Complaint.

108.     Deny the allegations set forth in paragraph "108" of the Complaint, except admit that Plaintiff was employed by the FDNY from October 2000 until his retirement in 2016.

109.     Deny the allegations set forth in paragraph "109" of the Complaint.

110.     In response to the allegations set forth in paragraph "110" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "109" inclusive of their Answer, as if fully set forth herein.

---

[1] Plaintiff's Complaint identifies the paragraph following paragraph "100" as paragraph "77," and numbers the following paragraphs sequentially from paragraph "77."  In order to avoid confusion Defendants have attached hereto as Appendix A a copy of the Amended Complaint with these paragraphs annotated and renumbered as paragraphs "101" through "153."

111.    Paragraph "111" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to New York Executive Law § 296 for a full and accurate recitation of its contents.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, except admit that Plaintiff was employed by the FDNY from October 2000 until his retirement in 2016.

114.    Deny the allegations set forth in paragraph "114" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    In response to the allegations set forth in paragraph "116" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "115" inclusive of their Answer, as if fully set forth herein.

117.    Paragraph "117" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to  New York Executive Law § 296(7) for a full and accurate recitation of its contents.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint, except admit that Plaintiff was employed by the FDNY from October 2000 until his retirement in 2016.

120.    Deny the allegations set forth in paragraph "120" of the Complaint.

121.    In response to the allegations set forth in paragraph "121" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "120" inclusive of their Answer, as if fully set forth herein.

122.     Paragraph "122" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to New York Executive Law § 296(6) for a full and accurate recitation of its contents.

123.     Deny the allegations set forth in paragraph "123" of the Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Complaint.

125.     In response to the allegations set forth in paragraph "125" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "124" inclusive of their Answer, as if fully set forth herein.

126.     Paragraph "126" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to New York City Administrative Code § 8-107(1) for a full and accurate recitation of its contents.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint except admit that Plaintiff purports to proceed as stated therein.

129.     Deny the allegations set forth in paragraph "129" of the Complaint.

130.     In response to the allegations set forth in paragraph "130" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "129" inclusive of their Answer, as if fully set forth herein.

131.     Paragraph "131" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to New York City Administrative Code § 8-108(7) for a full and accurate recitation of its contents.

132.     Deny the allegations set forth in paragraph "132" of the Complaint.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.    In response to the allegations set forth in paragraph "134" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "133" inclusive of their Answer, as if fully set forth herein.

135.    Paragraph "135" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to New York City Administrative Code § 8-107(6) for a full and accurate recitation of its contents .

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    In response to the allegations set forth in paragraph "138" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "137" inclusive of their Answer, as if fully set forth herein.

139.    Paragraph "139" of the Complaint asserts a legal conclusion for which no response is required and and respectfully refer the Court  New York City Administrative Code § 8-107(9) for a full and accurate recitation of its contents.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    In response to the allegations set forth in paragraph "141" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "140" inclusive of their Answer, as if fully set forth herein.

142.    Paragraph "142" of the Complaint asserts a legal conclusion for which no response is required and respectfully refer the Court to New York City Administrative Code § 8-107(13) for a full and accurate recitation of its contents.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

145.    The Complaint fails to state a claim upon which relief can be granted in whole or in part.

**AS AND FOR A SECOND DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

146.    The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

147.    All actions taken by Defendants with respect to Plaintiff were taken in good faith for non-discriminatory and non-retaliatory, legitimate business reasons.

**AS AND FOR A FOURTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

148.    At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

**AS AND FOR A FIFTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

149.    Defendants have not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

150.    The Complaint's request for punitive damages is barred as to Defendants because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR AN EIGHTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

151.    Subject to proof of discovery, Plaintiff has failed to mitigate his damages, if any.

**AS AND FOR AN TENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**AS AND FOR AN ELEVENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

152.    Defendants would have taken the same employment actions with respect to Plaintiff regardless of any allegedly protected speech.

**AS AND FOR A TWELFTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

153.    To the extent plaintiff is claiming that defendants failed to provide him with a reasonable accommodation, plaintiff could not, even with reasonable accommodation, satisfy the essential requisites of the job in question.

**AS AND FOR A THIRTEENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

154.    Plaintiff has failed to plead willfulness that would extend the statute of limitations to three years under the FMLA.

**AS AND FOR A FOURTEENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

155.    Emotional damages and punitive damages are not available under the FMLA.

**WHEREFORE**, Defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:     New York, New York
           December 30, 2019

                                        **JAMES E. JOHNSON**
                                        Corporation Counsel of the
                                         City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-169
                                        New York, New York 10007
                                        (212) 356-2445
                                        nigreen@law.nyc.gov


                            By:     /s *Nicholas Green*
                                    Nicholas Green
                                    Assistant Corporation Counsel


To:     Seamus P. Barrett, Esq.
        Derek Smith Law Group, PLLC
        One Penn Plaza, Suite 4905
        New York, NY 10119
        Seamus@dereksmithlaw.com
        (By ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD PITRE,                                          Civ No: 18-CV-5950-VM

                Plaintiff,

                                            **AMENDED COMPLAINT**

      -against-

                                            Plaintiff Demands A
                                            Trial By Jury

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually,
JOHN FIORENTINO individually, and
JOSEPH M. MASTROPIETRO, individually,

                        Defendants.
------------------------------------------------------------------------X

    Plaintiff, EDWARD PITRE (hereinafter referred to as "PITRE" and/or "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY"), Defendant FIRE DEPARTMENT OF THE CITY OF NEW YORK (hereinafter referred to as "FDNY"), Defendant JAN BORODO (hereinafter referred to as "BORODO"), Defendant JOHN FIORENTINO (hereinafter referred to as "FIORENTINO"), and Defendant JOSEPH M. MASTROPIETRO (hereinafter referred to as "MASTROPIETRO"), (hereinafter collectively referred to as "Defendants") upon information and belief, as follows:

## INTRODUCTION

1.   Plaintiff complains pursuant to The Family and Medical Leave Act of 1993, as amended, ("FMLA"), New York State Human Rights Law Executive Law § 296 et seq. (the "NYSHRL"), the Administrative Code of the City of New York § 8-107 (the "NYCHRL"), as amended by the Restoration Act of 2005, and based upon the supplemental jurisdiction of this Court pursuant to

1

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, violation of due process rights under the Fourteenth Amendment, violation of the Equal Protection Clause, race and disability discrimination, together with retaliation, hostile work environment, and unlawful termination by his employer.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FMLA. The Court also has jurisdiction pursuant to 42 U.S.C. §12101, *et seq.*, 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted herein.

4. Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

5. Plaintiff is an individual Hispanic man who is a resident of the State of New York, County of Queens.

6. At all times material Plaintiff worked in excess of 1,250 hours in the calendar year preceding August 31, 2015.

7. At all times material, Defendant CITY was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8. At all times material, Defendant FDNY was and is a municipal and government and/or mayoral agency, department, bureau or otherwise affiliated with and a subsidiary of CITY and is an employer of the Plaintiff as defined by Section 8-102 of the Administrative Code of the City of

New York as well as the Executive Law of the State of New York.

9.    At all times material, Defendants CITY and FDNY employ far in excess of 50 employees within a 75 mile radius thus subjecting Defendant FDNY to the Family And Medical Leave Act ("FMLA.")

10.  At all times material, Defendant BORODO was and is an employee of CITY and/or FDNY and had supervisory authority over Plaintiff with regard to his employment.

11.  At all times material, Defendant FIORENTINO was an employee of CITY and/or FDNY and had supervisory authority over Plaintiff with regard to his employment.

12.  At all times material, Defendant MASTROPIETRO was an employee of CITY and/or FDNY and had supervisory authority over Plaintiff with regard to his employment.

13.  At all times material, Miguel Correa was an employee of CITY and/or FDNY and was Plaintiff's direct supervisor.

## MATERIAL FACTS

14.  At all times material, Plaintiff was a Communication Electrician for Defendants located at 240 E. 111th Street New York, New York 10029 and 87 Union St. Brooklyn, NY 11236.

15.  Plaintiff started working for Defendants as a Communication Electrician around October 30, 2000.

16.  In or around December 2011, Plaintiff filed a lawsuit (hereinafter referred to as "2011 LAWSUIT") against Defendants CITY, FDNY and FIORENTINO, for discriminating against Plaintiff on the basis of race.    Gregory Seabrook, et al. v. The City of New York, et al., No. 1:11-cv-06174 (E.D.N.Y. filed Dec. 20, 2011).

17.  In or around October 2014, the 2011 LAWSUIT settled and Plaintiff continued to work for Defendants as a Communication Electrician.

3

18. Defendants viewed Plaintiff as the individual who initiated and whose activities and complaints formed the primary impetus for the 2011 LAWSUIT and specifically targeted Plaintiff for retaliation subsequent to the discontinuance and settlement of the 2011 LAWSUIT.

19. Subsequent to the 2011 LAWSUIT, Defendant FIORENTINO called Plaintiff's supervisor virtually every day that Plaintiff was scheduled to work, at 7:01 am to check if Plaintiff arrived to work on time and to inquire as to the location of Plaintiff's daily assignment.

20. Prior to the 2011 LAWSUIT, Defendant FIORENTINO did not call Plaintiff's supervisor every day that Plaintiff was scheduled to work to check if Plaintiff started work on time or to inquire as to the location of Plaintiff's daily assignment.

21. Defendant FIORENTINO has not and does not call other Communication Electricians' supervisors to check if they are arriving on time for work or to inquire as to the location of their daily assignments.

22. In or around December 2014, Plaintiff registered for a fifteen (15) week mandatory fiber optics training with Defendant, FDNY at Queensboro Community College.

23. Defendant FIORENTINO altered Plaintiff's registration for the training classes so that Plaintiff and Defendant FIORENTINO attended training on the same dates. Defendant FIORENTINO did not alter the registration for any other Communications Electricians similarly.

24. Defendant FIORENTINO subjected Plaintiff to retaliation and a hostile work environment by purposefully positioning FIORENTINO's chair during the training to face Plaintiff to keep an eye on Plaintiff and FIOENTINO forced the instructor to mark Plaintiff as "Absent without Leave" when Plaintiff was in fact present on at least one occasion.

25. Defendant FIORENTINO did not force the instructor to mark other employees that left a day of the training early as "Absent without Leave."

4

26. Defendant FIORENTINO discriminated against Plaintiff on the basis of race and retaliated against Plaintiff for filing the 2011 LAWSUIT against Defendants.

27. In or around January 2015, Defendant FIORENTINO indefinitely and unreasonably removed Plaintiff's commuter vehicle privileges.

28. Defendant FIORENTINO had never indefinitely removed driving privileges from any other Communication Electrician before and/or after Plaintiff. At the time, such a removal of driving privileges was unheard of.

29. Defendant FIORENTINO discriminated against Plaintiff on the basis of race and retaliated against Plaintiff for filing the 2011 LAWSUIT against Defendants.

30. Defendants subjected Plaintiff to a hostile work environment.

31. On or about February 27, 2015, while working for Defendants, Plaintiff fell off the side of a FDNY truck, sustaining multiple injuries to his hand and shoulder.

32. In addition to discriminating against Plaintiff on the basis of his race, Defendants discriminated against Plaintiff on the basis of his disability from the injuries he sustained on February 27, 2015.

33. Defendants also subjected Plaintiff to a hostile work environment on the basis of his disability and refused to provide Plaintiff with a reasonable accommodation.

34. Defendants refused to compensate Plaintiff for time off due to injuries sustained from the February 27, 2015, on the job accident.

35. Defendants denied Plaintiff's discretionary grant request from the CITY after he exhausted his sick and vacation time from the February 27, 2015 accident. Defendants have awarded at least three Caucasian employees a discretionary grant within the past five years.

36. Around March, 2015 Plaintiff presented a note from his doctor indicating the nature of

5

Plaintiff's injuries, Defendant FIORENTINO rejected this note.

37. Around March, 2015 Plaintiff made a request to his direct supervisor, Miguel Correa, to be granted leave so Plaintiff could obtain follow up medical treatment for the injuries sustained in his accident on around February 27, 2015. Mr. Correa was given orders from Defendants FIORENTINO and BORODO that under no circumstances was Plaintiff to be granted any kind of leave.

38. Following orders from Defendants FIORENTINO and BORODO, Mr. Correa reluctantly denied Plaintiff's request for medical leave.

39. Around March 15, 2015, while attending one of the fiber optics training sessions at Queensboro Community College, Plaintiff made a request to Defendant FIORENTINO, that Plaintiff be allowed to take brief leave from duty to see his orthopedist for treatment of the injuries to his hand and shoulder he sustained a few weeks earlier.

40. In the presence of several witnesses, including Plaintiff's shop steward, Gregory Seabrook and at least one other coworker, Joe Adams, Defendant FIORENTINO flatly refused Plaintiff's request for leave to see his orthopedist without engaging in an interactive dialogue, stating Plaintiff was not allowed to leave.

41. Plaintiff left duty to go to the medical appointment after his direct supervisor, Mr. Correa sent Plaintiff a text message allowing him to leave and Defendant FIORENTINO saw to it that Plaintiff's pay was docked and that Plaintiff was marked as 'absent without leave' for the entire day.

42. Approximately one week later, a Caucasian employee named Paul Halverson simply left duty giving no explanation, with Defendant FIORENTINO's full knowledge and Mr. Halverson's pay was not docked and he was not marked 'absent without leave'.

43. From March, 2015 through August, 2015 Plaintiff made numerous requests, both verbally and in writing to Defendants FIORENTINO and BORODO, as well as through Plaintiff's union representatives, for an assignment to 'light duty' and for leave to obtain physical therapy per his doctor's orders in connection with the injuries Plaintiff sustained in his February, 2015 accident. All of these requests for medical leave were denied without any form of interactive dialogue.

44. Around March and April of 2015, Plaintiff worked approximately in excess of forty (40) hours, consisting of both straight time, overtime hours and holiday pay hours that were never paid by Defendants. Plaintiff made numerous complaints to his superiors regarding these unpaid hours he worked both directly and through his union representative. To date Plaintiff has still not been paid for these hours he worked.

45. Defendants never paid Plaintiff for these hours worked in retaliation for engaging in protected activities and Plaintiff's complaints about these unpaid hours formed the basis, *inter alia*, for further retaliatory adverse acts taken by Defendants against Plaintiff, as discussed herein.

46. In or around April 2015, Defendant FIORENTINO apparently unilaterally and completely unwarrantedly removed Plaintiff's seniority status without warning or notice. Defendant FIORENTINO told Plaintiff that he didn't have any seniority. This removal of Plaintiff's seniority was an unprecedented and shocking violation of the union contract and the applicable civil service law.

47. At all times material, Plaintiff had well over twenty years of experience, making him the most senior Communication Electrician of his group of seven FDNY Communication Electricians.

48. Defendant FIORENTINO retaliated against Plaintiff for filing the 2011 LAWSUIT against Defendants and discriminated against Plaintiff on the basis of his race and disability.

49. Around May, 2015 Plaintiff made another request to his direct supervisor, Miguel Correa, to

7

be granted leave so Plaintiff could obtain follow up medical treatment for the injuries sustained in his accident on around February 27, 2015. Mr. Correa was again given orders from Defendants FIORENTINO and/or BORODO that under no circumstances was Plaintiff to be granted any kind of leave.

50. Following orders from Defendants FIORENTINO and/or BORODO, Mr. Correa again reluctantly denied Plaintiff's request for medical leave.

51. On or about May 19, 2015, Plaintiff requested in writing that Defendants grant him a reasonable accommodation in the form of a transfer to work out of a location in Queens, which was closer to Plaintiff's physical therapist.

52. Defendants failed to provide Plaintiff with a reasonable accommodation by denying Plaintiff's request for a transfer to be closer to his physical therapist. Meanwhile, another employee without a disability was transferred upon request around the same time Plaintiff submitted his request.

53. Defendants discriminated against Plaintiff on the basis of his race and disability and retaliated against Plaintiff for the 2011 LAWSUIT.

54. Furthermore, when Plaintiff attempted to have an interactive dialogue with Defendant FIORENTINO regarding Plaintiff's reasonable accommodation request, Defendant FIORENTINO told Plaintiff "**YOU'RE DISABLED, WHAT DOES IT MATTER**?"

55. Defendants discriminated against Plaintiff on the basis of his race and disability and retaliated against Plaintiff for the 2011 LAWSUIT and for requesting a reasonable accommodation.

56. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

57. On or about May 27, 2015, Defendants unjustifiably gave Plaintiff a series of write–ups. Defendants denied Plaintiff's requests for a union representative to assist with addressing these inaccurate write-ups, forcing Plaintiff to sign the write-ups.

58. Defendants discriminated against Plaintiff on the basis of his race and disability and retaliated against Plaintiff for the 2011 LAWSUIT and for requesting a reasonable accommodation and for requesting medical leave.

59. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

60. On or about July 31, 2015, Plaintiff's immediate supervisor, Mr. Correa gave Plaintiff an accurate and positive performance evaluation that contradicted Defendants' retaliatory write-ups against Plaintiff.  Defendants reprimanded Mr. Correa for giving Plaintiff an accurate and positive performance evaluation that contradicted Defendants' write-ups.

61. On or about August 3, 2015, Defendant FIORENTINO, unjustifiably instructed Plaintiff's direct supervisor, Mr. Correa, in an email, copying Defendants MASTROPIETRO and BORODO, that Plaintiff was not to leave his Borough for any reason during work hours, this obviously included that Plaintiff was forbidden from leaving work even for medical reasons.

62. MASTROPIETRO and BORODO were fully aware of the discriminatory and retaliatory reason for this order from FIORENTINO to Correa, yet MASTROPIETRO and BORODO took no investigatory or remedial action, in fact, they willfully cosigned and participated in the discrimination and retaliation.

63. Defendants discriminated against Plaintiff on the basis of race and disability.

64. Defendants interfered with Plaintiff's right to medical leave.

65. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability and because Plaintiff requested medical leave.

66. Defendants retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability and because Plaintiff requested medical leave.

67. Defendants removed/deleted Plaintiff's accrued vacation time.  Plaintiff's supervisor and

9

management were unable to explain to Plaintiff why his accrued vacation time was removed/deleted.

68.  Defendants did not remove or delete any other Communication Electrician's accrued vacation time.

69.  Subsequently, Plaintiff was unjustifiably written up for taking time off when he was unaware that his accrued vacation time had been removed/deleted.

70.  Defendants discriminated against Plaintiff on the basis of race and disability and subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability and because Plaintiff requested medical leave.

71.  Around August, 2015 Plaintiff communicated to Defendants via messages to Defendant BORODO, FIORENTINO and through Plaintiff's union representatives requesting time off so that Plaintiff could attend physical therapy and to be put on 'light duty', as ordered by his doctor. Defendants yet again denied these requests.

72.  Around August, 2015 Plaintiff received notice via the husband of Defendant Mastropietro's personal secretary (who was also a FDNY electrician) that Defendant Mastropietro openly made statements indicating that Defendant Mastropietro was targeting Plaintiff for retaliation and "wants to fire" Plaintiff and that Plaintiff "should be careful."

73.  Because Defendants repeatedly denied Plaintiff's requests for light duty and for leave to attend physical therapy, his injuries were aggravated causing an internal hemorrhage and requiring urgent corrective surgery.

74.  On or about August 31, 2015 Plaintiff provided Defendants with a doctor's note stating Plaintiff was to undergo shoulder surgery on September 11, 2015 for the multiple injuries he

10

sustained and subsequently aggravated due to Defendants' refusal to grant the reasonable accommodations Plaintiff requested on numerous occasions.

75. Defendants failed to inform Plaintiff of his rights and eligibility to take Family and Medical Leave ("FMLA").

76. Plaintiff was eligible to take medical leave in accordance with the FMLA.

77. On or about September 14, 2015, Defendants unjustifiably terminated Plaintiff's medical insurance benefits and prevented the worker's compensation board from issuing payments to Plaintiff for the injuries he sustained while working for Defendants.

78. Such an unjustifiable termination of Plaintiff's medical insurance benefits at a time when he was in desperate need of medical treatment and a mere matter of days after he had undergone surgery was unprecedented and shocking.

79. After the surgery, Plaintiff requested a one-time 90-day leave grant provided to employees who have service of 10 years or longer. Even though Plaintiff met all of the criteria for this grant, Defendants denied the grant.

80. Defendants discriminated against Plaintiff on the basis of race and disability, subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability and because Plaintiff requested medical leave.

81. In or around November, 2015, Defendants denied Plaintiff's request to return to work on 'light duty'. Defendants have granted similarly situated employees 'light duty' positions.

82. Defendants again refused to provide Plaintiff with a reasonable accommodation and failed to inform Plaintiff of his rights and eligibility to take FMLA.

83. Plaintiff was eligible to take medical leave in accordance with the FMLA.

11

84. Defendants discriminated against Plaintiff on the basis of race and disability, subjected Plaintiff to a hostile work environment and retaliated against Plaintiff for the 2011 LAWSUIT against Defendants and requesting an accommodation for his disability and because Plaintiff requested medical leave.

85. Due to Defendants refusal to provide Plaintiff with a reasonable accommodation and in the face of unprecedented and unrelenting retaliation from Defendants, on or about February 29, 2016, Plaintiff was forced to apply for early disability retirement.

86. On or about October 7, 2016 Defendants wrongfully terminated Plaintiff for his absences and inability to the duties of his position for a one-year period; however this was merely pretextual because they never gave him the opportunity to work after his September 11, 2015 surgery with a reasonable accommodation or gave him the opportunity to take FMLA.

87. Defendants blatantly discriminated against Plaintiff on the basis of his disability.

88. Defendants subjected Plaintiff to a hostile work environment on the basis of his disability.

89. Defendants blatantly retaliated against Plaintiff on the basis of his disability and 2011 LAWSUIT and because Plaintiff requested medical leave.

90. Defendants subjected Plaintiff to an adverse employment action on the basis of his disability.

91. Throughout the period from February, 2015 through October, 2015 while Plaintiff was suffering from injuries sustained and aggravated on the job, and while Defendants routinely denied Plaintiff's reasonable requests for accommodations in the form of brief medical leaves of absence and light duty assignments, Defendants routinely granted such accommodations and similar medical leave to Caucasian employees and to employees who had not similarly engaged in the types of protected activities Plaintiff had engaged in dating back to his first 2011 lawsuit and/or the subsequent complaints about retaliation and unreasonable refusals of his numerous requests

12

for accommodations related to his injuries.

92. Throughout the period from February, 2015 through October, 2015 Plaintiff made numerous complaints to coworkers and supervisors, including Defendants FIORENTINO and BORODO regarding the unlawful retaliation Plaintiff was being subjected to. In fact it was widely known among coworkers and Plaintiff's direct supervisor, Mr. Correa that the actions being taken against Plaintiff were in retaliation for the protected activities he had engaged in.

93. As a result of Defendants' actions, Plaintiff felt extremely degraded, victimized, and emotionally distressed.

94. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

95. As a result of the acts and conduct complained of herein, Plaintiff suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

96. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

97. Plaintiff seeks reinstatement to his position with Defendants CITY and FDNY.

98. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

### AS A FIRST CAUSE OF ACTION
### FOR VIOLATIONS OF THE
### FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (AGAINST ALL DEFENDANTS)

99. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Amended Complaint as if set forth more fully herein.

100.     §2612 of the Family Medical Leave Act states in pertinent part:

(a) In general

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

101   77.  Defendants violated Plaintiff's FMLA rights by failing to provide him with appropriate

leave thereunder.

102 At all times material and as evidenced herein, Defendants were Plaintiff's employer.

103 78.  Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of

the FMLA.

104 79.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

14

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION AND INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
## (AGAINST ALL DEFENDANTS)

105 80.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth more fully herein.

106 81.  § 2615 of the FMLA states as follows:

Prohibited acts

(a) Interference with rights

(1) Exercise of rights
It shall be unlawful for any employer to interfere with, restrain, or deny the
exercise of or the attempt to exercise, any right provided under this    subchapter.

(2) Discrimination
It shall be unlawful for any employer to discharge or in any other
manner discriminate against any individual for opposing any practice        made
unlawful by this subchapter.

107 82.  Defendants unlawfully interfered, restrained, and denied Plaintiff's right to exercise and

attempt to exercise his rights under the above section.

108 83.  At all times material and as evidenced herein, FDNY was Plaintiff's employer.

109 84.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

110 85.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth more fully herein.

111 86.  New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory

15

practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

112 87. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his disability and race.

113 88. At all times material and as evidenced herein, FDNY was Plaintiff's employer.

114 89. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

115 90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

116 91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

117 92. New York State Executive Law § 296 (7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article".

118 93. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

119 94. At all times material and as evidenced herein, FDNY was Plaintiff's employer.

16

120 95.  Defendants violated the above and Plaintiff suffered numerous damages as a result.


## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

121 96.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth more fully herein.

122 97.  New York State Executive Law §296(6) further provides that "It shall be an unlawful

discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any

of the acts forbidden under this article, or to attempt to do so."

123 98.  Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling

and/or coercing the discriminatory behavior as stated herein.

124 99.  Defendants violated the above and Plaintiff suffered numerous damages as a result.


## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

125 100.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs

of this Complaint as if set forth more fully herein.

126 101. The Administrative Code of City of NY § 8-107 [1] provides that:

"It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent

thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

disability, marital status, sexual orientation or alienate or citizenship status of any person, to

17

refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

127 102. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's race and disability.

128 103. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

129 104. Defendants violated the above and Plaintiff suffered numerous damages as a result.

<b>AS A SIXTH CAUSE OF ACTION<br>FOR RETALIATION UNDER<br>THE NEW YORK CITY ADMINISTRATIVE CODE<br>(AGAINST ALL DEFENDANTS)</b>

130 105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

131 106. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the

18

commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter. The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, housing or a public accommodation or in a materially adverse change in the terms and conditions of employment, housing, or a public accommodation, provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

132  107. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

133  108. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

134  109. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth more fully herein.

135  110. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

136  111. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and

19

coercing the above discriminatory, unlawful and retaliatory conduct.

137 112. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

138 113. Plaintiff repeats and realleges each and every allegation made in the above paragraphs

of this Complaint as if set forth more fully herein.

139 114. The New York City Administrative Code Title 8, § 8-107(19), entitled Interference with

protected rights provides that "It shall be an unlawful discriminatory practice for any

person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate,

threaten or interfere with, any person in the exercise or enjoyment of, or on account of his

or her having aided or encouraged any other person in the exercise or enjoyment of, any

right granted or protected pursuant to this section."

140 115. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

141 116. Plaintiff repeats and realleges each and every allegation made in the above paragraphs

of this Amended Complaint as if set forth more fully herein.

142 117. The New York City Administrative Code Title 8, § 8-107(13) entitled Employer liability

for discriminatory conduct by employee, agent or independent contractor provides "An

20

employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

143 118. Defendants CITY and FDNY are liable for the discriminatory conduct of FIORENTINO, MASTROPIETRO, and BORODO.

144 119. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and reinstatement to his position, and for such other relief as the Court deems just and proper.

21

## JURY DEMAND

Plaintiffs request a jury trial on all issues to be tried.

Dated:   June 28, 2019
          New York, New York

*Respectfully submitted,*

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Claimant*

Seamus P. Barrett, Esq.
One Pennsylvania Plaza, Ste 4905
New York, New York 10119
(212) 587-0760