DEREK SMITH LAW GROUP, PLLC
1 Penn Plaza, 49th Floor
New York, NY 10119
(212) 587-0760
Seamus P. Barrett
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD PITRE,<br><br>　　　　　　*Plaintiff*,<br><br>　　　　v.<br>THE CITY OF NEW YORK,<br>FIRE DEPARTMENT OF THE CITY<br>OF NEW YORK,<br>JAN BORODO, individually,<br>and JOSEPH M. MASTROPIETRO,<br>individually,<br>　　　　　　*Defendants*. | Civil Action No. 18-cv-5950 (DC) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR SANCTIONS**

1

**PRELIMINARY STATEMENT**

Defendants' unfounded allegations of "fraud" and "bad faith" cannot withstand the sworn Declaration of Seamus P. Barrett and the attachments thereto which prove, beyond cavil, that Defendants were fully aware of Plaintiff's previous State court personal injury lawsuit for years, even before this lawsuit was filed, because *they participated* in that personal injury lawsuit, and that the claims and damages sought in that lawsuit are entirely distinct from the claims and damages sought in this lawsuit, which were initiated in an administrative complaint with the City Commissions On Human Rights in May 2016, and that Plaintiff did not fail and could not have failed to disclose the existence of the personal injury lawsuit. Furthermore, Defendant City has explicitly waived any right to an offset of the settlement in Mr. Pitre's personal injury lawsuit and the Law Department for the City of New York was aware of this when they led the Court to falsely believe that Mr. Pitre failed to disclose this personal injury lawsuit.

As detailed below and in the accompanying Declaration, Mr. Pitre and his counsel have pursued his colorable claims against his former employer in good faith and have never attempted any form of fraud or misconduct during this case. Plaintiff attempted no fraud, contrary to the false and misleading allegations of Defense counsel and the mistaken assumption of the Court based on the Law Department's deceptive version of events and failure to disclose that they were aware of Mr. Pitre's previous personal injury lawsuit all along. Conspicuously absent from Defendants' motion for sanctions is any detailed discussion of the facts that purportedly show Mr. Pitre attempted to perpetrate a fraud on the Court. That topic is glossed over in their brief likely because after this Court indicated that it intended to dismiss this case, Defense counsel discovered, as I did, that the City of New York participated in and was paid a significant sum of money from the settlement of the personal injury lawsuit. One of the documents submitted by Defense counsel in support of their motion for sanctions, is the stipulation of dismissal in that case, *which is signed by*

*the City of New York*.  (See Exhibit C attached to the Declaration of Desiree Alexander, Dkt. # 142-3).  Despite placing this document in the docket of this case, the City still has not explicitly acknowledged to this Court that they participated in that personal injury lawsuit.  Defendants' assertion that "Plaintiff sought to hold two different entities responsible for the same set of injuries" is categorically and demonstrably false.

This Court based its decision to dismiss Mr. Pitre's lawsuit on limited information by the Law Department, leading the Court to mistakenly conclude that Mr. Pitre intentionally failed to disclose the previous personal injury lawsuit, so that he could purportedly sue the City in this lawsuit for damages that he already recovered in the settlement of the personal injury lawsuit, which would be very troubling indeed, if true.  But that could not be farther from the truth. Mr. Pitre *did* disclose this lawsuit in discovery during his deposition and, even more galling is that the City was a participant in that previous lawsuit, but failed to disclose that participation when they brought it to the attention of the Court and claimed that Plaintiff was trying to perpetrate a fraud on the Court.

The claims and damages sought in the two lawsuits are not the same.  The personal injury lawsuit was based on the negligence of the owner of the property where Mr. Pitre slipped and fell while on duty as he exited a FDNY vehicle and sought recovery for pain and suffering and other harm from that injury that occurred on February 27, 2015.  This lawsuit seeks recovery for unlawful discrimination, retaliation and failure to accommodate Plaintiff's disability (from the injuries litigated in the personal injury lawsuit), leading to Plaintiff's forced early retirement, and a drastically reduced lifetime earning capacity and destroying his career.  To the extent that there is any overlap in such recovery, Plaintiff should have been afforded the opportunity to consider waiving any such claims for overlapping damages in this lawsuit, instead of having his whole case dismissed.  However, Defendants failed to raise the issue of offset of overlapping damages in their

Answer or at any other time before the 3rd day of trial. They were unquestionably aware of that lawsuit well before and during the pendency of this lawsuit, and this precluded Plaintiff from even considering any such waiver. Furthermore, even if the damages sought were the same (which they clearly are not) the City executed a waiver of any offset at the conclusion of Mr. Pitre's personal injury lawsuit. (See Barrett Decl. Exhibit 4)

The facts alleged in this lawsuit regarding Mr. Pire's fall and injuries, which precipitated the discrimination and failure to accommodate that is the basis for the claims in this lawsuit, are entirely consistent with the facts alleged in the personal injury lawsuit.  For example, the Third-Party Complaint, impleading the City as a third-party-Defendant in that case mentions the Fire Department vehicle Mr. Pitre was riding in immediately before he exited the vehicle and slipped and fell: "Immediately before arriving at the premises located to 1974 Amsterdam Ave, the plaintiff was a passenger in a vehicle owned, leased, operated, used, controlled and/or maintained by the City of New York…The plaintiffs injuries occurred as he exited the aforementioned vehicle…" *See Pitre v. Morningside Heights SN, LLC, et al* New York County Sup. Ct. Index No: 157588/2015, NYSCEF Doc. No. 11 pp. 7-8 ¶¶ 2, 6.  The docket of the personal injury lawsuit makes no mention of the subsequent discrimination and failure to accommodate, which form the basis of *this* lawsuit.

In light of these facts, the sanctions Defendants seek are plainly unwarranted.  The sanctions that Defendants demand apply only to cases of extreme and willful misconduct. Now that the full story has come to light showing that Mr. Pitre made no attempt to defraud the Court, and that the City's Law Department failed to disclose, and are now attempting to ignore that the City and its Law Department participated in Mr. Pitre's personal injury case, and were also in fact the workers' compensation claims administrator, who recouped a significant portion of Mr. Pitre's personal injury settlement,  it is clear that sanctions against Mr. Pitre and his counsel are not

4

warranted in this case, and that Mr. Pitre should get a new trial for his claims of discrimination, retaliation and failure to accommodate, to make Mr. Pitre whole for the career that was unfairly and unlawfully taken from him by the Defendants.

Accordingly, because the record in this case does not support the extreme sanctions Defendants seek, Plaintiff respectfully submits that the Court should deny Defendants' motion in its entirety. Mr. Pitre has been treated like a criminal in this civil case where he is the aggrieved party. He has falsely been accused of fraud and he is owed an apology from the Law Department and from the Court.

## FACTUAL BACKGROUND

The factual background in this case shows that Plaintiff and his counsel never willfully failed to disclose his previous personal injury lawsuit, that Defendants knew about and participated in the previous lawsuit, and that that the damages sought in both lawsuits are intended to redress distinct harms, from distinct violations of Mr. Pitre's rights and that Mr. Pitre and his counsel did not act in bad faith, and that it was Defendants who failed to raise this former lawsuit as a Defense until the 3rd day of trial after this matter had been litigated for years.

On February 27, 2015, while on duty working for the FDNY, Plaintiff slipped on ice as he was exiting a vehicle and severely injured his hand and shoulder.

The City of New York Law Department, Workers Compensation Division was the claims administrator for Mr. Pitre's workers' compensation claims, because the injuries occurred while Mr. Pitre was on duty.

On July 23, 2015 Plaintiff filed a personal injury lawsuit against the owner of the property where he was injured. The basis of this lawsuit was negligence for Mr. Pire's personal injuries.

That case is captioned: *Edward Pitre v. Morningside Heights Sn, Llc, J & F Meat Market*

*Corp.* with New York State Supreme Court for the County New York index no: 157588/2015.

The last day Defendants allowed Mr. Pitre to work on the job was in late August/early September 2015.

The discrimination, failure to accommodate and wrongful termination claims in this case had not yet accrued when he commenced his slip and fall negligence action in July of 2015.

On May 19, 2016, Mr. Pitre filed a complaint alleging race and disability discrimination, failure to accommodate and retaliation with the New York City Commission on Human Rights ("CCHR"). See S. Barrett Decl. Exhibit 1[1]. That complaint was given the case number M-E-RNOD-16-1034035-D. See Barrett Decl. Ex. 2

On August 16, 2016, Mr. Pitre, via counsel, requested that the CCHR dismiss his complaint for administrative convenience so that Mr. Pitre could pursue his claims in Federal court. See Barrett Decl. Ex. 2 p. 1.

On October 7, 2016 Mr. Pitre made a second request that the CCHR dismiss his complaint based on administrative convenience so that he could pursue his claims in Federal Court. See Barrett Decl. Ex. 2 p. 2.

On March 3, 2017, the defendants in the personal injury action filed a Third-Party Summons and Complaint in that action naming The City of New York, The Fire Department of New York City, and an employee of the City, Felix Garcia (Mr. Pitre's partner on the day of the accident) as Third-Party Defendants. *See Pitre v. Morningside Heights SN, LLC, et al* New York County Sup. Ct. Index No: 157588/2015, NYSCEF Doc. No. 11 pp. 7-8 ¶¶ 2, 6

---

[1] These are the same claims now being litigated in this lawsuit.

6

That Third Party Complaint states in part: "Immediately before arriving at the premises located at 1975 Amsterdam Avenue New York, New York, the plaintiff was a passenger in a vehicle owned, leased, operated, used, controlled and/or maintained by the City of New York, the Fire Department of New York City ...";

And continues in part: "The plaintiff's injuries occurred as he exited the aforementioned vehicle..." Id.

On June 29, 2017 the City of New York filed their Verified Third-Party Answer in the personal injury lawsuit. See Barrett Decl. Exhibit 3

On June 11, 2018 one of Mr. Pitre's personal injury attorneys, Neva Hoffmaier sent the settlement agreement and several attachments, including a partially executed copy of the stipulation of dismissal in that case to the attorneys for the defendants in that case, with a copy sent to Corporation Counsel for the City of New York, at 100 Church Street, New York, NY 10007, who are the same attorneys representing the Defendants in this lawsuit.

On June 12, 2018 The City of New York's Law Department consented to the settlement of the personal injury lawsuit, provided that the City "receives the sum of $20,619.67, in full satisfaction of" its workers compensation lien related to the medical and workers compensation payments it made in connection with Ed's on-duty injuries. See Seamus Barrett Decl. Exhibit 4.

In that June 12, 2018 letter, the City of New York explicitly "waives is right to an offset pursuant to pursuant to Section 29(4) Workers Compensation Law." Id.

On June 29, 2018, after obtaining a dismissal of his CCHR complaint based on administrative convenience in order to pursue his claims in Federal court, Mr. Pitre commenced this action by filing his Complaint. See Dkt. #1 in this matter, Plaintiff's Complaint

7

Plaintiff filed his Amended Complaint on June 28, 2019.  See. Dkt. #36

On December 30, 2019 Defendants filed their Answer, which raises no affirmative defense of offset from the personal injury lawsuit in which they also participated, and were paid from the settlement proceeds. See Dkt. #47; See also Barrett Decl. Ex. 4

On August 3 and 4, 2021, Mr. Pitre was deposed by Defendants, wherein he disclosed the personal injury lawsuit. See Barrett Decl. Exhibit 5  Subsequently, Defendants sought no further discovery regarding that lawsuit.

## ARGUMENT

### A.   Legal Standard

To impose sanctions under either section 1927 or the court's inherent authority, a district court must find clear evidence that "(1) the challenged claim [*17] was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purpose such as harassment or delay." *Schlaifer Nance & Co.*, 194 F.3d at 336; see also *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (same); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (explaining that the "only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both"). "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, **must be supported by a high degree of specificity in the factual findings**." *Appel v. Hayut*, 2022 U.S. Dist. LEXIS 13310, *16-17 (emphasis added) citing *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). Even where the standard is met, "[t]he Court has discretion to decide whether to impose sanctions under 28 U.S.C. § 1927 and its inherent authority." *Sorenson*, 170 F.

Supp. 3d at 634; see also *Arclightz & Films Pvt., Ltd. v. Video Palace, Inc.*, No. 01 Civ. 10135 (SAS), 2003 U.S. Dist. LEXIS 19086, 2003 WL 22434153, at *7 (S.D.N.Y. Oct. 24, 2003) (finding that "§ 1927 by its terms ('may be required') confides an award of fees against counsel to the Court's discretion").

The Court in *Appel* continued:

> "[A] claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Schlaifer Nance & Co.*, 194 F.3d at 337 (quotations omitted). The relevant [*18] inquiry is whether a reasonable attorney and a reasonable plaintiff "could have concluded that facts supporting the claim *might be established*, not whether such facts actually *had been established*." *Id.* (quotations omitted). An action is taken in bad faith when it is "motivated by improper purposes such as harassment or delay." *Id.* at 336. "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Oliveri*, 803 F.2d at 1272 (quotations omitted). While "[b]ad faith can be inferred when the actions taken are . . . completely without merit," *id.* at 338 (quotations omitted), the Second Circuit has declined to hold "that a frivolous position may be equated with an improper purpose" as "[s]uch a simple equation would turn the two-part standard into a one-part standard." *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 391 (2d Cir. 1985); *see also Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000) (reversing award of sanctions where "the Court's conclusory determination that [the plaintiff's] motion was filed in bad faith rested almost entirely on its lack of merit"). **The Second Circuit has "interpreted the bad faith standard restrictively . . . '[t]o ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims.'"** [*19] *Id.* at 396 (quoting *Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)).

*Appel v. Hayut*, 2022 U.S. Dist. LEXIS 13310, *17-19 (emphasis added)

Here, Defendants wholly fail to show any "clear evidence" that Plaintiff does not have a colorable claim, that his claims were "meritless", and that he acted for improper purposes.

### 1. There is no basis for the Dismissal of Plaintiff's Complaint With Prejudice

"Although they are independent bases for sanctions, '[s]anctions under … § 1927, and the Court's inherent power all require . . . clear and specific findings of bad faith.' *Parikh*, 508 B.R. at 597. Sanctions under those provisions and the court's inherent power are reserved for situations where

9

there is "clear evidence that '(1) the offending party's claims [*6] were entirely meritless and (2) the party acted for improper purposes.'" *Revson*, 221 F.3d at 79 (quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). Additionally, "[c]ourts in this circuit construe [28 U.S.C. § 1927] 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *Geltzer v. Man Kit Ng (In re Man Kit Ng)*, 2018 Bankr. LEXIS 2428, *5-6 citing *Romeo v. Sherry*, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting *Mone v. Comm'r*, 774 F.2d 570, 574 (2d Cir. 1985)).

As the Court has noted, dismissal is the most extreme sanction. However, when the Court made that decision, it was under the incorrect impression that Mr. Pitre had failed to disclose his personal injury lawsuit. It is now clear that it is impossible that Mr. Pitre could have attempted to conceal the personal injury lawsuit from the Defendants and the Law Department, because they were involved directly in that lawsuit. Dismissal is clearly not appropriate under these circumstances.

### 2. There is No Basis For an Award of Attorneys' Fees.

Defense counsel either intentionally mislead this Court to believe that Mr. Pitre "failed to disclose" his personal injury lawsuit, or (and more likely) through their own inadvertence and lack of diligence and poor record keeping and/or poor communication in their own law firm, the Law Department of the City of New York did not realize that Mr. Pitre could not have failed to disclose the personal injury lawsuit to the City, because they participated in it and benefitted from its settlement. (See Exhibit 4) Defendants should not be permitted to shift the cost of their intentional deception or inadvertence or lack of diligence on to Plaintiff or his counsel.

### B.  Defendants' Proffered Bases for Severe Sanctions Are Replete with Demonstrably False Statements.

In support of their request for severe sanctions, Defendants represent that:

(1) Plaintiff "sued two private entities...for the exact same injuries sustained and disability incurred as claimed in this action.";

(2) "Plaintiff initiated the instant lawsuit for the same exact injuries";

(3) That plaintiff initiated this lawsuit "mere weeks after settling and discontinuing [his personal injury case] on July 11, 2018.

First, as I attempted to argue in Court, claims for employment discrimination ARE NOT the same thing as suing someone for negligence in a slip and fall. Plaintiff did not initiate this action "mere weeks" after the settlement of his personal injury case, but filed his CCHR complaint on May 19, 2016, almost two years before his personal injury lawsuit settled. As noted above and demonstrated with his CCHR filing, Plaintiff had been pursuing the two claims simultaneously (see his CCHR complaint Exhibit 1) because they are completely different claims. The underlying facts, theories of liability and recovery are completely different. Defendants expect the Court to overlook this obvious and self-evident difference. The Court cannot do that.

As explained in detail above, Plaintiff has not attempted to engage in any fraud, and sued two different sets of defendants based on completely different theories of recovery arising from distinct and separate sets of events: (1) negligence for the injuries resulting from his slip and fall; contrasted with (2) discrimination, retaliation and failure to accommodate, based on the unlawful actions of his employer.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks that Defendants' Motion for Sanctions be denied. There was no intent to defraud the Court or to conceal the prior lawsuit. Also, there was no attempt to recover for damages previously asserted against the defendants in the prior personal injury lawsuit. Accordingly, Defendants' motion for sanctions should be denied.

11

.

Dated:
New York, New York
March 15, 2024

                                        Respectfully submitted,
                                        DEREK SMITH LAW GROUP, PLLC
                                        1 Penn Plaza, 49th FloorNew York, NY 10119
                                        (212) 587-0760
                                        ATTORNEYS FOR PLAINTIFF

                               By:      /s/ Seamus Barrett
                                           Seamus P. Barrett