18 CV 5950 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD PITRE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK,
FIRE DEPARTMENT OF THE CITY
OF NEW YORK, JAN BORODO, individually,
JOHN FIORENTINO individually, and
JOSEPH M. MASTROPIETRO, individually,

                              Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SANCTIONS AND ATTORNEYS' FEES AND COSTS

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room*
*New York, New York  10007*

*Of Counsel:  Lauren Silver*
               *Tel:(212)  356-2507*
              *Desiree Alexander*
              *Tel:(212) 356-3177*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... II

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

      POINT I ......................................................................................................................... 1

           Plaintiff's Previous Recovery in the State Case
           Makes Plaintiff's Federal Case Meritless. ................................................... 1

      POINT II ....................................................................................................................... 4

           Continued Defense of the Fraud on the Court is Bad
           Faith and Warrants Sanctions .................................................................... 4

CONCLUSION ........................................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Liebowitz v Bandshell Artist Mgt.*,
   6 F.4th 267 (2d Cir 2021) ..................................................................................................4

**PRELIMINARY STATEMENT**

Defendants respectfully submit this memorandum of law in further support of their motion for sanctions. Defendants established at trial that Plaintiff's federal lawsuit was meritless particularly since he sought to recover the exact same damages he had already recovered in a prior state lawsuit. Plaintiff's opposition papers only provide more evidence to support Defendants' request for sanctions in this case, because their continued defense of their attempted fraud on the Court is a perfect example of the type of bad faith that requires sanctions. This persistence, in the face of clear fraud, is bad faith and should be sanctioned.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S PREVIOUS RECOVERY IN THE STATE CASE MAKES PLAINTIFF'S FEDERAL CASE MERITLESS.**

Plaintiff, his counsel and firm are keenly aware of the fraud in this case. Indeed, Plaintiff acknowledges that to "sue the City in this lawsuit for damages that [Plaintiff] already recovered in the settlement of the personal injury lawsuit … would be very troubling indeed, if true." *See* Plaintiff's Memorandum of Law in Opposition ("Pl. Mem."), at 3, Dkt. 147. Yet, this is precisely what occurred in this case.

In a prior lawsuit, Plaintiff sued J&F Meat Market contending that they were solely responsible due to their negligence for the injuries he sustained on February 27, 2015, and resulting disability. Notwithstanding this, during the opening statement at trial in this action, Plaintiff's counsel claimed that Defendants bore sole responsibility not only for all of the very same injuries plaintiff sustained on February 27, 2015, but also for his resulting disability. Furthermore, Plaintiff's counsel argued that Defendants' alleged failure to accommodate Plaintiff had exacerbated his injuries. Subsequently, during cross-examination, Plaintiff wholeheartedly

adopted his counsel's theory, affirming in his testimony that his disability stemmed entirely from the actions of the Fire Department. *See* Defendant's Memorandum of Law in Support ("Def. Mem."), at 3-4, Dkt. 143.

Even after plaintiff's fraud was uncovered during trial and this Court summarily dismissed plaintiff's lawsuit against defendants herein, Plaintiff continues in bad faith to prevaricate and elide the evidence in an attempt to rationalize and distinguish the previous lawsuit, despite blatantly attempting to seek compensation from two distinct entities for the identical injuries. But, plaintiff's mischaracterizations regarding the distinctions between the damages sought in each lawsuit fail to negate the fraud.

As this Court explained in the Memorandum & Order ("M&O"), "[o]bviously, if the state court settlement compensated Pitre for lost income or other economic damages or pain and suffering in whole or in part, he would not be permitted to recover for the same injuries in this case, even though the two cases proceeded on different legal theories." *See* Dkt. 138 at 6 (internal citations omitted). As this Court pointedly noted, one injury gets compensated a single time, regardless of Plaintiff's satisfaction with that compensation. Plaintiff cannot continue to sue different defendants for the same injuries until suitable compensation is attained. Doing so, as Plaintiff did here, constitutes fraud. Thus, each of Plaintiff's arguments fail.

Moreover, despite Plaintiff's characterization in his opposition that the state court case "sought recovery for … harm that occurred *on February 27, 2015*," the evidence shows otherwise. Pl. Mem at 3 (emphasis added). In the prior state court action, Plaintiff asserted a lost earnings claim by declaring that "*in the future* [Plaintiff] will necessarily suffer additional loss of time and earnings from employment." *See* Alexander Decl., Exhibit 1 ¶45 (emphasis added). And in the Verified Bill of Particulars Plaintiff served in this litigation, he provided details of his

2

injuries and resulting *September 2015* surgery. *See* Declaration of Desiree Alexander in Support of Motion ("Alexander Decl."), Exhibit 3 ¶ 15, Dkt. 143 (emphasis added). Clearly the September surgery and the "future … loss of time and earnings from employment" claim occurred *after* February 27, 2015, despite Plaintiff's representation.

Plaintiff is also trying to mislead the Court by falsely stating in his opposition that in this action he had sought "recovery for [Defendant's alleged actions including] failure to accommodate Plaintiff's disability (from the injuries litigated in the personal injury lawsuit), leading to Plaintiff's forced early retirement, and a drastically reduced lifetime earning capacity and destroying his career.". *See* Pl. Mem. at 3.  First, Plaintiff did not limit his disability claim to the state court case; instead, he attempted to seek compensation for it in the federal case as well. Plaintiff's state complaint averred that "**solely**" due to the state defendants poor maintenance of the sidewalk, he became "lame and disabled." See Alexander Decl., Exhibit 1 ¶¶35. The Verified Bill of Particulars went on to provide details of his subsequent surgery. *See* Alexander Decl., Exhibit 2 ¶ 15. But on cross-examination in the instant action, Plaintiff testified that he is "disabled because of the fire department… because… [his] injuries got worse" while working at the Fire Department and "that's the reason he had to have surgery on his shoulder and wrist." *See* Alexander Decl., Exhibit D 563: 6-17. Based on the state court complaint, the state verified bill of particulars and the trial transcript, Plaintiff attempted to recover for the same injury, surgery, and disability from both the state court defendants and Defendants in this matter.

Second, the compelled early retirement and lost earnings represent a restatement of the precise economic damages pursued in the prior state court case. Plaintiff's settlement of the state court case compensated plaintiff for his claim that "in the future [he] will necessarily suffer additional loss of time and earnings from employment." *See* Alexander Decl., Exhibit 1 ¶45.

3

Plaintiff merely rephrases those damages here as "Plaintiff's forced early retirement, and a drastically reduced lifetime earning capacity and destroying his career." *See* Pl. Mem. at 3. These are the very same injuries plaintiff attributed to a single fall on February 27, 2015.  In other words, Plaintiff was already compensated in the state action and he cannot be compensated again.

Finally, Plaintiff's argument that the City of New York was a party to the state lawsuit is of no moment. The fraud exists regardless of whether the City learned of it. Plaintiff could have argued, in the federal case, that the Fire Department discriminated against him for his disability and race without blaming the Fire Department for his injuries and resulting disability. But Plaintiff chose otherwise.  Plaintiff's entire trial theory centered on the contention that Defendants caused his disability by failing to provide him a light-duty assignment and by prohibiting his attendance at physical therapy appointments. *See* Alexander Decl., Exhibit D 555:21-24; 475:24 - 476:1. Plaintiff cannot find different reasons to blame different defendants for the exact same injuries until he is compensated to his satisfaction. As such, the Defendant's motion for Sanctions should be granted.

### POINT II

### CONTINUED DEFENSE OF THE FRAUD ON THE COURT IS BAD FAITH AND WARRANTS SANCTIONS

Even when presented with clear and indisputable evidence of bad faith, conflicting evidence, and potential perjury, Plaintiff's counsel remained unwilling to concede, instead choosing to deflect, evade, and maintain a defensive stance. Once Plaintiff's counsel was made aware of the fraud, they should have withdrawn the action. *See Liebowitz v Bandshell Artist Mgt.*, 6 F.4th 267, 285 (2d Cir 2021) (finding ample evidence of bad faith where counsel was on notice of fraud but still pursued the complaint). Rather, Plaintiff's counsel attempted to overlook this

4

evidence and argued against clear and unequivocal signs of bad faith. This behavior persisted even after the Court granted a recess to allow Plaintiff's trial team, led by DSLG principal Mr. Smith, to confer with their client. During this recess, there was a pointed suggestion by the Court that they inquire with Plaintiff about withdrawing the action. *See* Alexander Decl., Exhibit D, at 565:16 - 566:11. Instead of heeding this suggestion, Plaintiff's counsel intensified their efforts to perpetuate the apparent fraud, seeking to justify and rationalize circumstances that were evident, contradictory, and, as the Court subsequently concluded, decisive in the interest of justice. Such conduct represents a gross departure from the expected standards of professionalism and ethics for counsel, amounting to deliberate bad faith and warranting appropriate sanctions.

Accordingly, sanctions should be imposed on plaintiff, his counsel, and DSLG by awarding defendants' costs, expenses, and attorneys' fees.

## CONCLUSION

For the reasons set forth above and in the moving memorandum, Defendants City of New York, Jan Borodo, and Joseph Mastropietro respectfully request that sanctions be imposed on plaintiff, his counsel at trial, and the Derek Smith Law Group, including, but not limited to the dismissal of this action with prejudice, the award of reasonable attorneys' fees, costs and expenses to Defendants, and any further relief as this Court may deem just and proper.

Dated:   New York, New York
         March _, 2024

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street
New York, N.Y. 10007
Tel.: (212) 356-2507/(212) 356-3177

By:   *Lauren Silver*   /s/

5

                Lauren Silver
                *Senior Counsel*

                *__Desiree Alexander__*   /s/
                Desiree Alexander
                *Senior Counsel*